APPEAL,TYPE–E

# U.S. District Court
## District of Columbia (Washington, DC)
## CIVIL DOCKET FOR CASE #: <u>1:13–cv–01215–TSC</u>

AMERICAN SOCIETY FOR TESTING AND MATERIALS et al v. PUBLIC.RESOURCE.ORG, INC.
Assigned to: Judge Tanya S. Chutkan
 Case:  1:14–cv–00857–TSC
 Case in other court:  17–07035
Cause: 17:501 Copyright Infringement

Date Filed: 08/06/2013
Jury Demand: Defendant
Nature of Suit: 820 Copyright
Jurisdiction: Federal Question

**Plaintiff**

| | | |
|---|---|---|
| **AMERICAN SOCIETY FOR TESTING AND MATERIALS** | represented by | **Jordana Sara Rubel** |

MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 739–5118
Fax: (202) 739–3001
Email: jrubel@morganlewis.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**J. Kevin Fee**
MORGAN, LEWIS & BOCKUS LLP
1111 Pennsylvania Avenue, N.W.
Washington, DC 20004
(202) 739–5353
Fax: (202) 239–3001
Email: jkfee@morganlewis.com
*ATTORNEY TO BE NOTICED*

**Michael Franck Clayton**
MORGAN, LEWIS & BOCKIUS LLP
1111 Pennsylvania Avenue, NW
Washington, DC 20004
(202) 739–5215
Fax: (202) 739–3001
Email: mclayton@morganlewis.com
*ATTORNEY TO BE NOTICED*

**Plaintiff**

| | | |
|---|---|---|
| **NATIONAL FIRE PROTECTION ASSOCIATION, INC.** | represented by | **J. Kevin Fee** |

(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Rose Leda Ehler**
MUNGER, TOLLES & OLSON LLP
560 Mission Street

27th Floor
San Francisco, CA 94105
415–512–4071
Fax: (415) 644–6971
Email: rose.ehler@mto.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anjan Choudhury**
MUNGER, TOLLES & OLSON LLP
350 South Grand Avenue
50th Floor
Los Angeles, CA 90071
(212) 683–9107
Fax: (213) 683–5107
Email: anjan.choudhury@mto.com
*ATTORNEY TO BE NOTICED*

**Jonathan H. Blavin**
MUNGER, TOLLES & OLSON LLP
560 Mission Street
27th Floor
San Francisco, CA 94105
Email: jonathan.blavin@mto.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kelly Klaus**
MUNGER, TOLLES & OLSON LLP
560 Mission Street
27th Floor
San Francisco, CA 94105
415–512–4000
Email: kelly.klaus@mto.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael J. Mongan**
MUNGER, TOLLES & OLSON LLP
560 Mission Street
27th Floor
San Francisco, CA 94105
Email: michael.mongan@mto.com
*TERMINATED: 07/18/2014*

**Nathan M. Rehn**
MUNGER, TOLLES & OLSON LLP
560 Mission Street
27th Floor
San Francisco, CA 94105
(415) 512–4000

Email: thane.rehn@mto.com
*TERMINATED: 06/30/2016*
*PRO HAC VICE*

**Michael Franck Clayton**
(See above for address)
*ATTORNEY TO BE NOTICED*

<u>Plaintiff</u>

**AMERICAN SOCIETY OF
HEATING, REFRIGERATING, AND
AIR–CONDITIONING ENGINEERS,
INC.**

represented by **Antonio E. Lewis**
KING & SPALDING, LLP
100 N Tryon Street
Suite 3900
Charlotte, NC 28202
Email: alewis@kslaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**J. Kevin Fee**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Jason Blake Cunningham**
KING & SPALDING, LLP
100 N Tryon Street
Suite 3900
Charlotte, NC 28202
415–318–1200
Email: bcunningham@kslaw.com
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Jeffrey Stuart Bucholtz**
KING & SPALDING, LLP
1700 Pennsylavania Avenue, NW
Washington, DC 20006–4706
(202) 626–2907
Fax: (202) 626–3737
Email: jbucholtz@kslaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Katherine E. Merk**
KING & SPALDING, LLP
101 Second Street
Suite 2300
San Francisco, CA 94105
(415) 318–1200
Email: kmerk@kslaw.com

*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Joseph R. Wetzel**
KING & SPALDING, LLP
101 2nd Street
Suite 2300
San Francisco, CA 94105
(415) 318–1200
Fax: (415) 318–1300
Email: jwetzel@kslaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Kenneth L. Steinthal**
KING & SPALDING, LLP
101 2nd Street
Suite 2300
San Francisco, CA 94105
(415) 318–1200
Fax: (415) 318–1300
Email: ksteinthal@kslaw.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael Andrew Zee**
U.S. DEPARTMENT OF JUSTICE
Civil Division
450 Golden Gate Avenue
Room 7–5395
San Francisco, CA 94102
(415) 436–6646
Fax: (415) 436–6632
Email: m.andrew.zee@usdoj.gov
*TERMINATED: 12/19/2014*
*PRO HAC VICE*

**Simeon Meir Schopf**
TD AMERITRADE
6740 Columbia Gateway Drive
#200
Columbia, MD 21046
(202) 626–2384
Fax: (202) 626–3737
Email: sschopf@kslaw.com
*TERMINATED: 01/29/2016*

**Michael Franck Clayton**
(See above for address)
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**PUBLIC.RESOURCE.ORG, INC.**                    represented by   **Andrew Phillip Bridges**
FENWICK & WEST, LLP
555 California Street
Suite 1200
San Francisco, CA 94104
(415) 875–2389
Email: abridges@fenwick.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mitchell L. Stoltz**
ELECTRONIC FRONTIER
FOUNDATION
815 Eddy Street
San Francisco, CA 94109
(415) 436–9333
Fax: (415) 436–9993
Email: mitch@eff.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Sebastian E. Kaplan**
FENWICK & WEST LLP
555 California Street
12th Floor
San Francisco, CA 94104
(415) 875–2300
*LEAD ATTORNEY*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Corynne McSherry**
ELECTRONIC FRONTIER
FOUNDATION
815 Eddy Street
San Francisco, CA 94109
(415) 436–9333
Fax: (415) 436–9993
Email: corynne@eff.org
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David Elliot Halperin**
1530 P Street, NW
Washington, DC 20005
(202) 905–3434
Email: davidhalperindc@gmail.com
*ATTORNEY TO BE NOTICED*

Kathleen Lu
FENWICK & WEST LLP
555 California Street
12th Floor
San Francisco, CA 94104
Email: klu@fenwick.com
*TERMINATED: 10/14/2016*
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Matthew B. Becker**
FENWICK & WEST LLP
801 California Street
Mountain View, CA 94041
(650) 335–7930
Email: mbecker@fenwick.com
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amicus**

**AMERICAN NATIONAL STANDARDS INSTITUTE, INC.**             represented by   **Bonnie Y. Hochman Rothell**
MORRIS, MANNING & MARTIN, LLP
1401 Eye Street, N.W.
Suite 600
Washington, DC 20005
(202) 408–5153
Fax: (202) 408–5146
Email: bhrothell@mmmlaw.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Gerald W. Griffin**
CARTER, LEDYARD & MILBURN LLP
2 Wall Street
New York, NY 10005
(212) 732–3200
Fax: (212) 732–3232
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Amicus**

**AMERICAN INSURANCE ASSOCIATION**
*American Insurance Association*             represented by   **Meegan F. Hollywood**
ROBINS KAPLAN LLP
399 Park Ave
Suite 3600
New York, NY 10022
212–980–7409
Fax: 212–980–7499
Email: MHollywood@RobinsKaplan.com
*PRO HAC VICE*

*ATTORNEY TO BE NOTICED*

**Amicus**

**SINA BAHRAM**                              represented by  **Jeffrey T. Pearlman**
                                                            MILLS LEGAL CLINIC AT STANFORD
                                                            LAW SCHOOL
                                                            559 Nathan Abbott Way.
                                                            Stanford, CA 94305
                                                            (650) 497–9443
                                                            Fax: (650) 723–4426
                                                            Email: jef@law.stanford.edu
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Amicus**

**INTERNATIONAL CODE COUNCIL,**             represented by  **Anthony A. Onorato**
**INC.**                                                    FISHER BROYLES, LLP
                                                            445 Park Avenue
                                                            9th Floor
                                                            New York, NY 10022
                                                            (202) 459–3599
                                                            Fax: (516) 706–9809
                                                            Email: tony.onorato@fisherbroyles.com
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

                                                            **Alan S. Wernick**
                                                            WERNICK & ASSOCIATES, LTD.
                                                            828 Sutton Drive
                                                            Suite 100
                                                            Northbrook, IL 60062
                                                            (847) 786–1005
                                                            Fax: (847) 412–9965
                                                            Email: alan@wernick.com
                                                            *PRO HAC VICE*
                                                            *ATTORNEY TO BE NOTICED*

**Amicus**

**PUBLIC KNOWLEDGE**                         represented by  **Charles Duan**
                                                            PUBLIC KNOWLEDGE
                                                            1818 N Street, NW
                                                            Suite 410
                                                            Washington, DC 20036
                                                            (202) 861–0020 x 119
                                                            Email: cduan@publicknowledge.org
                                                            *LEAD ATTORNEY*
                                                            *ATTORNEY TO BE NOTICED*

**Amicus**

                                             represented by

**KNOWLEGE ECOLOGY**
**INTERNATIONAL**

**Charles Duan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**AMERICAN LIBRARY**
**ASSOCIATION**

represented by **Charles Duan**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**LAW SCHOLARS**

represented by **Catherine R. Gellis**
P.O. Box 2477
Sausalito, CA 94966
(202) 642–2849
Email: cathy@cgcounsel.com
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Amicus**

**REPORTERS COMMITTEE FOR**
**FREEDOM OF THE PRESS**

represented by **Bruce D. Brown**
REPORTERS COMMITTEE FOR
FREEDOM OF THE PRESS
1156 15th St. NW
Suite 1250
Washington, DC 20005
(202) 795–9301
Fax: (202) 795–9310
Email: bbrown@rcfp.org
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Counter Claimant**

**PUBLIC.RESOURCE.ORG, INC.**

represented by **Andrew Phillip Bridges**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Mitchell L. Stoltz**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Corynne McSherry**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**David Elliot Halperin**

(See above for address)
*ATTORNEY TO BE NOTICED*

**Matthew B. Becker**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*


V.

**Counter Defendant**

**AMERICAN SOCIETY FOR**                represented by    **Jordana Sara Rubel**
**TESTING AND MATERIALS**                                 (See above for address)
                                                          *LEAD ATTORNEY*
                                                          *ATTORNEY TO BE NOTICED*

                                                          **J. Kevin Fee**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Michael Franck Clayton**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Counter Defendant**

**AMERICAN SOCIETY OF**                 represented by    **Jeffrey Stuart Bucholtz**
**HEATING, REFRIGERATING, AND**                           (See above for address)
**AIR–CONDITIONING ENGINEERS,**                           *LEAD ATTORNEY*
**INC.**                                                  *ATTORNEY TO BE NOTICED*

                                                          **Joseph R. Wetzel**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Kenneth L. Steinthal**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

                                                          **Simeon Meir Schopf**
                                                          (See above for address)
                                                          *TERMINATED: 01/29/2016*

                                                          **Michael Franck Clayton**
                                                          (See above for address)
                                                          *ATTORNEY TO BE NOTICED*

**Counter Defendant**

**NATIONAL FIRE PROTECTION**            represented by    **Rose Leda Ehler**
**ASSOCIATION, INC.**                                     (See above for address)
                                                          *LEAD ATTORNEY*

*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Anjan Choudhury**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Jonathan H. Blavin**
(See above for address)
*ATTORNEY TO BE NOTICED*

**Kelly Klaus**
(See above for address)
*PRO HAC VICE*
*ATTORNEY TO BE NOTICED*

**Michael J. Mongan**
(See above for address)
*TERMINATED: 07/18/2014*

**Nathan M. Rehn**
(See above for address)
*TERMINATED: 06/30/2016*
*PRO HAC VICE*

**Michael Franck Clayton**
(See above for address)
*ATTORNEY TO BE NOTICED*

| Date Filed | # | Page | Docket Text |
|---|---|---|---|
| 08/06/2013 | 1 | | COMPLAINT against PUBLIC.RESOURCE.ORG, INC. ( Filing fee $ 400 receipt number 0090–3425373) filed by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC.. (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Exhibit F, # 7 Exhibit Exhibit G, # 8 Exhibit Exhibit H, # 9 Exhibit Exhibit I, # 10 A0121 Form, # 11 Civil Cover Sheet Civil Cover Sheet, # 12 Summons Summons)(Clayton, Michael) (Entered: 08/06/2013) |
| 08/06/2013 | 2 | | Corporate Disclosure Statement by AMERICAN SOCIETY FOR TESTING AND MATERIALS. (Clayton, Michael) (Entered: 08/06/2013) |
| 08/06/2013 | 3 | | LCvR 7.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by NATIONAL FIRE PROTECTION ASSOCIATION, INC. (Choudhury, Anjan) (Entered: 08/06/2013) |
| 08/06/2013 | 4 | | NOTICE of Appearance by Jeffrey S. Bucholtz on behalf of AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC. (Bucholtz, Jeffrey) (Entered: 08/06/2013) |

| 08/06/2013 | 5 | Corporate Disclosure Statement by AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC.. (Bucholtz, Jeffrey) (Entered: 08/06/2013) |
|---|---|---|
| 08/06/2013 | 6 | NOTICE of Appearance by Anjan Choudhury on behalf of NATIONAL FIRE PROTECTION ASSOCIATION, INC. (Choudhury, Anjan) (Entered: 08/06/2013) |
| 08/06/2013 | | Case Assigned to Judge Emmet G. Sullivan. (sth, ) (Entered: 08/07/2013) |
| 08/07/2013 | | SUMMONS Not Issued as to PUBLIC.RESOURCE.ORG, INC. (sth, ) (Entered: 08/07/2013) |
| 08/07/2013 | 7 | REQUEST FOR SUMMONS TO ISSUE by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC. filed by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC..(Clayton, Michael) (Entered: 08/07/2013) |
| 08/07/2013 | 8 | Electronic Summons (1) Issued as to PUBLIC.RESOURCE.ORG, INC.. (Attachments: # 1 Summons)(sth, ) (Entered: 08/07/2013) |
| 08/08/2013 | 9 | RETURN OF SERVICE/AFFIDAVIT of Summons and Complaint Executed. PUBLIC.RESOURCE.ORG, INC. served on 8/7/2013, answer due 8/28/2013 (Clayton, Michael) (Entered: 08/08/2013) |
| 08/12/2013 | 10 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Joseph R. Wetzel, :Firm– King & Spalding LLP, :Address– 101 Second Street, Suite 2300, San Francisco, CA 94105. Phone No. – ( 415) 318–1200. Fax No. – (415) 318–1300 by AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC. (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Bucholtz, Jeffrey) (Entered: 08/12/2013) |
| 08/12/2013 | 11 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Kenneth L. Steinthal, :Firm– King & Spalding LLP, :Address– 101 Second Street, Suite 2300, San Francisco, CA 94105. Phone No. – (415) 318–1200. Fax No. – (415) 318–1300 by AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC. (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Bucholtz, Jeffrey) (Entered: 08/12/2013) |
| 08/13/2013 | | MINUTE ORDER granting 10 and 11 Motions for Admission Pro Hac Vice. Joseph R. Wetzel and Kenneth L. Steinthal are hereby admitted pro hac vice in this matter. Signed by Judge Emmet G. Sullivan on August 13, 2013. (lcegs4) (Entered: 08/13/2013) |
| 08/20/2013 | 12 | NOTICE of Appearance by Mitchell L. Stoltz on behalf of PUBLIC.RESOURCE.ORG, INC. (Stoltz, Mitchell) (Main Document 12 replaced on 8/21/2013) (jf, ). (Entered: 08/20/2013) |
| 08/20/2013 | 13 | STIPULATION *and [Proposed] Order on Defendant's Time to Respond to Complaint* by PUBLIC.RESOURCE.ORG, INC.. (Stoltz, Mitchell) (Entered: |

| | | |
|---|---|---|
| | | 08/20/2013) |
| 08/21/2013 | 14 | NOTICE of Appearance by David Elliot Halperin on behalf of PUBLIC.RESOURCE.ORG, INC. (Halperin, David) (Main Document 14 replaced on 8/22/2013) (jf, ). (Entered: 08/21/2013) |
| 08/21/2013 | | MINUTE ORDER. The Court will construe 13 Stipulation and Proposed Order on Defendant's Time to Respond to Complaint as a motion for extension of time to respond to the complaint and will GRANT the motion. Defendant shall respond to the complaint by no later than September 27, 2013. Signed by Judge Emmet G. Sullivan on August 21, 2013. (lcegs2) (Entered: 08/21/2013) |
| 08/21/2013 | | Set/Reset Deadlines: Defendant shall respond to the complaint due by 9/27/2013 (tcb) (Entered: 08/21/2013) |
| 08/28/2013 | 15 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Michael J. Mongan, :Firm– Munger, Tolles & Olson LLP, :Address– 560 Mission Street, 27th Floor, San Francisco, CA 94105. Phone No. – (415) 512– 4051. Fax No. – (415) 512–4077 by NATIONAL FIRE PROTECTION ASSOCIATION, INC. (Attachments: # 1 Declaration of Michael J. Mongan, # 2 Text of Proposed Order)(Choudhury, Anjan) (Entered: 08/28/2013) |
| 08/28/2013 | 16 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Jonathan H. Blavin, :Firm– Munger, Tolles & Olson LLP, :Address– 560 Mission Street, 27th Floor, San Francisco, CA 94105. Phone No. – 415–512–4011. Fax No. – 415–512–4077 by NATIONAL FIRE PROTECTION ASSOCIATION, INC. (Attachments: # 1 Declaration of Jonathan H. Blavin, # 2 Text of Proposed Order)(Choudhury, Anjan) (Entered: 08/28/2013) |
| 08/28/2013 | 17 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Kelly M. Klaus, :Firm– Munger, Tolles & Olson LLP, :Address– 560 Mission Street, 27th Floor, San Francisco, CA 94105. Phone No. – 415–512–4017. Fax No. – 415–512–4077 by NATIONAL FIRE PROTECTION ASSOCIATION, INC. (Attachments: # 1 Declaration of Kelly M, Klaus, # 2 Text of Proposed Order)(Choudhury, Anjan) (Entered: 08/28/2013) |
| 08/29/2013 | | MINUTE ORDER granting 15 motion to appear pro hac vice. Michael J. Mongan is hereby admitted pro hac vice in this action. Signed by Judge Emmet G. Sullivan on August 29, 2013. (lcegs1) (Entered: 08/29/2013) |
| 08/29/2013 | | MINUTE ORDER granting 16 motion to appear pro hac vice. Jonathan H. Blavin is hereby admitted pro hac vice in this action. Signed by Judge Emmet G. Sullivan on August 29, 2013. (lcegs1) (Entered: 08/29/2013) |
| 08/29/2013 | | MINUTE ORDER granting 17 motion to appear pro hac vice. Kelly M. Klause is hereby admitted pro hac vice in this action. Signed by Judge Emmet G. Sullivan on August 29, 2013. (lcegs1) (Entered: 08/29/2013) |
| 09/16/2013 | 18 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Corynne McSherry, :Firm– Electronic Frontier Foundation, :Address– 815 Eddy Street, San Francisco, CA 94109. Phone No. – 415–436–9333. Fax No. – 415–436–9993 by PUBLIC.RESOURCE.ORG, INC. (Attachments: # 1 Declaration of Corynne McSherry, # 2 Text of Proposed Order)(Stoltz, Mitchell) (Entered: 09/16/2013) |
| 09/23/2013 | | |

| | | |
|---|---|---|
| | | MINUTE ORDER granting 18 Corynne McSherry's motion for leave to appear pro hac vice in this matter. Signed by Judge Emmet G. Sullivan on September 23, 2013. (lcegs4) (Entered: 09/23/2013) |
| 09/24/2013 | 19 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Kathleen Lu, :Firm– Fenwick & West LLP, :Address– 555 California St., 12th Floor, San Francisco, CA 94104. Phone No. – 415.875.2300. Fax No. – 415.281.1350 by PUBLIC.RESOURCE.ORG, INC. (Attachments: # 1 Affidavit of Kathleen Lu, # 2 Text of Proposed Order)(Stoltz, Mitchell) (Entered: 09/24/2013) |
| 09/24/2013 | 20 | NOTICE of Appearance by Andrew Phillip Bridges on behalf of PUBLIC.RESOURCE.ORG, INC. (Bridges, Andrew) (Entered: 09/24/2013) |
| 09/27/2013 | 21 | *Public.Resource.Org, Inc.'s* ANSWER to Complaint with Jury Demand *for Injunctive Relief*, COUNTERCLAIM *for Declaratory Relief* against All Plaintiffs by PUBLIC.RESOURCE.ORG, INC.. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Exhibit E)(Bridges, Andrew) (Entered: 09/27/2013) |
| 09/27/2013 | 22 | Corporate Disclosure Statement by PUBLIC.RESOURCE.ORG, INC.. (Bridges, Andrew) (Entered: 09/27/2013) |
| 09/30/2013 | | MINUTE ORDER granting 19 motion to admit Kathleen Lu pro hac vice in this matter. Signed by Judge Emmet G. Sullivan on September 30, 2013. (lcegs4) (Entered: 09/30/2013) |
| 10/15/2013 | 23 | STIPULATION re 21 Answer to Complaint, COUNTERCLAIM,, *and [Proposed] Order* by AMERICAN SOCIETY FOR TESTING AND MATERIALS. (Fee, J.) (Entered: 10/15/2013) |
| 10/16/2013 | 24 | NOTICE of Appearance by J. Kevin Fee on behalf of AMERICAN SOCIETY FOR TESTING AND MATERIALS (Fee, J.) (Entered: 10/16/2013) |
| 10/17/2013 | | MINUTE ORDER. The Court has received 23 the parties' Stipulation, which requests that the Court extend the deadline for plaintiffs to respond to defendant's counterclaim and set a briefing schedule for any oppositions and replies to any motions that may be filed in response to defendant's counterclaim. It is hereby ORDERED that plaintiffs' responses to defendant's counterclaim shall be filed by no later than November 20, 2013. If any plaintiff files a motion in response to defendant's counterclaim, defendant's opposition to that motion shall be filed by no later than December 18, 2013, and plaintiffs shall file any reply in further support of the motion by no later than January 15, 2014. Signed by Judge Emmet G. Sullivan on October 17, 2013. (lcegs2) (Entered: 10/17/2013) |
| 10/18/2013 | | Set/Reset Deadlines: Plaintiff's Response to Defendant's Counterclaim due by 11/20/2013. Defendant's Opposition to Plaintiff's Motion due by 12/18/2013. Plaintiff's Reply in Support of Motion due by 1/15/2014. (mac) (Entered: 10/18/2013) |
| 11/20/2013 | 25 | ANSWER to 21 Answer to Complaint, COUNTERCLAIM,, by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC.. Related document: 21 Answer to Complaint, COUNTERCLAIM,, filed by |

PUBLIC.RESOURCE.ORG, INC..(Clayton, Michael) (Entered: 11/20/2013)

| 11/20/2013 | 26 | Counter Defendant The American Society of Heating, Refrigerating, and Air–Conditioning Engineers, Inc.'s ANSWER to 21 Answer to Complaint, COUNTERCLAIM,, of Public.Resource.Org, Inc. for Declaratory Judgment by AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC.. Related document: 21 Answer to Complaint, COUNTERCLAIM,, filed by PUBLIC.RESOURCE.ORG, INC..(Steinthal, Kenneth) (Entered: 11/20/2013) |
|---|---|---|
| 11/20/2013 | 27 | ANSWER to 21 Answer to Complaint, COUNTERCLAIM,, by NATIONAL FIRE PROTECTION ASSOCIATION, INC.. Related document: 21 Answer to Complaint, COUNTERCLAIM,, filed by PUBLIC.RESOURCE.ORG, INC..(Choudhury, Anjan) (Entered: 11/20/2013) |
| 11/22/2013 | 28 | ORDER FOR MEET AND CONFER REPORT. Attorney Meet and Confer Conference due by 12/16/2013. Meet & Confer Statement due by 12/30/2013. Signed by Judge Emmet G. Sullivan on 11/22/2013. (mac) (Entered: 11/22/2013) |
| 12/30/2013 | 29 | MEET AND CONFER STATEMENT. (Fee, J.) (Entered: 12/30/2013) |
| 12/31/2013 | 30 | SCHEDULING ORDER. The parties are directed to read this Order in its entirety upon receipt. The Court will hold a status hearing in this case on April 30, 2015 at 11:00 a.m. in Courtroom 24A. Signed by Judge Emmet G. Sullivan on December 31, 2013. (lcegs2) (Entered: 12/31/2013) |
| 01/06/2014 | | Set/Reset Deadlines/Hearings: Initial Disclosure due by 1/17/2014. Amended Pleadings due by 3/14/2014. Fact Discovery due by 10/3/2014. Expert Disclosures ( Rule 26a2) due by 12/2/2014. Opening Expert Disclosures ( Rule 26a2) due by 1/16/2015. Replies to Rebuttal Disclosures due by 3/2/2015. Reply Expert Disclosures due by 3/16/2015. Expert Discovery due by 4/16/2015. Status Report due by 11/3/2014. Status Conference set for 4/30/2015 11:00 AM in Courtroom 24A before Judge Emmet G. Sullivan. Joint Recommendation due by 4/23/2015. (mac) (Entered: 01/06/2014) |
| 06/11/2014 | | Case reassigned to Judge Tanya S. Chutkan. Judge Emmet G. Sullivan no longer assigned to the case. (ztnr, ) (Entered: 06/11/2014) |
| 07/07/2014 | 31 | MOTION for Order of Protection by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC. (Attachments: # 1 Exhibit A – Proposed Order, # 2 Exhibit B – Declaration of Jordana Rubel, # 3 Exhibit B – Declaration Exh. 1, # 4 Exhibit B – Declaration Exh. 2, # 5 Exhibit B – Declaration Exh. 3, # 6 Exhibit B – Declaration Exh. 4, # 7 Exhibit B – Declaration Exh. 5, # 8 Exhibit B – Declaration Exh. 6, # 9 Exhibit B – Declaration Exh. 7, # 10 Exhibit B – Declaration Exh. 8, # 11 Exhibit B – Declaration Exh. 9, # 12 Exhibit B – Declaration Exh. 10, # 13 Exhibit B – Declaration Exh. 11, # 14 Exhibit B – Declaration Exh. 12, # 15 Exhibit B – Declaration Exh. 13, # 16 Exhibit B – Declaration Exh. 14, # 17 Exhibit B – Declaration Exh. 15, # 18 Exhibit B – Declaration Exh. 16, # 19 Exhibit B – Declaration Exh. 17, # 20 Exhibit B – Declaration Exh. 18, # 21 Exhibit B – Declaration Exh. 19, # 22 Exhibit B – Declaration Exh. 20, # 23 Exhibit B – Declaration Exh. 21, # 24 Exhibit B – Declaration Exh. 22, # 25 |

| | | | |
|---|---|---|---|
| | | | Exhibit B – Declaration Exh. 23, # 26 Exhibit B – Declaration Exh. 24, # 27 Exhibit C)(Fee, J.) (Entered: 07/07/2014) |
| 07/18/2014 | 32 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to NATIONAL FIRE PROTECTION ASSOCIATION, INC.. Attorney Michael J. Mongan terminated. (Choudhury, Anjan) (Entered: 07/18/2014) |
| 07/24/2014 | 33 | | RESPONSE re 31 MOTION for Order *of Protection* filed by PUBLIC.RESOURCE.ORG, INC.. (Attachments: # 1 Text of Proposed Order (Exhibit A), # 2 Declaration of Andrew P. Bridges (Exhibit B), # 3 Exhibit B–1, # 4 Exhibit B–2, # 5 Exhibit B–3, # 6 Declaration of Carl Malamud (Exhibit C))(Bridges, Andrew) (Entered: 07/24/2014) |
| 08/08/2014 | 34 | | MOTION to Strike 21 Answer to Complaint, COUNTERCLAIM,, *Jury Demand Only and Request for Oral Argument* by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC. (Fee, J.). Added MOTION for Oral Argument on 8/11/2014 (td, ). (Entered: 08/08/2014) |
| 08/13/2014 | 35 | | Consent MOTION to File Reply Brief out of Time re 33 Response to motion, by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC. (Attachments: # 1 Exhibit Plaintiffs' Reply in Support of Motion for Protective Order, # 2 Text of Proposed Order)(Fee, J.) (Entered: 08/13/2014) |
| 08/14/2014 | | | MINUTE ORDER: Granting Plaintiffs' 35 Consent Motion to File Reply Brief out of time. Plaintiffs shall refile the brief as a separate document. Signed by Judge Tanya S. Chutkan on 8/14/14. (djs) (Entered: 08/14/2014) |
| 08/15/2014 | 36 | | REPLY to opposition to motion re 31 MOTION for Order *of Protection* filed by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC.. (Fee, J.) (Entered: 08/15/2014) |
| 08/15/2014 | 37 | | Consent MOTION for Extension of Time to Complete Discovery *and Case Schedule* by PUBLIC.RESOURCE.ORG, INC. (Attachments: # 1 Text of Proposed Order Granting Defendant's Consent Motion to Extend Discovery and Case Schedule)(Bridges, Andrew) (Entered: 08/15/2014) |
| 08/20/2014 | | | MINUTE ORDER: A Hearing is hereby set for 9/16/14, 2014 at 1:30 p.m. in Courtroom 2 on Plaintiff's 31 Motion for a Protective Order and the parties' 37 Consent Motion for Extension of Time to Complete Discovery and Case Schedule. If the parties or their counsel are unable to attend in person, they may attend by phone. Any persons attending via telephone shall JOINTLY telephone chambers at 202–354–3390 shortly before the hearing begins. All persons on the joint telephone call must call from a landline, rather than a cell phone. Motion Hearing set for 9/16/2014 01:30 PM in Courtroom 2 before Judge Tanya S. Chutkan. Signed by Judge Tanya S. Chutkan on 8/20/14. (DJS) Motion Hearing set for 9/16/2014 01:30 PM in Courtroom 2 before Judge Tanya S. Chutkan. Pre–motion Conference set for 9/16/2014 01:30 PM in Courtroom 2 before Judge Tanya S. Chutkan.. Signed by Judge Tanya S. |

15

| | | | |
|---|---|---|---|
| | | | Chutkan on 8/20/14. (DJS, ) (Entered: 08/20/2014) |
| 08/25/2014 | 38 | | Memorandum in opposition to re 34 MOTION to Strike 21 Answer to Complaint, COUNTERCLAIM,, *Jury Demand Only and Request for Oral Argument* filed by PUBLIC.RESOURCE.ORG, INC.. (Attachments: # 1 Text of Proposed Order)(Stoltz, Mitchell) (Entered: 08/25/2014) |
| 09/05/2014 | 39 | | REPLY to opposition to motion re 34 MOTION to Strike 21 Answer to Complaint, COUNTERCLAIM,, *Jury Demand Only and Request for Oral Argument* filed by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC.. (Clayton, Michael) (Entered: 09/05/2014) |
| 09/10/2014 | 40 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Nahtan M. Rehn, :Firm– Munger, Tolles & Olson LLP, :Address– 560 Mission Street, 27th Floor, San Francisco, CA 94105. Phone No. – (415) 512–4000. Fax No. – (415) 512–4077 Filing fee $ 100, receipt number 0090–3835256. Fee Status: Fee Paid. by NATIONAL FIRE PROTECTION ASSOCIATION, INC. (Attachments: # 1 Declaration of Nathan Rehn ISO, # 2 Text of Proposed Order)(Choudhury, Anjan) (Entered: 09/10/2014) |
| 09/15/2014 | 41 | | MOTION to Compel *Discovery* by PUBLIC.RESOURCE.ORG, INC. (Attachments: # 1 Text of Proposed Order Granting Defendant's Motion to Compel Discovery (Exhibit A), # 2 Declaration of Kathleen Lu in Support of Defendant's Motion to Compel (Exhibit B), # 3 Exhibit 1 to Decl of Kathleen Lu, # 4 Exhibit 2 to Decl of Kathleen Lu, # 5 Exhibit 3 to Decl of Kathleen Lu, # 6 Exhibit 4 to Decl of Kathleen Lu, # 7 Exhibit 5 to Decl of Kathleen Lu, # 8 Exhibit 6 to Decl of Kathleen Lu, # 9 Exhibit 7 to Decl of Kathleen Lu, # 10 Exhibit 8 to Decl of Kathleen Lu, # 11 Exhibit 9 to Decl of Kathleen Lu, # 12 Exhibit 10 to Decl of Kathleen Lu, # 13 Exhibit 11 to Decl of Kathleen Lu, # 14 Exhibit 12 to Decl of Kathleen Lu, # 15 Exhibit 13 to Decl of Kathleen Lu, # 16 Exhibit 14 to Decl of Kathleen Lu, # 17 Exhibit 15 to Decl of Kathleen Lu)(Bridges, Andrew) (Entered: 09/15/2014) |
| 09/16/2014 | | | Minute Entry for proceedings held before Judge Tanya S. Chutkan: Motion Hearing held on 9/16/2014 re 31 MOTION for Order *of Protection* filed by NATIONAL FIRE PROTECTION ASSOCIATION, INC., AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC. Protective order conditions revised for reasons stated on the record. Revised protective order to be submitted to the court for approval. Case to be referred to a Magistrate Judge for discovery disputes. Order to follow. (Court Reporter:William Zaremba.) (tj ) (Entered: 09/16/2014) |
| 09/17/2014 | | | MINUTE ORDER: Granting 37 Consent Motion to Extend Discovery and Case Schedule. Set/Reset Deadlines/Hearings: Fact Discovery due by 12/5/2014. Status Report due by 1/5/2015. Expert Disclosures due by 2/2/2015. Opposition Expert Disclosures due by 3/16/2015. Rebuttal Expert Disclosures due by 5/4/2015. Reply Expert Disclosures due by 5/18/2015. Expert Discovery due by 6/16/2015. Status Report and Joint Recommendation due by 6/23/2015. Status Conference set for 6/30/2015 at 10:30 AM in Courtroom 2 before Judge Tanya S. Chutkan. Signed by Judge Tanya S. |

| | | |
|---|---|---|
| | | Chutkan on 09/17/2014. (lctsc2) (Entered: 09/17/2014) |
| 09/17/2014 | | MINUTE ORDER: Granting in part and denying in part 31 Plaintiffs' Motion for Order of Protection for the reasons stated on the record at the hearing held September 16, 2014. The parties shall file a revised protective order consistent with the Court's rulings by September 22, 2014. The parties are also instructed to e–mail Chambers the proposed protective order in Word format.. Signed by Judge Tanya S. Chutkan on 09/17/2014. (lctsc2) (Entered: 09/17/2014) |
| 09/17/2014 | | MINUTE ORDER: Granting 40 Motion for Leave to Appear Pro Hac Vice. Attorney NATHAN M. REHN is hereby admitted pro hac vice to appear in this matter on behalf of plaintiff National Fire Protection Association, Inc. Signed by Judge Tanya S. Chutkan on 9/17/14. (DJS) (Entered: 09/17/2014) |
| 09/17/2014 | 42 | Consent MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Michael Andrew Zee, :Firm– King & Spalding LLP, :Address– 101 Second Street, Suite 2300, San Francisco, CA 94105. Phone No. – (415) 318–1222. Fax No. – (415) 318–1300 Filing fee $ 100, receipt number 0090–3842463. Fee Status: Fee Paid. by AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC. (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Bucholtz, Jeffrey) (Entered: 09/17/2014) |
| 09/18/2014 | | MINUTE ORDER: Granting 42 Motion for Leave to Appear Pro Hac Vice. Attorney Michael Andrew Zee is hereby admitted pro hac vice to appear in this matter on behalf of plaintiff American Society of Heating, Refrigerating, and Air–Conditioning Engineers, Inc. Signed by Judge Tanya S. Chutkan on 9/18/14. (DJS) (Entered: 09/18/2014) |
| 09/22/2014 | 43 | STIPULATION re Order on Motion for Order, *Proposed Protective Order* by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC.. (Fee, J.) (Entered: 09/22/2014) |
| 09/23/2014 | 44 | STIPULATION AND ORDER: Entering the stipulated 43 Protective Order submitted by the parties. Signed by Judge Tanya S. Chutkan on 09/23/2014. (lctsc2) (Entered: 09/23/2014) |
| 09/23/2014 | | ORDER OF REFERRAL: The Court has determined that this action should be referred to a magistrate judge for all issues *related to discovery*, including the Defendant's pending Motion to Compel (ECF No. 41). The parties are reminded, pursuant to LCvR 73.1, that this action may be referred for all purposes, including trial, upon the filing of an executed notice of consent by all parties. Consent of the District Court Judge is not necessary. Accordingly, it is hereby ORDERED that this action is referred to a magistrate judge for discovery only, beginning immediately; the magistrate judge will be randomly assigned by the Clerk's Office; and it is FURTHER ORDERED that any future filings related to discovery in this action shall have the initials of Judge Tanya Chutkan and the magistrate judge following the case number in the caption. Signed by Judge Tanya S. Chutkan on 09/23/2014. (lctsc2) (Entered: 09/23/2014) |
| 09/23/2014 | 45 | CASE Randomly REFERRED to Magistrate Judge Deborah A. Robinson for all discovery. (kb) (Entered: 09/25/2014) |

| Date | No. | |
|---|---|---|
| 09/26/2014 | | Set/Reset Hearings: Motion Hearing on 41 Defendant's Motion to Compel set for 10/13/2014 at 03:00 PM in Courtroom 4 before Magistrate Judge Deborah A. Robinson. (lcdar2) (Entered: 09/26/2014) |
| 09/29/2014 | | MINUTE ORDER: It is hereby ORDERED that the motion hearing is rescheduled for 3:00 PM on Tuesday 10/14/2014. The hearing was mistakenly scheduled on a holiday. Set/Reset Hearings: Motion Hearing set for 10/14/2014 at 03:00 PM in Courtroom 4 before Magistrate Judge Deborah A. Robinson. Signed by Magistrate Judge Deborah A. Robinson on September 29, 2014. (SRH) (Entered: 09/29/2014) |
| 10/02/2014 | 46 | Memorandum in opposition to re 41 MOTION to Compel *Discovery Plaintiff National Fire Protection Association, Inc.'s Opposition to Motion to Compel Discovery* filed by NATIONAL FIRE PROTECTION ASSOCIATION, INC.. (Attachments: # 1 Declaration of Christian Dubay In Support of, # 2 Declaration Dennis Berry In Support of)(Klaus, Kelly) (Entered: 10/02/2014) |
| 10/02/2014 | 47 | Memorandum in opposition to re 41 MOTION to Compel *Discovery* filed by AMERICAN SOCIETY FOR TESTING AND MATERIALS. (Attachments: # 1 Exhibit Ex. A Declaration of Jordana Rubel in Support of Plaintiff's Opposition to Defendant's Motion to Compel Discovery, # 2 Exhibit Ex. B Declaration of Norma Jane Hair in Support of Plaintiff's Opposition to Defendant's Motion to Compel Discovery)(Fee, J.) (Entered: 10/02/2014) |
| 10/02/2014 | 48 | Memorandum in opposition to re 41 MOTION to Compel *Discovery* filed by AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC.. (Attachments: # 1 Declaration of M. Andrew Zee, # 2 Exhibit 1, # 3 Exhibit 2, # 4 Declaration of Claire Ramspeck)(Steinthal, Kenneth) (Entered: 10/02/2014) |
| 10/09/2014 | 49 | Unopposed MOTION for Leave to Appear TELEPHONICALLY *AT OCTOBER 14, 2014 HEARING* by AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC. (Attachments: # 1 Text of Proposed Order)(Steinthal, Kenneth) (Entered: 10/09/2014) |
| 10/10/2014 | | MINUTE ORDER granting 49 Plaintiff–Counterdefendant American Society of Heating, Refrigerating, and Air–Conditioning Engineers, Inc.'s Unopposed Motion for Leave to Appear by Telephone. Signed by Magistrate Judge Deborah A. Robinson on October 10, 2014. (SRH) (Entered: 10/10/2014) |
| 10/10/2014 | 50 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Matthew B. Becker, :Firm– Fenwick & West LLP, :Address– 801 California Street, Mountain View, California 94041. Phone No. – (650) 335–7930. Fax No. – (650) 938–5200 Filing fee $ 100, receipt number 0090–3869285. Fee Status: Fee Paid. by PUBLIC.RESOURCE.ORG, INC. (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Stoltz, Mitchell) (Entered: 10/10/2014) |
| 10/11/2014 | | MINUTE ORDER: Granting 50 Motion for Leave to Appear Pro Hac Vice. Attorney Matthew B. Becker is hereby admitted pro hac vice to appear in this matter on behalf of defendant Public.Resource.Org, Inc. Signed by Judge Tanya S. Chutkan on 10/11/14. (DJS ) (Entered: 10/11/2014) |
| 10/13/2014 | 51 | REPLY to opposition to motion re 41 MOTION to Compel *Discovery* filed by PUBLIC.RESOURCE.ORG, INC.. (Attachments: # 1 Declaration of Andrew |

| | | |
|---|---|---|
| | | P. Bridges in Support of Defendant's Reply re Motion to Compel Discovery, # 2 Exhibit 1 to Declaration of Andrew Bridges, # 3 Errata 2 to Declaration of Andrew Bridges)(Bridges, Andrew) (Entered: 10/13/2014) |
| 10/14/2014 | 52 | NOTICE of Appearance by Jordana Sara Rubel on behalf of AMERICAN SOCIETY FOR TESTING AND MATERIALS, (ztnr, ) (Entered: 10/14/2014) |
| 10/14/2014 | | MINUTE ORDER: The hearing on Defendant Public.Resource.Org, Inc.'s Motion to Compel Discovery (Document No. 41), which was scheduled for 3:00 p.m. on this date, is, after consultation with counsel for the parties, continued to 3:00 p.m. on Wednesday, October 15, 2014. The court apologizes to counsel and the parties for the inconvenience this continuance has caused. Counsel are encouraged to use the intervening period to meet and confer in an effort to narrow the discovery disputes which are the subject of the motion. Set/Reset Hearings: Motion Hearing set for 10/15/2014 at 03:00 PM in Courtroom 4 before Magistrate Judge Deborah A. Robinson. Signed by Magistrate Judge Deborah A. Robinson on October 14, 2014. (SRH) (Entered: 10/14/2014) |
| 10/15/2014 | | Minute Entry for proceedings held before Magistrate Judge Deborah A. Robinson: Motion Hearing held on 10/15/2014 re 41 MOTION to Compel *Discovery* filed by PUBLIC.RESOURCE.ORG, INC. The court heard preliminary arguments of counsel regarding the status of the Motion. The court directed counsel and the parties to continue to meet and confer in an effort to resolve disputes. The court scheduled a Further Motion Hearing set for 10/28/2014 03:00 PM in Courtroom 4 before Magistrate Judge Deborah A. Robinson. (Court Reporter Bowles Reporting Services)(FTR Time Frame: 3:17:30 – 3:47:06, Crtrm 4). (zcmm, ) (Entered: 10/15/2014) |
| 10/24/2014 | 53 | Unopposed MOTION for Leave to Appear *Telephonicaly at October 28, 2014 Hearing* by AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC. (Attachments: # 1 Text of Proposed Order)(Steinthal, Kenneth) (Entered: 10/24/2014) |
| 10/27/2014 | | MINUTE ORDER: It is hereby ORDERED that counsel for Plaintiffs–Counterdefendants American Society of Heating, Refrigerating, and Air–Conditioning Engineers, Inc. and the National Fire Protection Association, Inc.'s Unopposed Motion to Allow Telephonic Appearance at the October 28, 2014 (Document No. 53) is GRANTED. Signed by Magistrate Judge Deborah A. Robinson on October 27, 2014. (SRH) (Entered: 10/27/2014) |
| 10/28/2014 | | Minute Entry for proceedings held before Magistrate Judge Deborah A. Robinson: Status Conference held on 10/28/2014. Case called for Motion Hearing but not held. By no later than 11/04/2014, counsel shall file a proposed order indicating with reference to 41 Motion to Compel the matters that have been resolved. Counsel shall include a provision that with respect to those issues the motion maybe denied as moot. Parties are directed to continue to confer. A Further Status Conference is set for 12/1/2014 11:00 AM in Courtroom 4 before Magistrate Judge Deborah A. Robinson. (Court Reporter Bowles Reporting Services.)(FTR Time Frame: 3:30:53 – 3:58:59, Crtrm 4) (zcmm, ) (Entered: 10/28/2014) |

| | | |
|---|---|---|
| 10/28/2014 | | Set/Reset Hearings: Status Conference is scheduled for Monday, December 1, 2014 at 11:00 AM in Courtroom 4 before Magistrate Judge Deborah A. Robinson. (SRH) (Entered: 12/01/2014) |
| 11/04/2014 | 54 | STATUS REPORT *Joint Status Report and [Proposed] Order On Defendant's Motion to Compel Discovery* by PUBLIC.RESOURCE.ORG, INC.. (Bridges, Andrew) (Entered: 11/04/2014) |
| 11/17/2014 | 55 | TRANSCRIPT OF PROCEEDINGS before Judge Tanya S. Chutkan held on September 16, 2014; Page Numbers: 1–24; Date of Issuance: November 17, 2014. Court Reporter/Transcriber: William Zaremba; Telephone number 202–354–3249; Court Reporter Email Address: William_Zaremba@dcd.uscourts.gov.<P></P>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, PDF or ASCII) may be purchased from the court reporter.<P>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<P></P> Redaction Request due 12/8/2014. Redacted Transcript Deadline set for 12/18/2014. Release of Transcript Restriction set for 2/15/2015.(Zaremba, William) (Entered: 11/17/2014) |
| 11/21/2014 | | MINUTE ORDER: Setting Hearing on 34 MOTION to Strike Defendant's Jury Demand. Motion Hearing set for 12/4/2014 11:30 AM in Courtroom 2 before Judge Tanya S. Chutkan. Signed by Judge Tanya S. Chutkan on 11/21/2014. (lctsc2) (Entered: 11/21/2014) |
| 11/24/2014 | 56 | Consent MOTION for Extension of Time to *Extend Time for Discovery and Case Schedule* by PUBLIC.RESOURCE.ORG, INC. (Attachments: # 1 Text of Proposed Order)(McSherry, Corynne) (Entered: 11/24/2014) |
| 11/24/2014 | 57 | ORDER regarding 41 Defendant's Motion to Compel Discovery. See Order for details. Signed by Magistrate Judge Deborah A. Robinson on November 24, 2014. (SRH) (Entered: 11/24/2014) |
| 11/25/2014 | 58 | ORDER granting 56 Consent Motion for Extension of Deadlines. Fact discovery to close by 1/30/2015; Joint status report by 3/2/2015; Close of expert discovery by7/14/2015; Joint status report by 7/21/2015; Status conference 7/28/2015 (See order for additional deadlines) Signed by Judge Tanya S. Chutkan on 11/25/14. (DJS, ) (Entered: 11/25/2014) |
| 11/25/2014 | | Set/Reset Deadlines/Hearings: Close of Fact Discovery due by 1/30/2015. Joint Status Report due by 3/2/2015. Plaintiff Rule 26(a)(2) due by 3/2/2015. Defendant Rule 26(a)(2) due by 4/13/2015. Rebuttal disclosures due by 6/1/2015. Reply Disclosures due by 6/15/2015. Close of Expert Discovery due by 7/14/2015. Joint Status Report due by 7/21/2015. Status Conference set for 7/28/2015 at 10:00 AM in Courtroom 2 before Judge Tanya S. Chutkan. (sm) (Entered: 11/25/2014) |
| 12/01/2014 | | |

| | | |
|---|---|---|
| | | Minute Entry for proceedings held before Magistrate Judge Deborah A. Robinson: Status Conference held on 12/1/2014. Further Status Conference set for 1/15/2015 10:00 AM in Courtroom 4 before Magistrate Judge Deborah A. Robinson. Status Report due by 1/12/2015. (Court Reporter Bowles Reporting Services)(FTR Time Frame: 11:13:50 – 1:03:35, Crtrm 4). (zcmm, ) (Entered: 12/01/2014) |
| 12/01/2014 | 59 | TRANSCRIPT OF PROCEEDINGS before Magistrate Judge Deborah A. Robinson held on 10/28/2014; Page Numbers: 1–22. Court Reporter/Transcriber Bowles Reporting Service, Telephone number (860) 464–1083, Court Reporter Email Address : brs–ct@sbcglobal.net.<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at ww.dcd.uscourts.gov.<br><br>Redaction Request due 12/22/2014. Redacted Transcript Deadline set for 1/1/2015. Release of Transcript Restriction set for 3/1/2015.(znmw, ) (Entered: 12/01/2014) |
| 12/01/2014 | 60 | ORDER denying remaining issues with respect to Defendant's Motion to Compel Discovery (Document No. 41). See Order for details. Set/Reset Deadlines/Hearings: Counsel for the parties to the dispute shall file a status report by no later than 1/12/2015; Hearing with respect to the remaining discovery disputes is scheduled for 1/15/2015 at 10:00 AM in Courtroom 4 before Magistrate Judge Deborah A. Robinson. Signed by Magistrate Judge Deborah A. Robinson on December 1, 2014. (SRH) Modified on 12/31/2014 (zcmm, ). (Entered: 12/01/2014) |
| 12/04/2014 | | Minute Entry for proceedings held before Judge Tanya S. Chutkan: Motion Hearing held on 12/4/2014 re 34 MOTION to Strike Defendant's Jury Demand filed by AMERICAN EDUCATIONAL RESEARCH ASSOCIATION, INC., AMERICAN PSYCHOLOGICAL ASSOCIATION, INC. and NATIONAL COUNCIL ON MEASUREMENT IN EDUCATION, INC. Oral argument heard, and motion taken under advisement.(Court Reporter: Janice Dickman.) (tj) (Entered: 12/04/2014) |
| 12/18/2014 | 61 | TRANSCRIPT OF PROCEEDINGS before Judge Tanya S. Chutkan held on 12–4–14; Page Numbers: 45. Date of Issuance: December 18, 2014. Court Reporter/Transcriber Jan Dickman, Telephone number (202)354–3267, Court Reporter Email Address : JaniceDickmanDCD@gmail.com.<P></P>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other |

| | | | |
|---|---|---|---|
| | | | transcript formats, (multi−page, condensed, CD or ASCII) may be purchased from the court reporter.<P>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty−one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at ww.dcd.uscourts.gov.<P></P> Redaction Request due 1/8/2015. Redacted Transcript Deadline set for 1/18/2015. Release of Transcript Restriction set for 3/18/2015.(Dickman, Janice) (Entered: 12/18/2014) |
| 12/19/2014 | 62 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR−CONDITIONING ENGINEERS, INC.. Attorney Michael Andrew Zee terminated. (Zee, Michael) (Entered: 12/19/2014) |
| 12/24/2014 | 63 | | ENTERED IN ERROR.....Consent MOTION for Extension of Time to *Oppose Plaintiffs' Motion to Compel* by PUBLIC.RESOURCE.ORG, INC. (Attachments: # 1 Text of Proposed Order)(Bridges, Andrew) Modified on 12/24/2014 (rdj). (Entered: 12/24/2014) |
| 12/24/2014 | | | NOTICE OF CORRECTED DOCKET ENTRY: re 63 Consent MOTION for Extension of Time to *Oppose Plaintiffs' Motion to Compel* was entered in error at the request of counsels. (rdj) (Entered: 12/24/2014) |
| 12/24/2014 | 64 | | First MOTION to Compel *Public Resource.Org, Inc.* by NATIONAL FIRE PROTECTION ASSOCIATION, INC. (Rehn, Nathan) (Entered: 12/24/2014) |
| 12/24/2014 | 65 | | Proposed Order *re 64 Plaintiffs' Motion to Compel* by NATIONAL FIRE PROTECTION ASSOCIATION, INC. (Rehn, Nathan) Modified on 12/28/2014 (jf, ). (Entered: 12/24/2014) |
| 12/24/2014 | 66 | | Declaration re 64 First MOTION to Compel *Public.Resource.Org. /* by NATIONAL FIRE PROTECTION ASSOCIATION, INC. (Rehn, Nathan) Modified on 12/28/2014 (jf, ). (Entered: 12/24/2014) |
| 01/12/2015 | 67 | | Memorandum in opposition to re 64 First MOTION to Compel *Public Resource.Org, Inc. Discovery* filed by PUBLIC.RESOURCE.ORG, INC.. (Attachments: # 1 Declaration of Kathleen Lu In Support of Defendant−Counterclaimant Public.Resource.Org, Inc.'s Opposition to Plaintiff−Counterdefendant American Society for Testing and Materials d/b/a ASTM International Motion to Compel Discovery, # 2 Declaration of John Doe In Support of Defendant−Counterclaimant Public.Resource.Org, Inc.'s Response to Plaintiffs' Motion to Compel Discovery, # 3 Declaration of Carl Malamud In Support of Defendant−Counterclaimant Public.Resource.Org, Inc.'s Response to Plaintiffs' Motion to Compel Discovery)(Bridges, Andrew) (Entered: 01/12/2015) |
| 01/12/2015 | 68 | | STATUS REPORT *ON OUTSTANDING ISSUES RAISED IN PUBLIC RESOURCE'S MOTION TO COMPEL DISCOVERY (Related Dkt. # 60 )* by PUBLIC.RESOURCE.ORG, INC.. (Bridges, Andrew) (Entered: 01/12/2015) |
| 01/14/2015 | | | MINUTE ORDER: At a hearing conducted by this court on December 1, 2014, this court, inter alia, directed the parties to the discovery disputes which were pending at that time to continue to meet and confer in an effort to finalize |

| | | | |
|---|---|---|---|
| | | | the resolution of those disputes; to file a status report by no later than January 12, 2015; and to appear for a status hearing on January 15, 2015. See Order (Document No. 60). This court, in an effort to prepare for the January 15 hearing has determined that (1) in the interim, Plaintiffs filed a Motion to Compel Discovery (Document No. 64), and that the motion is not yet ripe, and (2) the parties have not yet completed their efforts to resolve the discovery disputes which were pending as of December 1, 2014 (see Document No. 68). For these reasons, it is ORDERED that the hearing now scheduled for January 15 is continued to 10:00 a.m. on Wednesday, February 4, 2015. It is FURTHER ORDERED that counsel shall continue to meet and confer regarding the discovery disputes which are the subject of both the pending motion and the status report, and shall jointly file a status report by no later than January 20, 2015. Set/Reset Deadlines/Hearings: Counsel for the parties to the discovery disputes shall jointly file a status report by no later than January 20, 2015. A Status Conference is scheduled for 10:00 a.m. on February 4, 2015 in Courtroom 4 before Magistrate Judge Deborah A. Robinson. Signed by Magistrate Judge Deborah A. Robinson on January 14, 2015. (SRH) (Entered: 01/14/2015) |
| 01/20/2015 | 69 | | STATUS REPORT *Joint Status Report and [Proposed] Order On Defendant and Plaintiffs' Motions to Compel Discovery* by NATIONAL FIRE PROTECTION ASSOCIATION, INC.. (Rehn, Nathan) (Entered: 01/20/2015) |
| 01/22/2015 | 70 | | REPLY to opposition to motion re 64 First MOTION to Compel *Public Resource.Org, Inc.* filed by NATIONAL FIRE PROTECTION ASSOCIATION, INC.. (Rehn, Nathan) (Entered: 01/22/2015) |
| 01/29/2015 | 71 | | MOTION for Extension of Time to Complete Discovery *Defendant−Counterclaimant Public.Resource.Org, Inc.'s Motion for Extension of Discovery Period, Corresponding Modification of Scheduling Order, and Leave to Take More Than 10 Depositions* by PUBLIC.RESOURCE.ORG, INC. (Attachments: # 1 Declaration Declaration of Kathleen Lu in Support of Defendant−Counterclaimant Public.Resource.Org, Inc.'s Motion for Extension of Discovery Period, Corresponding Modification of Scheduling Order, and Leave to Take More Than 10 Depositions, # 2 Text of Proposed Order [Proposed] Order Granting Defendant's Motion for Extension of Discovery Period, Corresponding Modification of Scheduling Order, and Leave to Take More Than 10 Depositions)(Bridges, Andrew) (Entered: 01/29/2015) |
| 02/02/2015 | 72 | | MEMORANDUM AND OPINION. Signed by Judge Tanya S. Chutkan on 2/2/2015. (lctsc2) (Entered: 02/02/2015) |
| 02/02/2015 | 73 | | ORDER granting 34 Motion to Strike. The jury demand in Defendant's 21 counterclaim and Answer is stricken. Signed by Judge Tanya S. Chutkan on 2/2/2015. (lctsc2) (Entered: 02/02/2015) |
| 02/03/2015 | 74 | | MOTION to Amend/Correct 1 Complaint,, *Exhibit B* by NATIONAL FIRE PROTECTION ASSOCIATION, INC. (Attachments: # 1 Exhibit Amended Exhibit B to Complaint, # 2 Text of Proposed Order [Proposed] Order Granting Motion to Amend)(Rehn, Nathan) (Entered: 02/03/2015) |
| 02/04/2015 | 75 | | NOTICE of Appearance by Simeon Meir Schopf on behalf of AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR−CONDITIONING |

| | | | |
|---|---|---|---|
| | | | ENGINEERS, INC. (Schopf, Simeon) (Entered: 02/04/2015) |
| 02/04/2015 | | | MINUTE ORDER. Proceedings held before Magistrate Judge Deborah A. Robinson: Further Status Conference held on 2/4/2015. With respect to 64 Plaintiffs' Motion to Compel Discovery, the defendant may redact identifying information from the documents (see page 3 in document number 69 ); and, that such redactions are without prejudice to raising the issue at a time there is a more specific factual showing of need. In all other respects, the Motion is DENIED AS MOOT. Status Conference set for 3/25/2015 10:00 AM in Courtroom 4 before Magistrate Judge Deborah A. Robinson. (Court Reporter Bowles Reporting Services)(FTR Time Frame: 10:09:09 – 10:42:39, Crtrm 4) (zcmm, ) (Entered: 02/04/2015) |
| 02/17/2015 | 76 | | Memorandum in opposition to re 71 MOTION for Extension of Time to Complete Discovery *Defendant–Counterclaimant Public.Resource.Org, Inc.'s Motion for Extension of Discovery Period, Corresponding Modification of Scheduling Order, and Leave to Take More Than 10 Depositions* filed by NATIONAL FIRE PROTECTION ASSOCIATION, INC.. (Rehn, Nathan) (Entered: 02/17/2015) |
| 02/20/2015 | 77 | | STIPULATION re 44 Stipulation and Order *JOINT STIPULATION TO AMEND PROTECTIVE ORDER* by PUBLIC.RESOURCE.ORG, INC.. (Bridges, Andrew) (Entered: 02/20/2015) |
| 02/20/2015 | 78 | | WITHDRAWAL OF MOTION PURSUANT TO 80 . . . . . MOTION for Protective Order by PUBLIC.RESOURCE.ORG, INC. (Attachments: # 1 Declaration of Andrew P. Bridges In Support of Public.Resource.Org, Inc.'s Motion for Protective Order, # 2 Exhibit A – Plaintiffs' Second Requests for Production of Documents, Things and Electronically Stored Information, # 3 Text of Proposed Order Granting Defendant's Motion for Protective Order [Dkt. 78])(Bridges, Andrew) Modified on 3/2/2015 (td, ). (Entered: 02/20/2015) |
| 02/20/2015 | 79 | | Memorandum in opposition to re 74 MOTION to Amend/Correct 1 Complaint,, *Exhibit B* filed by PUBLIC.RESOURCE.ORG, INC.. (Attachments: # 1 Declaration of Andrew P. Bridges In Support of Public.Resource.Org, Inc.'s Opposition to National Fire Protection Association, Inc.'s Motion to Amend Complaint, # 2 Exhibit A to Bridges Declaration In Support of Opposition to Motion to Amend Complaint, # 3 Text of Proposed Order Denying National Fire Protection Association, Inc.'s Motion to Amend Complaint (Dkt. No. 74))(Bridges, Andrew) (Entered: 02/20/2015) |
| 02/26/2015 | 80 | | WITHDRAWAL of Motion by PUBLIC.RESOURCE.ORG, INC. re 78 MOTION for Protective Order filed by PUBLIC.RESOURCE.ORG, INC. . (Bridges, Andrew) (Entered: 02/26/2015) |
| 02/27/2015 | 81 | | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by PUBLIC.RESOURCE.ORG, INC. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order Granting Defendant's Motion to File Documents Under Seal, # 2 CONFIDENTIAL Version of Public.Resource.Org, Inc.s Reply In Support Of Motion For Extension Of Discovery Period, Corresponding Modification Of Scheduling Order, And Leave To Take More Than Ten Depositions, # 3 |

| | | |
|---|---|---|
| | | CONFIDENTIAL Version of Reply Declaration of Andrew P. Bridges In Support of Defendant–Counterclaimant Public.Resource.Org, Inc.s Reply In Support Of Motion For Extension Of Discovery Period, Corresponding Modification Of Scheduling Order, And Leave To Take More Than Ten Depositions, # 4 Confidential Exhibit D to the Bridges Reply Declaration In Support, # 5 Confidential Exhibit E to the Bridges Reply Declaration In Support, # 6 Confidential Exhibit F to the Bridges Reply Declaration In Support)(Bridges, Andrew) (Entered: 02/27/2015) |
| 02/27/2015 | 82 | REPLY to opposition to motion re 71 MOTION for Extension of Time to Complete Discovery *Defendant–Counterclaimant Public.Resource.Org, Inc.'s Motion for Extension of Discovery Period, Corresponding Modification of Scheduling Order, and Leave to Take More Than 10 Depositions [PUBLIC REDACTED VERSION]* filed by PUBLIC.RESOURCE.ORG, INC.. (Attachments: # 1 PUBLIC REDACTED VERSION of Reply Declaration of Andrew P. Bridges In Support of Defendant–Counterclaimant Public.Resource.Org, Inc.s Reply In Support of Motion for Extension of Discovery Period, Corresponding Modification of Scheduling Order, and Leave to Take More Than 10 Depositions, # 2 Exhibit A to Bridges Reply Declaration In Support, # 3 Exhibit B to Bridges Reply Declaration In Support, # 4 Exhibit C to Bridges Reply Declaration In Support, # 5 Exhibit D to Bridges Reply Declaration In Support, # 6 Exhibit E to Bridges Reply Declaration In Support, # 7 Exhibit F to Bridges Reply Declaration In Support)(Bridges, Andrew) (Entered: 02/27/2015) |
| 02/28/2015 | 83 | CERTIFICATE OF SERVICE by PUBLIC.RESOURCE.ORG, INC. re 81 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by PUBLIC.RESOURCE.ORG, INC. (This document is SEALED and only available to authorized persons.) . (Bridges, Andrew) (Entered: 02/28/2015) |
| 03/02/2015 | 84 | REPLY to opposition to motion re 74 MOTION to Amend/Correct 1 Complaint,, *Exhibit B* filed by NATIONAL FIRE PROTECTION ASSOCIATION, INC.. (Rehn, Nathan) (Entered: 03/02/2015) |
| 03/02/2015 | 85 | STATUS REPORT *Joint Status Report In Response to Scheduling Order (Dkt. 58)* by PUBLIC.RESOURCE.ORG, INC.. (Bridges, Andrew) (Entered: 03/02/2015) |
| 03/03/2015 | | DISREGARD THIS NOTICE. . . .NOTICE OF ERROR re 85 Status Report; emailed to abridges@fenwick.com, cc'd 31 associated attorneys –– The PDF file you docketed contained errors: 1. FYI: On future filings, the document must be signed by counsel who is electronically filing the doc. (td, ) Modified on 3/3/2015 (td, ). (Entered: 03/03/2015) |
| 03/06/2015 | 86 | Emergency MOTION for Order *and Request for Expedited Briefing Schedule* by AMERICAN SOCIETY FOR TESTING AND MATERIALS (Attachments: # 1 Exhibit Exhibit A, # 2 Exhibit Exhibit B, # 3 Exhibit Exhibit C, # 4 Exhibit Exhibit D, # 5 Exhibit Exhibit E, # 6 Exhibit Exhibit F, # 7 Exhibit Exhibit G)(Fee, J.) (Entered: 03/06/2015) |
| 03/09/2015 | | Set/Reset Hearings: Status Conference, including consideration of 71 scheduled for 3/19/2015 at 02:00 PM in Courtroom 4 before Magistrate Judge Deborah A. Robinson. All counsel shall meet and confer in advance of said |

| | | |
|---|---|---|
| | | hearing in an effort to reach a consensus regarding the expeditious completion of discovery. (lcdar2) (Entered: 03/09/2015) |
| 03/09/2015 | | MINUTE ORDER: It is hereby ORDERED that 81 Sealed Motion for Leave to File Document Under Seal is hereby GRANTED. Signed by Magistrate Judge Deborah A. Robinson on March 9, 2015. (lcdar2) (Entered: 03/09/2015) |
| 03/09/2015 | 87 | SEALED REPLY TO OPPOSITION filed by PUBLIC.RESOURCE.ORG, INC. re 71 MOTION for Extension of Time to Complete Discovery *Defendant−Counterclaimant Public.Resource.Org, Inc.'s Motion for Extension of Discovery Period, Corresponding Modification of Scheduling Order, and Leave to Take More Than 10 Depositions* (Attachments: # 1 Exhibit D, # 2 Exhibit E, # 3 Exhibit F)(ztd, ) (Entered: 03/10/2015) |
| 03/17/2015 | 88 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Jason Blake Cunningham, :Firm− King & Spalding LLP, :Address− 101 Second Street, Suite 2300, San Francisco, CA 94105. Phone No. − (415) 318−1200. Fax No. − (415) 318−1300 Filing fee $ 100, receipt number 0090−4024895. Fee Status: Fee Paid. by AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR−CONDITIONING ENGINEERS, INC. (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Bucholtz, Jeffrey) (Entered: 03/17/2015) |
| 03/17/2015 | 89 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name− Antonio E. Lewis, :Firm− King & Spalding LLP, :Address− 100 N Tryon Street, Suite 3900, Charlotte, NC 28202. Phone No. − (704) 503−2600. Fax No. − (704) 503−2622 Filing fee $ 100, receipt number 0090−4024904. Fee Status: Fee Paid. by AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR−CONDITIONING ENGINEERS, INC. (Attachments: # 1 Declaration, # 2 Text of Proposed Order)(Bucholtz, Jeffrey) (Entered: 03/17/2015) |
| 03/18/2015 | | MINUTE ORDER: Granting 88 Motion for Leave to Appear Pro Hac Vice. Attorney Jason Blake Cunningham is hereby admitted pro hac vice to appear in this matter on behalf of defendant AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR−CONDITIONING ENGINEERS, INC.Signed by Judge Tanya S. Chutkan on 3/18/15. (DJS) Modified on 3/18/2015 (sm). (Entered: 03/18/2015) |
| 03/19/2015 | | Minute Entry for proceedings held before Magistrate Judge Deborah A. Robinson: Status Conference held on 3/19/2015. (Court Reporter: Lisa Moreira) (zcmm, ) (Entered: 03/20/2015) |
| 03/23/2015 | | MINUTE ORDER: Proceedings held before Magistrate Judge Deborah A. Robinson: Status hearing and hearing with respect to Defendants Motion for Extension of Time to Complete Discovery, Document No. 71 , conducted on March 19, 2015. Defendants Motion for Extension of Time to Complete Discovery DENIED for the reasons set forth in the record, except that Defendant may complete Rule 30(b)(6) depositions in accordance with the agreement of the parties by no later than April 2, 2015. Parties waived oral argument with respect to Plaintiffs Emergency Motion for Protective Order Document No. 86, which will be decided by the Court after said motion has been fully briefed. (lcdar1) (Entered: 03/23/2015) |
| 03/23/2015 | | MINUTE ORDER granting 89 Motion for Leave to Appear Pro Hac Vice. Signed by Magistrate Judge Deborah A. Robinson on 03/23/2015. (lcdar1, ) |

| | | | |
|---|---|---|---|
| | | | (Entered: 03/23/2015) |
| 03/23/2015 | 90 | | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by PUBLIC.RESOURCE.ORG, INC. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order Granting Defendant's Motion to File Documents Under Seal, # 2 Sealed Declaration of Andrew P. Bridges In Support of Public.Resource.Org, Inc.'s Opposition to Plaintiffs' Emergency Motion for Protective Order and Request for Expedited Briefing Schedule, # 3 Sealed Exhibit 11 to Bridges Declaration, # 4 Sealed Exhibit 12 to Bridges Declaration, # 5 Sealed Exhibit 13 to Bridges Declaration, # 6 Sealed Exhibit 14 to Bridges Declaration, # 7 Sealed Exhibit 15 to Bridges Declaration, # 8 Sealed Exhibit 16 to Bridges Declaration)(Bridges, Andrew) (Entered: 03/23/2015) |
| 03/23/2015 | 91 | | Memorandum in opposition to re 86 Emergency MOTION for Order *and Request for Expedited Briefing Schedule* filed by PUBLIC.RESOURCE.ORG, INC.. (Attachments: # 1 [Public] Declaration of Andrew P. Bridges In Support of Public.Resource.Org, Inc.'s Opposition to Plaintiffs' Emergency Motion for Protective Order and Request for Expedited Briefing Schedule, # 2 Exhibit 1 to Bridges Declaration, # 3 Exhibit 2 to Bridges Declaration, # 4 Exhibit 3 to Bridges Declaration, # 5 Exhibit 4 to Bridges Declaration, # 6 Exhibit 5 to Bridges Declaration, # 7 Exhibit 6 to Bridges Declaration, # 8 Exhibit 7 to Bridges Declaration, # 9 Exhibit 8 to Bridges Declaration, # 10 Exhibit 9 to Bridges Declaration, # 11 Exhibit 10 to Bridges Declaration, # 12 Exhibit 11 to Bridges Declaration, # 13 Exhibit 12 to Bridges Declaration, # 14 Exhibit 13 to Bridges Declaration, # 15 Exhibit 14 to Bridges Declaration, # 16 Exhibit 15 to Bridges Declaration, # 17 Exhibit 16 to Bridges Declaration, # 18 Text of Proposed Order Denying Plaintiffs' Emergency Motion for Protective Order and Request for Expedited Briefing Schedule)(Bridges, Andrew) (Entered: 03/23/2015) |
| 03/24/2015 | 92 | | CERTIFICATE OF SERVICE by PUBLIC.RESOURCE.ORG, INC. re 90 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by PUBLIC.RESOURCE.ORG, INC. (This document is SEALED and only available to authorized persons.) . (Bridges, Andrew) (Entered: 03/24/2015) |
| 03/24/2015 | | | MINUTE ORDER: It is hereby ORDERED that Sealed Motion for Leave to File Document Under Seal, Document No. 90 , is hereby GRANTED. Signed by Magistrate Judge Deborah A. Robinson on 03/24/2015. (lcdar1, ) (Entered: 03/24/2015) |
| 03/24/2015 | 93 | | SEALED DOCUMENT filed by PUBLIC.RESOURCE.ORG, INC.. re 91 Memorandum in Opposition,,,, filed by PUBLIC.RESOURCE.ORG, INC.. (This document is SEALED and only available to authorized persons.)(ztd, ) (Entered: 03/24/2015) |
| 03/26/2015 | 94 | | TRANSCRIPT OF PROCEEDINGS before Magistrate Judge Deborah A. Robinson held on March 19, 2015; Page Numbers: 1–60. Date of Issuance:March 26, 2015. Court Reporter/Transcriber Lisa A. Moreira, RDR, CRR, Telephone number 202–354–3187, Court Reporter Email Address : Lisa_Moreira@dcd.uscourts.gov. |

For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.

**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.

Redaction Request due 4/16/2015. Redacted Transcript Deadline set for 4/26/2015. Release of Transcript Restriction set for 6/24/2015.(Moreira, Lisa) (Entered: 03/26/2015)

| | | | |
|---|---|---|---|
| 04/01/2015 | 95 | | ORDER granting NFPA's 74 Motion to Amend the Complaint. See Order for details. Signed by Judge Tanya S. Chutkan on 4/1/2015. (lctsc2) (Entered: 04/01/2015) |
| 04/01/2015 | 96 | | SUPPLEMENT (Exhibit B) to re 1 Complaint,, filed by NATIONAL FIRE PROTECTION ASSOCIATION, INC.. (td, ) (Entered: 04/02/2015) |
| 04/02/2015 | 97 | | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by AMERICAN SOCIETY FOR TESTING AND MATERIALS (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order Granting Plaintiffs' Motion to File Documents Under Seal, # 2 Exhibit Sealed Exhibit 2 to Rubel Declaration, # 3 Exhibit Sealed Exhibit 6 to Rubel Declaration)(Fee, J.) (Entered: 04/02/2015) |
| 04/02/2015 | 98 | | REPLY to Opposition re 86 MOTION for Protective Order filed by AMERICAN SOCIETY FOR TESTING AND MATERIALS. (Attachments: # 1 Declaration of Jordana S. Rubel, # 2 Exhibit 1, # 3 Exhibit 2 [UNDER SEAL], # 4 Exhibit 3, # 5 Exhibit 4, # 6 Exhibit 5, # 7 Exhibit 6 [UNDER SEAL])(Fee, J.) Modified event title on 4/3/2015 (znmw, ). (Entered: 04/02/2015) |
| 04/21/2015 | | | MINUTE ORDER: Sealed Motion for Leave to File Document Under Seal 97 is hereby GRANTED. Signed by Magistrate Judge Deborah A. Robinson on 4/21/2015.(lcdar1, ) (Entered: 04/21/2015) |
| 04/21/2015 | 99 | | SEALED DOCUMENT filed by AMERICAN SOCIETY FOR TESTING AND MATERIALS. re Order on Sealed Motion for Leave to File Document Under Seal. (This document is SEALED and only available to authorized persons.)(ztd, ) (Entered: 04/22/2015) |
| 04/23/2015 | 100 | | STRICKEN PURSUANT TO MINUTE ORDER FILED ON 06/10/2015.....MOTION for Order *to Set Expert Schedule* by AMERICAN SOCIETY FOR TESTING AND MATERIALS (Attachments: # 1 Exhibit Proposed Order Granting Plaintiffs' Motion to Set Expert Schedule)(Fee, J.) Modified on 6/11/2015 (jf). (Entered: 04/23/2015) |
| 05/11/2015 | 101 | | Memorandum in opposition to re 100 MOTION for Order *to Set Expert Schedule* filed by PUBLIC.RESOURCE.ORG, INC.. (Bridges, Andrew) |

| | | | |
|---|---|---|---|
| | | | (Entered: 05/11/2015) |
| 05/21/2015 | 102 | | REPLY to opposition to motion re 100 MOTION for Order *to Set Expert Schedule* filed by NATIONAL FIRE PROTECTION ASSOCIATION, INC.. (Attachments: # 1 Exhibit Exhibit A)(Rehn, Nathan) (Entered: 05/21/2015) |
| 06/10/2015 | | | MINUTE ORDER: Plaintiffs' Motion to Set Expert Schedule (Document No. 100 ) is pending for determination by this court. Entirely absent from the motion, and from the opposition to the motion and the reply to the opposition, is any indication that the parties discharged their duty to confer in an effort to agree upon a schedule, and if not, at least to narrow the areas of disagreement. See LCvR 7(m). This court has previously cautioned counsel that every disagreement regarding the conduct of discovery ought not spawn a new wave of litigation; this concern is particularly true where, as here, the disagreement concerns the schedule for completion of discovery. It is, therefore, ORDERED that the motion is STRICKEN FROM THE RECORD. It is FURTHER ORDERED that counsel for the parties shall meet and confer regarding the schedule for completion of discovery, and, by no later than June 24, 2015, file as attachments to a notice of filing their proposed orders. Signed by Magistrate Judge Deborah A. Robinson on 6/10/2015. (lcdar1, ) (Entered: 06/10/2015) |
| 06/16/2015 | | | Set/Reset Deadlines : The parties' Notice of Filing with attached proposed orders regarding the schedule for completion of discovery to be filed by 6/24/15. (kk) (Entered: 06/16/2015) |
| 06/22/2015 | 103 | | ORDER denying Plaintiffs' Motion for Protective Order and Request for Expedited Briefing Schedule (Document No. 86 ). Signed by Magistrate Judge Deborah A. Robinson on 6/22/2015. (lcdar1, ) (Entered: 06/22/2015) |
| 06/24/2015 | 104 | | NOTICE of Proposed Order *to Set Schedule for Expert Discovery* by NATIONAL FIRE PROTECTION ASSOCIATION, INC. (Attachments: # 1 Text of Proposed Order [Proposed] Order Setting Schedule for Expert Discovery, # 2 Exhibit Exhibit A to Notice of Filing, # 3 Exhibit Exhibit B to Notice of Filing)(Rehn, Nathan) (Entered: 06/24/2015) |
| 06/24/2015 | 105 | | NOTICE of Proposed Order *Regarding the Schedule for Completion of Discovery* by PUBLIC.RESOURCE.ORG, INC. re Set/Reset Deadlines (Attachments: # 1 Text of Proposed Order Regarding the Schedule for Completion of Discovery)(Bridges, Andrew) (Entered: 06/24/2015) |
| 06/25/2015 | | | NOTICE OF ERROR re 104 Notice of Proposed Order; emailed to thane.rehn@mto.com, cc'd 35 associated attorneys –– The PDF file you docketed contained errors: 1. FYI: On future filings, if you are filing the document your name must be on the signature line(s). (td, ) (Entered: 06/25/2015) |
| 06/29/2015 | | | Set/Reset Deadlines : Rule 30(b)(6) depositions to be completed by 7/7/15. (kk) (Entered: 06/29/2015) |
| 07/01/2015 | 106 | | STIPULATION *Joint Stipulation and Proposed Order Regarding Scheduling of Certain Depositions* by PUBLIC.RESOURCE.ORG, INC.. (Becker, Matthew) (Entered: 07/01/2015) |
| 07/09/2015 | | | MINUTE ORDER: Upon consideration of the Joint Stipulation and Proposed Order Regarding Scheduling of Certain Depositions (Document No. 106 ) it is |

| | | | |
|---|---|---|---|
| | | | hereby ORDERED that the deadline for the deposition of ASTM's 30(b)(6) corporate representative is extended to July 24, 2015. It is further ORDERED that the deposition of Public Resource's expert witness shall take place on or by July 31, 2015. It is further ORDERED that a status hearing is scheduled for 2:00 p.m. on Wednesday 8/12/15. Signed by Magistrate Judge Deborah A. Robinson on 7/9/2015. (lcdar1, ) (Entered: 07/09/2015) |
| 07/09/2015 | | | Set/Reset Hearings: Status Conference is hereby set for 8/12/2015 at 02:00 PM in Courtroom 4 before Magistrate Judge Deborah A. Robinson. (lcdar1, ) (Entered: 07/09/2015) |
| 07/09/2015 | | | MINUTE ORDER: The status conference previously set for 7/28/15 before Judge CHUTKAN is hereby vacated. Signed by Judge Tanya S. Chutkan on 7/9/15. (DJS) (Entered: 07/09/2015) |
| 07/21/2015 | 107 | | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Katherine E. Merk, :Firm– King & Spalding LLP, :Address– 101 Second Street, Ste. 2300, San Francisco, CA 94105. Phone No. – 415–318–1200. Fax No. – 415–318–1300 Filing fee $ 100, receipt number 0090–4182854. Fee Status: Fee Paid. by AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC. (Attachments: # 1 Exhibit 1, # 2 Text of Proposed Order)(Bucholtz, Jeffrey) (Entered: 07/21/2015) |
| 07/23/2015 | | | MINUTE ORDER: Granting 107 Motion for Leave to Appear Pro Hac Vice. Attorney Katherine E. Merk is hereby admitted pro hac vice to appear in this matter on behalf of Plaintiff AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC.Signed by Judge Tanya S. Chutkan on 7/22/15. (DJS) (Entered: 07/23/2015) |
| 07/29/2015 | | | MINUTE ORDER: It is hereby ORDERED that not later than August 5, 2015 all counsel of record shall verify that the docket in this action contains the attorney's email address. In the absence of an email address, the attorney(s) shall obtain an ECF password or file a notice informing the court that that they do not wish to obtain a password. Should counsel decline to obtain an ECF password, they shall forfeit their right to: (1) file electronically in this action; and (2) receive copies of court orders via U.S. mail. Signed by Judge Tanya S. Chutkan on 7/29/15. (DJS) (Entered: 07/29/2015) |
| 07/29/2015 | | | Set/Reset Deadlines: Notice due by 8/5/2015. (zsm) (Entered: 07/29/2015) |
| 08/05/2015 | 108 | | NOTICE *Verification of Email Addresses for Counsel of Record Pursuant to July 29, 2015 Minute Order* by NATIONAL FIRE PROTECTION ASSOCIATION, INC. (Rehn, Nathan) (Entered: 08/05/2015) |
| 08/05/2015 | 109 | | NOTICE *Verification of Email Addresses for Counsel of Record Pursuant to July 29, 2015 Minute Order* by AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC. (Cunningham, Jason) (Entered: 08/05/2015) |
| 08/05/2015 | 110 | | NOTICE *AND VERIFICATION OF MATTHEW BECKER REGARDING EMAIL ADDRESSES FOR COUNSEL OF RECORD PURSUANT TO COURT'S MINUTE ORDER OF JULY 29, 2015* by PUBLIC.RESOURCE.ORG, INC. re Set/Reset Deadlines, Order,, (Becker, Matthew) (Entered: 08/05/2015) |

| 08/12/2015 | | | Minute Entry for proceedings held before Magistrate Judge Deborah A. Robinson : Status Hearing conducted on 8/12/2015. Court Reporter FTR Gold – Ctrm. 4. FTR Time Frame: [2:20:37–3:15:13]. (mr) (Entered: 08/12/2015) |
|---|---|---|---|
| 08/12/2015 | 111 | | ORDER on Status Hearing conducted on August 12, 2015. Signed by Magistrate Judge Deborah A. Robinson on 8/12/2015. (lcdar1, ) Modified on 8/12/2015 (lcdar1, ). (Entered: 08/12/2015) |
| 08/12/2015 | | | Set/Reset Deadlines: Fact discovery has closed. Expert discovery shall close on 10/16/2015. (lcdar1, ) (Entered: 08/12/2015) |
| 08/12/2015 | | | Set/Reset Deadlines: Defendant/Counterclaimant motion in limine due by 8/19/2015. Defendant/Counterclaimant rebuttal expert report due by 9/11/2015. Plaintiff/Counterdefendants replies due by 10/2/2015. (mr) (Entered: 08/13/2015) |
| 09/29/2015 | | | Set/Reset Hearings: Post–Discovery Status Conference is hereby set for 10/20/2015 at 04:00 PM in Courtroom 4 before Magistrate Judge Deborah A. Robinson. (lcdar1, ) (Entered: 09/29/2015) |
| 10/14/2015 | 112 | | Consent MOTION for Order *Request for Telephonic Status Conference* by PUBLIC.RESOURCE.ORG, INC. (Becker, Matthew) (Entered: 10/14/2015) |
| 10/15/2015 | | | MINUTE ORDER: Consent motion for a telephonic status conference, Document No. 112 , is hereby GRANTED. Signed by Magistrate Judge Deborah A. Robinson on 10/15/2015. (lcdar1, ) (Entered: 10/15/2015) |
| 10/20/2015 | | | Minute Entry for proceedings held before Magistrate Judge Deborah A. Robinson: Post–Discovery Status Conference conducted on 10/20/2015. All Counsel confirm that discovery – both fact and expert – has been completed. Court Reporter FTR Gold – Ctrm. 4. (FTR Time Frame: 4:02:59–4:10:33). Plaintiffs' Counsel: Jordana Rubel, Kevin Fee, Nathan Rehn, Kelly Klaus, and Blake Cunningham; Defendant's Counsel: Matthew Becker. (mr) (Entered: 10/20/2015) |
| 10/27/2015 | 113 | | NOTICE *of Request for Hearing* by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC. (Rubel, Jordana) (Entered: 10/27/2015) |
| 10/27/2015 | | | MINUTE ORDER. A status conference will be held in both this case and American Educational Research Association, Inc. v. Public.Resource.Org, Inc., Civil Action No. 1:14–cv–00857–TSC on Wednesday, November 4, 2015 at 10:15am. The court intends to set schedules for briefing summary judgment motions in both cases at the status conference. The parties to this case are hereby directed to jointly file their proposed schedules for summary judgment briefing, accompanied by proposed orders, by Friday, October 30, 2015. Signed by Judge Tanya S. Chutkan on 10/27/15. (lctsc2) (Entered: 10/27/2015) |
| 10/28/2015 | | | Set/Reset Deadlines/Hearings: Proposed Briefing Schedule due by 10/30/2015. Status Conference set for 11/4/2015 at 10:15 AM in Courtroom 2 before Judge Tanya S. Chutkan. (zsm) (Entered: 10/28/2015) |
| 10/30/2015 | 114 | | |

31

| | | |
|---|---|---|
| | | PROPOSED BRIEFING SCHEDULE re Order,, *and Joint Report of the Parties, submitted* by PUBLIC.RESOURCE.ORG, INC.. (Attachments: # 1 Exhibit A – Plaintiffs' Proposed Order, # 2 Exhibit B – Defendant's Proposed Order)(Becker, Matthew) (Entered: 10/30/2015) |
| 11/04/2015 | | Minute Entry for proceedings held before Judge Tanya S. Chutkan: Status Conference held on 11/4/2015. Order to issue. Motion Hearing set for 3/22/2016 at 9:30 AM in Courtroom 2 before Judge Tanya S. Chutkan. (Court Reporter Bryan Wayne.) (zsm) (Entered: 11/04/2015) |
| 11/04/2015 | | MINUTE ORDER setting briefing schedule: Plaintiffs' Motion for Summary Judgment due by November 19, 2015; Defendant's Opposition to Plaintiffs' Motion for Summary Judgment and COMBINED Cross–Motion for Summary Judgment due by December 21, 2015; Plaintiffs' Reply in Support of their Motion for Summary Judgment and COMBINED Opposition to Defendant's Cross–Motion for Summary Judgment due by January 21, 2016; Defendant's Reply in Support of its Cross–Motion for Summary Judgment due by February 4, 2016; Amicus briefs due by January 11, 2016. Signed by Judge Tanya S. Chutkan on 11/4/15. (lctsc2) (Entered: 11/04/2015) |
| 11/04/2015 | | ENTERED IN ERROR.....MINUTE ORDER setting briefing schedule: Plaintiffs' Motion for Summary Judgment due by December 21, 2015; Defendant's Opposition to Plaintiffs' Motion for Summary Judgment and COMBINED Cross–Motion for Summary Judgment due by January 21, 2016; Plaintiffs' Reply in Support of their Motion for Summary Judgment and COMBINED Opposition to Defendant's Cross–Motion for Summary Judgment due by February 18, 2016; Defendant's Reply in Support of its Cross–Motion for Summary Judgment due by March 3, 2016; Amicus briefs due by February 11, 2016. Signed by Judge Tanya S. Chutkan on 11/4/15. (lctsc2) Modified on 11/4/2015 (zsm). (Entered: 11/04/2015) |
| 11/04/2015 | | Set/Reset Deadlines: Summary Judgment motions due by 11/19/2015. Response to Motion for Summary Judgment due by 12/21/2015. Reply to Motion for Summary Judgment due by 1/21/2016.Replies due by 2/4/2016. Brief due by 1/11/2016. (zsm) (Entered: 11/04/2015) |
| 11/05/2015 | 115 | ENTERED IN ERROR.....MINUTE ORDER: Due to an unexpected scheduling conflict, the motion hearing previously set for 3/22/2016 is hereby VACATED. A new date will be set at a later time. Signed by Judge Tanya S. Chutkan on 11/5/15. (DJS) Modified on 11/5/2015 (zsm). (Entered: 11/05/2015) |
| 11/05/2015 | | MINUTE ORDER: Due to an unexpected scheduling conflict, the motion hearing previously set for 3/22/2016 is hereby VACATED. A new date will be set at a later time. Signed by Judge Tanya S. Chutkan on 11/5/15. (DJS) (Entered: 11/05/2015) |
| 11/14/2015 | 116 | TRANSCRIPT OF 11/04/15 STATUS HEARING before Judge Tanya S. Chutkan, held on November 4, 2015. Page Numbers: 1–21. Date of Issuance: 11/14/15. Court Reporter: Bryan A. Wayne; telephone number: 202–354–3186, Transcripts may be ordered by submitting the Transcript Order Form. |

| | | |
|---|---|---|
| | | For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, the transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 12/5/2015. Redacted Transcript Deadline set for 12/15/2015. Release of Transcript Restriction set for 2/12/2016.(Wayne, Bryan) (Entered: 11/14/2015) |
| 11/19/2015 | 117 | MOTION for Leave to File *Documents Under Seal* by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC. (Attachments: # 1 Text of Proposed Order, # 2 Exhibit Proposed Sealed Exhibit 1 to Rubel Declaration, # 3 Exhibit Proposed Sealed Exhibit 3 to Rubel Declaration)(Fee, J.) (Entered: 11/19/2015) |
| 11/19/2015 | 118 | MOTION for Summary Judgment *and Permanent Injunction* by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC. (Attachments: # 1 Memorandum in Support, # 2 Statement of Facts, # 3 Declaration of Dennis Berry and Exhibits, # 4 Declaration of Steven Cramer and Exhibits, # 5 Declaration of James Golinveaux, # 6 Declaration of Randy Jennings and Exhibit, # 7 Declaration of Thomas O'Brien, Jr. and Exhibits, # 8 Declaration of James Pauley and Exhibits, # 9 Declaration of Kevin Reinertson, # 10 Declaration of Stephanie Reiniche and Exhibits, # 11 Declaration of James Thomas, # 12 Declaration of Jordana Rubel and Exhibits – Part 1, # 13 Declaration of Jordana Rubel and Exhibits – Part 2, # 14 Declaration of Jordana Rubel and Exhibits – Part 3, # 15 Declaration of Jordana Rubel and Exhibits – Part 4, # 16 Declaration of Jordana Rubel and Exhibits – Part 5, # 17 Text of Proposed Order and Injunction)(Fee, J.). Added MOTION for Permanent Injunction on 11/20/2015 (znmw). (Entered: 11/19/2015) |
| 11/20/2015 | | MINUTE ORDER: Granting 117 Motion for Leave to File Documents Under Seal. Plaintiffs may file the following documents under seal: 1) Exhibit 1 to the Declaration of Jordana S. Rubel (which contains the Expert Report of John C. Jarosz); and (2) Exhibit 3 to the Declaration of Jordana S. Rubel, which includes excerpts from the February 27, 2015 deposition of Carl Malamud. Signed by Judge Tanya S. Chutkan on 11/20/15. (DJS) (Entered: 11/20/2015) |
| 11/20/2015 | 119 | SEALED DOCUMENT filed by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., |

| | | |
|---|---|---|
| | | NATIONAL FIRE PROTECTION ASSOCIATION, INC.. re Order on Motion for Leave to File,. (This document is SEALED and only available to authorized persons.)(ztd) (Entered: 11/23/2015) |
| 12/21/2015 | 120 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by PUBLIC.RESOURCE.ORG, INC. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order, # 2 Exhibit [Proposed] Sealed Memorandum of Points and Authorities In Support of Defendants' Motion for Summary Judgment and Opposition, # 3 Exhibit [Proposed] Sealed Statement of Material Facts, # 4 Exhibit [Proposed] Sealed Declaration of Matthew Becker In Support, # 5 Exhibit [Proposed] Sealed Index of Consolidated Exhbits, # 6 Exhibit 4, # 7 Exhibit 11, # 8 Exhibit 21, # 9 Exhibit 22, # 10 Exhibit 53, # 11 Exhibit 74, # 12 Exhibit 75, # 13 Exhibit 76, # 14 Exhibit 80, # 15 Exhibit 82, # 16 Exhibit 83, # 17 Exhibit 84, # 18 Exhibit 85, # 19 Exhibit 86, # 20 Exhibit 87, # 21 Exhibit 88, # 22 Exhibit 89, # 23 Exhibit 90, # 24 Exhibit 91, # 25 Exhibit 92, # 26 Exhibit 93, # 27 Exhibit 94, # 28 Exhibit 114, # 29 Exhibit 129, # 30 Exhibit 140, # 31 Exhibit 141, # 32 Exhibit 142, # 33 Exhibit 146, # 34 Exhibit 150, # 35 Exhibit 153)(Bridges, Andrew) (Entered: 12/21/2015) |
| 12/21/2015 | 121 | MOTION for Summary Judgment by PUBLIC.RESOURCE.ORG, INC. (Attachments: # 1 Memorandum in Support, # 2 Statement of Facts, # 3 Statement of Disputed Facts, # 4 Objections, # 5 Declaration of Carl Malamud, # 6 Declaration of Matthew Becker, # 7 Request for Judicial Notice, # 8 Index of Consolidated Exhibits, # 9 Text of Proposed Order)(Bridges, Andrew) (Entered: 12/21/2015) |
| 12/22/2015 | 122 | LARGE ADDITIONAL ATTACHMENT(S) *filed by* PUBLIC.RESOURCE.ORG, INC. 121 MOTION for Summary Judgment filed by PUBLIC.RESOURCE.ORG, INC.. (Attachments: # 1 Exhibit 1–10 Public, # 2 Exhibit 11–20 Public, # 3 Exhibit 21–40 Public, # 4 Exhibit 41–60 Public, # 5 Exhibit 61–80 Public, # 6 Exhibit 81–100 Public, # 7 Exhibit 101–120 Public, # 8 Exhibit 121–140 Public, # 9 Exhibit 141–157 Public)(Bridges, Andrew) (Entered: 12/22/2015) |
| 12/22/2015 | 123 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by PUBLIC.RESOURCE.ORG, INC. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Memorandum in Support of Motion to Strike Jarosz Report, # 2 Exhibit 4 in Support of Kathleen Lu's Declaration, # 3 Exhibit 6 in support of Kathleen Lu's Declaration, # 4 Exhibit 8 in support of Kathleen Lu's Declaration, # 5 Certificate of Service)(Lu, Kathleen) (Entered: 12/22/2015) |
| 12/22/2015 | 124 | MOTION to Strike 118 MOTION for Summary Judgment *and Permanent Injunction* MOTION for Permanent Injunction by PUBLIC.RESOURCE.ORG, INC. (Attachments: # 1 Memorandum in Support [Redacted], # 2 Declaration of Kathleen Lu, # 3 Exhibit 1 to Lu Declaration, # 4 Exhibit 2 to Lu Declaration, # 5 Exhibit 3 to Lu Declaration, # 6 Exhibit 4 [Redacted] to Lu Declaration, # 7 Exhibit 5 to Lu Declaration, # 8 Exhibit 6 [Redacted] to Lu Declaration, # 9 Exhibit 7 to Lu Declaration, # 10 Exhibit 8 [Redacted] to Lu Declaration, # 11 Text of Proposed Order)(Bridges, Andrew) (Entered: 12/22/2015) |
| 12/22/2015 | 125 | |

| | | |
|---|---|---|
| | | CERTIFICATE OF SERVICE by PUBLIC.RESOURCE.ORG, INC. re 120 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by PUBLIC.RESOURCE.ORG, INC. (This document is SEALED and only available to authorized persons.) . (Bridges, Andrew) (Entered: 12/22/2015) |
| 12/22/2015 | 126 | CERTIFICATE OF SERVICE by PUBLIC.RESOURCE.ORG, INC. re 123 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by PUBLIC.RESOURCE.ORG, INC. (This document is SEALED and only available to authorized persons.) *Motion to Strike Jarosz Report*. (Lu, Kathleen) (Entered: 12/22/2015) |
| 12/28/2015 | 127 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Gerald W. Griffin, :Firm– Carter Ledyard & Milburn LLP, :Address– 2 Wall Street, New York, NY 10005. Phone No. – (212) 732–3200. Fax No. – (212) 732–3232 Fee Status: Paid, $100.00, Receipt No. 0090–4361814. by American National Standards Institute, Inc. (Attachments: # 1 Declaration of Gerald W. Griffin, # 2 Text of Proposed Order)(Hochman Rothell, Bonnie) Modified on 12/28/2015 to add payment information. (ztnr) (Entered: 12/28/2015) |
| 12/28/2015 | 128 | Unopposed MOTION for Leave to File *Amicus Curiae Brief* by American National Standards Institute, Inc. (Attachments: # 1 Text of Proposed Order)(Hochman Rothell, Bonnie) (Entered: 12/28/2015) |
| 12/28/2015 | 129 | STIPULATION *Regarding Time To Respond To Motion To Strike* by AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC.. (Attachments: # 1 [Proposed] Order)(Cunningham, Jason) (Entered: 12/28/2015) |
| 12/29/2015 | | MINUTE ORDER: Having considered the Stipulation filed by the parties 129 , it is hereby ordered that Plaintiffs shall respond to Defendant's motion strike 124 by January 21, 2016. Defendant's reply brief is due by February 4, 2016. Going forward, the parties must file a motion seeking court approval to extend deadlines. Signed by Judge Tanya S. Chutkan on 12/29/15. (DJS) (Entered: 12/29/2015) |
| 12/29/2015 | | MINUTE ORDER: Granting 128 Motion for the following entities to file a combined amicus brief on behalf of Plaintiffs: The American National Standards Institute, Inc. ("ANSI"), American Society of Safety Engineers ("ASSE"), The Institute of Electrical and Electronics Engineers, Incorporated ("IEEE"), International Association of Plumbing & Mechanical Officials ("IAPMO"), National Electrical Manufacturers Association ("NEMA"), North American Energy Standards Board ("NAESB"), and Underwriters Laboratories Inc. ("UL"). Signed by Judge Tanya S. Chutkan on 12/29/15. (DJS) (Entered: 12/29/2015) |
| 12/29/2015 | | Set/Reset Deadlines: Responses due by 1/21/2016 Replies due by 2/4/2016. (zsm) (Entered: 12/29/2015) |
| 12/31/2015 | 130 | MOTION for Leave to File *Amicus Curiae Brief* by AMERICAN INSURANCE ASSOCIATION (Attachments: # 1 Text of Proposed Order)(Hollywood, Meegan) Modified on 1/7/2016 (zrdj). (Entered: 12/31/2015) |
| 01/08/2016 | 131 | |

| | | NOTICE of Appearance by Jeffrey T. Pearlman on behalf of Sina Bahram (Pearlman, Jeffrey) (Entered: 01/08/2016) |
|---|---|---|
| 01/08/2016 | 132 | Unopposed MOTION for Leave to File *AMICUS CURIAE BRIEF IN SUPPORT OF DEFENDANT* by Sina Bahram (Pearlman, Jeffrey). (Entered: 01/08/2016) |
| 01/08/2016 | 133 | Unopposed MOTION for Leave to File *AMICUS CURIAE BRIEF IN SUPPORT OF DEFENDANT* by Sina Bahram (Attachments: # 1 Text of Proposed Order [PROPOSED] ORDER GRANTING UNOPPOSED MOTION OF SINA BAHRAM FOR LEAVE TO FILE AMICUS CURIAE BRIEF IN SUPPORT OF DEFENDANT)(Pearlman, Jeffrey) (Entered: 01/08/2016) |
| 01/08/2016 | 134 | NOTICE of Appearance by Anthony A. Onorato on behalf of International Code Council, Inc. (Onorato, Anthony) (Entered: 01/08/2016) |
| 01/08/2016 | 135 | Unopposed MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Alan S. Wernick, :Firm– FisherBroyles LLP, :Address– 203 North LaSalle Street, Suite 2100, Chicago, IL 60601. Phone No. – (847) 786–1005. Fax No. – (847) 412–9965 Filing fee $ 100, receipt number 0090–4372570. Fee Status: Fee Paid. by International Code Council, Inc. (Onorato, Anthony) (Entered: 01/08/2016) |
| 01/08/2016 | 136 | Unopposed MOTION for Leave to File *Amicus Curiae Brief in Support of Plaintiffs' Motion for Summary Judgment* by International Code Council, Inc. (Attachments: # 1 Text of Proposed Order)(Onorato, Anthony) (Entered: 01/08/2016) |
| 01/08/2016 | 137 | AFFIDAVIT re 135 Unopposed MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Alan S. Wernick, :Firm– FisherBroyles LLP, :Address– 203 North LaSalle Street, Suite 2100, Chicago, IL 60601. Phone No. – (847) 786–1005. Fax No. – (847) 412–9965 Filing *Declaration of Alan S. Wernick in Support of Motion for Admission Pro Hac Vice and Proposed Order* by International Code Council, Inc.. (Attachments: # 1 Text of Proposed Order)(Onorato, Anthony) (Entered: 01/08/2016) |
| 01/09/2016 | | MINUTE ORDER: Granting 135 Motion for Leave to Appear Pro Hac Vice. Attorney Alan S. Wernick is hereby admitted pro hac vice to appear in this matter on behalf of amicus International Code Council, Inc. Signed by Judge Tanya S. Chutkan on 1/9/16. (DJS) Modified on 1/9/2016 (DJS). (Entered: 01/09/2016) |
| 01/09/2016 | | MINUTE ORDER: Granting 127 Motion for Leave to Appear Pro Hac Vice. Attorney Gerald W. Griffin is hereby admitted pro hac vice to appear in this matter on behalf of amici The American National Standards Institute, Inc. ("ANSI"), American Society of Safety Engineers ("ASSE"), The Institute of Electrical and Electronics Engineers, Incorporated ("IEEE"), International Association of Plumbing & Mechanical Officials ("IAPMO"), National Electrical Manufacturers Association ("NEMA"), North American Energy Standards Board ("NAESB"), and Underwriters Laboratories Inc. ("UL").Signed by Judge Tanya S. Chutkan on 1/9/16. (DJS) (Entered: 01/09/2016) |
| 01/10/2016 | | |

| | | |
|---|---|---|
| | | MINUTE ORDER: Granting 130 Motion for American Insurance Association (AIA) to file an amicus brief on behalf of Plaintiffs. Signed by Judge Tanya S. Chutkan on 1/10/16. (DJS) (Entered: 01/10/2016) |
| 01/10/2016 | | MINUTE ORDER: Granting 133 Motion for Sina Bahram to file an amicus brief on behalf of Defendant. Signed by Judge Tanya S. Chutkan on 1/10/16. (DJS) (Entered: 01/10/2016) |
| 01/10/2016 | | MINUTE ORDER: Granting 136 Motion of International Code Council, Inc. to file an amicus brief on behalf of Plaintiffs. Signed by Judge Tanya S. Chutkan on 1/10/16. (DJS) (Entered: 01/10/2016) |
| 01/11/2016 | 138 | NOTICE of Appearance by Charles Duan on behalf of PUBLIC KNOWLEDGE, KNOWLEGE ECOLOGY INTERNATIONAL, AMERICAN LIBRARY ASSOCIATION (Duan, Charles) (Entered: 01/11/2016) |
| 01/11/2016 | 139 | Amicus brief by AMERICAN INSURANCE ASSOCIATION in support of Plaintiffs' Motion for Summary Judgment. (Hollywood, Meegan) Modified on 1/12/2016 (DJS). (Entered: 01/11/2016) |
| 01/11/2016 | 140 | MOTION for Leave to File *Amicus Curiae Brief* by AMERICAN LIBRARY ASSOCIATION, KNOWLEGE ECOLOGY INTERNATIONAL, PUBLIC KNOWLEDGE (Attachments: # 1 Exhibit Amicus Curiae Brief, # 2 Text of Proposed Order Proposed Order, # 3 Exhibit Corporate Disclosure Statement)(Duan, Charles) (Entered: 01/11/2016) |
| 01/11/2016 | 141 | Unopposed MOTION for Leave to File *Amicus Brief* by Law Scholars (Attachments: # 1 Exhibit Amicus Brief, # 2 Text of Proposed Order Proposed order)(Gellis, Catherine) (Entered: 01/11/2016) |
| 01/11/2016 | | ORDER granting 140 Motion for Leave to File Brief of Amici Curae. Signed by Judge Tanya S. Chutkan on 1/11/16. (lctsc2) (Entered: 01/11/2016) |
| 01/11/2016 | | ORDER granting 141 Motion for Leave to File Brief of Amici Curae. Signed by Judge Tanya S. Chutkan on 1/11/16. (lctsc2) (Entered: 01/11/2016) |
| 01/11/2016 | 142 | Amicus Brief by AMERICAN NATIONAL STANDARDS INSTITUTE, INC. (Hochman Rothell, Bonnie) Modified on 1/12/2016 (DJS). (Entered: 01/11/2016) |
| 01/11/2016 | 143 | NOTICE of Appearance by Bruce D. Brown on behalf of The Reporters Committee for Freedom of the Press (Brown, Bruce) (Main Document 143 replaced on 1/12/2016) (ztd). (Entered: 01/11/2016) |
| 01/11/2016 | 144 | Consent MOTION for Leave to File *Amicus Curiae Brief* by The Reporters Committee for Freedom of the Press (Attachments: # 1 Proposed Amicus Curiae Brief, # 2 Text of Proposed Order)(Brown, Bruce) (Entered: 01/11/2016) |
| 01/11/2016 | 145 | Amicus Brief by INTERNATIONAL CODE COUNCIL, INC. (Onorato, Anthony) Modified on 1/12/2016 (DJS). (Entered: 01/11/2016) |
| 01/11/2016 | 146 | Amicus Brief by SINA BAHRAM. (Pearlman, Jeffrey) Modified on 1/12/2016 (DJS). (Entered: 01/11/2016) |
| 01/11/2016 | 147 | |

| | | | |
|---|---|---|---|
| | | | AMICUS BRIEF by AMERICAN LIBRARY ASSOCIATION, KNOWLEGE ECOLOGY INTERNATIONAL, PUBLIC KNOWLEDGE. (znmw) (Entered: 01/12/2016) |
| 01/11/2016 | 148 | | LCvR 7.1 CERTIFICATE OF DISCLOSURE of Corporate Affiliations and Financial Interests by AMERICAN LIBRARY ASSOCIATION, KNOWLEGE ECOLOGY INTERNATIONAL, PUBLIC KNOWLEDGE. (znmw) (Entered: 01/12/2016) |
| 01/11/2016 | 149 | | AMICUS BRIEF by LAW SCHOLARS. (znmw) (Entered: 01/12/2016) |
| 01/11/2016 | 150 | | ENTERED IN ERROR. . . . .Corporate Disclosure Statement by AMERICAN LIBRARY ASSOCIATION, KNOWLEGE ECOLOGY INTERNATIONAL, PUBLIC KNOWLEDGE. (td) Modified on 1/12/2016 (td). (Entered: 01/12/2016) |
| 01/12/2016 | | | ORDER granting 144 Motion for Leave to File Brief of Amicus Curiae. Signed by Judge Tanya S. Chutkan on 1/12/16. (lctsc2) (Entered: 01/12/2016) |
| 01/12/2016 | | | NOTICE OF CORRECTED DOCKET ENTRY: re 150 Corporate Disclosure Statement was entered in error and is a duplicate of docket entry no. 148 . (td) (Entered: 01/12/2016) |
| 01/12/2016 | 151 | | AMICUS BRIEF by REPORTERS COMMITTEE FOR FREEDOM OF THE PRESS. (td) (Entered: 01/12/2016) |
| 01/13/2016 | 152 | | Consent MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Sebastian E. Kaplan, :Firm– Fenwick & West LLP, :Address– 555 California Street, 12th Fl., San Francisco, CA 94104. Phone No. – (415) 875–2300. Fax No. – (415) 281–1350 Filing fee $ 100, receipt number 0090–4377635. Fee Status: Fee Paid. by PUBLIC.RESOURCE.ORG, INC. (Attachments: # 1 Declaration of Sebastian Kaplan, # 2 Text of Proposed Order)(Stoltz, Mitchell) (Entered: 01/13/2016) |
| 01/21/2016 | 153 | | VACATED PURSUANT TO MINUTE ORDER FILED 2/3/16. . . . .ORDER: Holding in abeyance Defendant's motion to file documents under seal 120 . Defendant's filing due 2/5/16. (See order for details). Signed by Judge Tanya S. Chutkan on 1/21/16. (DJS) Modified on 2/3/2016 (td). (Entered: 01/21/2016) |
| 01/21/2016 | 154 | | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by NATIONAL FIRE PROTECTION ASSOCIATION, INC. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Text of Proposed Order Proposed Order Granting Motion to Seal, # 2 Exhibit Exhibit A to Declaration of Christian Dubay, # 3 Exhibit Exhibit 1 to Declaration of Steve Comstock)(Klaus, Kelly) (Entered: 01/21/2016) |
| 01/21/2016 | 155 | | REPLY to opposition to motion re 118 MOTION for Summary Judgment filed by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC.. (Attachments: # 1 Supplemental Statement of Undisputed Facts, # 2 Disputes with Defendant's Statement of Facts, Evidentiary Objections and Opposition to Request for Judicial Notice, # |

| | | |
|---|---|---|
| | | 3 Response to Defendant's Statement of Facts, # 4 Response to Defendant's Evidentiary Objections, # 5 Declaration of Steven Comstock, # 6 Declaration of Christian Dubay, # 7 Supplemental Declaration of Thomas O'Brien, # 8 Supplemental Declaration of Jordana Rubel, # 9 Supplemental Declaration of James Thomas)(Fee, J.) Modified on 1/22/2016 to correct linkage (td). (Entered: 01/21/2016) |
| 01/21/2016 | 156 | Memorandum in opposition to re 124 MOTION to Strike 118 MOTION for Summary Judgment *and Permanent Injunction* MOTION for Permanent Injunction filed by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC.. (Fee, J.) (Entered: 01/21/2016) |
| 01/21/2016 | 157 | Memorandum in opposition to re 121 MOTION for Summary Judgment filed by AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., NATIONAL FIRE PROTECTION ASSOCIATION, INC..(See docket entry no. {155} (td) (Entered: 01/22/2016) |
| 01/22/2016 | | Set/Reset Deadlines: Defendant's Supplemental Filing due by 2/5/2016. (tth) (Entered: 01/22/2016) |
| 01/25/2016 | 158 | MOTION to Withdraw as Attorney *Simeon M Schopf* by AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC. (Attachments: # 1 Text of Proposed Order Proposed Order)(Cunningham, Jason) (Entered: 01/25/2016) |
| 01/27/2016 | 159 | MOTION for Leave to Appear Pro Hac Vice :Attorney Name– Rose Leda Ehler, :Firm– MUNGER, TOLLES & OLSON LLP, :Address– 560 Mission St., 27th Floor, San Francisco, CA 94105–2907. Phone No. – (415) 512–4000. Fax No. – (415) 644–6971 Filing fee $ 100, receipt number 0090–4391071. Fee Status: Fee Paid. by NATIONAL FIRE PROTECTION ASSOCIATION, INC. (Attachments: # 1 Declaration of Rose Leda Ehler in support of Motionto Admit Pro Hac Vice, # 2 Text of Proposed Order of Admission Pro Hac Vice)(Choudhury, Anjan) (Entered: 01/27/2016) |
| 01/28/2016 | | MINUTE ORDER: Granting 159 Motion for Leave to Appear Pro Hac Vice. Attorney Rose Leda Ehler is hereby admitted pro hac vice to appear in this matter on behalf of Plaintiff National Fire Protection Association, Inc. Signed by Judge Tanya S. Chutkan on 1/28/16. (DJS) (Entered: 01/28/2016) |
| 01/29/2016 | | MINUTE ORDER granting 158 Motion to Withdraw as Attorney. Attorney Simeon Meir Schopf terminated. Signed by Judge Tanya S. Chutkan on 1/29/16. (zsm) (Entered: 01/29/2016) |
| 02/03/2016 | | MINUTE ORDER: The Court's 1/21/16 Order 153 is hereby VACATED. Signed by Judge Tanya S. Chutkan on 2/3/16. (DJS) (Entered: 02/03/2016) |
| 02/04/2016 | | MINUTE ORDER granting 120 Sealed Motion for Leave to File Document Under Seal; granting 123 Sealed Motion for Leave to File Document Under Seal; granting 154 Sealed Motion for Leave to File Document Under Seal. Signed by Judge Tanya S. Chutkan on 2/4/16. (zsm) (Entered: 02/04/2016) |

| 02/04/2016 | 160 | SEALED DOCUMENT (Main document Part 1 of 4) filed by PUBLIC.RESOURCE.ORG, INC.. re Order on Sealed Motion for Leave to File Document Under Seal,,,,,,. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Part 2 of 4, # 2 Part 3 of 4, # 3 Part 4 of 4)(ztd) (Entered: 02/04/2016) |
|---|---|---|
| 02/04/2016 | 161 | SEALED DOCUMENT filed by PUBLIC.RESOURCE.ORG, INC.. re 160 Sealed Document, filed by PUBLIC.RESOURCE.ORG, INC.. (This document is SEALED and only available to authorized persons.)(ztd) (Entered: 02/04/2016) |
| 02/04/2016 | 162 | SEALED DOCUMENT (Part 1 of 27) filed by NATIONAL FIRE PROTECTION ASSOCIATION, INC.. re Order on Sealed Motion for Leave to File Document Under Seal,,,,,. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 Part 2 of 27, # 2 Part 3 of 27, # 3 Part 4 of 27, # 4 Part 5 of 27, # 5 Part 6 of 27, # 6 Part 7 of 27, # 7 Part 8 of 27, # 8 Part 9 of 27, # 9 Part 10 of 27, # 10 Part 11 of 27, # 11 Part 12 of 27, # 12 Part 13 of 27, # 13 Part 14 of 27, # 14 Part 15 of 27, # 15 Part 16 of 27, # 16 Part 17 of 27, # 17 Part 18 of 27, # 18 Part 19 of 27, # 19 Part 20 of 27, # 20 Part 21 of 27, # 21 Part 22 of 27, # 22 Part 23 of 27, # 23 Part 24 of 27, # 24 Part 25 of 27, # 25 Part 26 of 27, # 26 Part 27 of 27)(ztd) (Entered: 02/04/2016) |
| 02/04/2016 | 163 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by PUBLIC.RESOURCE.ORG, INC. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 [Sealed] Matthew Becker Declaration, # 2 [Sealed] Supplemental Statement of Undisputed Material Facts, # 3 [Sealed] Supplemental Statement of Disputed Material Facts, # 4 [Sealed] Consolidated List of Exhibits, # 5 [Sealed] Exhibit 7, # 6 [Sealed] Exhibit 10, # 7 [Sealed] Exhibit 11, # 8 Text of Proposed Order, # 9 Certificate of Service)(Bridges, Andrew) (Entered: 02/05/2016) |
| 02/05/2016 | 164 | REPLY in support of motion re 163 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by PUBLIC.RESOURCE.ORG, INC. (This document is SEALED and only available to authorized persons.), 120 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by PUBLIC.RESOURCE.ORG, INC. (This document is SEALED and only available to authorized persons.) filed by PUBLIC.RESOURCE.ORG, INC.. (Attachments: # 1 [Redacted] Declaration of Matthew Becker, # 2 [Redacted] Consolidated List of Exhibits, # 3 [Redacted] Response to Supplemental Statement of Facts, # 4 [Redacted] Response to Statement of Disputed Facts, # 5 Supplemental Objections to Evidence, # 6 Response to Evidentiary Objections, # 7 Supplemental Request for Judicial Notice, # 8 Supplemental Declaration of Carl Malamud, # 9 Exhibit 1, # 10 Exhibit 2, # 11 Exhibit 3, # 12 Exhibit 4, # 13 Exhibit 5, # 14 Exhibit 6, # 15 Exhibit [Redacted] 7, # 16 Exhibit 8, # 17 Exhibit 9, # 18 Exhibit [Redacted] 10, # 19 Exhibit [Redacted] 11, # 20 Exhibit 12, # 21 Exhibit 13, # 22 Exhibit 14, # 23 Exhibit 15, # 24 Exhibit 16, # 25 Exhibit 17)(Bridges, Andrew) Modified text on 2/5/2016 (ztd). (Entered: 02/05/2016) |
| 02/05/2016 | 165 | SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by PUBLIC.RESOURCE.ORG, INC. (This document is SEALED and only available to authorized persons.) (Attachments: # 1 [Sealed] Reply In |

| | | | |
|---|---|---|---|
| | | | Support of Motion to Strike the Expert Report of John Jarosz, # 2 Text of Proposed Order, # 3 Certificate of Service)(Bridges, Andrew) (Entered: 02/05/2016) |
| 02/05/2016 | 166 | | REPLY in support to motion re 165 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by PUBLIC.RESOURCE.ORG, INC. (This document is SEALED and only available to authorized persons.), 123 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL filed by PUBLIC.RESOURCE.ORG, INC. (This document is SEALED and only available to authorized persons.) filed by PUBLIC.RESOURCE.ORG, INC.. (Bridges, Andrew) Modified text on 2/5/2016 (ztd). (Entered: 02/05/2016) |
| 02/05/2016 | | | MINUTE ORDER granting 163 Sealed Motion for Leave to File Document Under Seal; granting 165 Sealed Motion for Leave to File Document Under Seal. Signed by Judge Tanya S. Chutkan on 2/5/16. (zsm) (Entered: 02/05/2016) |
| 02/05/2016 | 167 | | SEALED DOCUMENT filed by PUBLIC.RESOURCE.ORG, INC.. re Order on Sealed Motion for Leave to File Document Under Seal,. (This document is SEALED and only available to authorized persons.)(ztd) (Entered: 02/05/2016) |
| 02/05/2016 | 168 | | SEALED REPLY TO OPPOSITION filed by PUBLIC.RESOURCE.ORG, INC. re 124 MOTION to Strike 118 MOTION for Summary Judgment *and Permanent Injunction* MOTION for Permanent Injunction (ztd) (Entered: 02/05/2016) |
| 02/08/2016 | | | MINUTE ORDER: Granting 152 Motion for Leave to Appear Pro Hac Vice. Attorney Sebastian E. Kaplan is hereby admitted pro hac vice to appear in this matter on behalf of Defendant. Signed by Judge Tanya S. Chutkan on 2/8/16. (DJS) (Entered: 02/08/2016) |
| 02/08/2016 | 169 | | MOTION to Take Judicial Notice by NATIONAL FIRE PROTECTION ASSOCIATION, INC. (Attachments: # 1 Exhibit 1 to Plaintiffs' Request For Judicial Notice)(Ehler, Rose) (Entered: 02/08/2016) |
| 03/14/2016 | | | SEALED MINUTE ORDER granting 97 SEALED MOTION FOR LEAVE TO FILE DOCUMENT UNDER SEAL(This document is SEALED and only available to authorized persons.)Signed by Judge Tanya S. Chutkan on 3/14/16.(zsm) (Entered: 03/14/2016) |
| 03/14/2016 | 170 | | SEALED DOCUMENT (Exhibits) filed by AMERICAN SOCIETY FOR TESTING AND MATERIALS. re Sealed Order. (This document is SEALED and only available to authorized persons.)(ztd) (Entered: 03/14/2016) |
| 06/03/2016 | | | MINUTE ORDER. Motion Hearing on all pending motions set for 9/12/2016 at 9:30 AM in Courtroom 2 before Judge Tanya S. Chutkan. Signed by Judge Tanya S. Chutkan on 6/3/16. (lctsc2) (Entered: 06/03/2016) |
| 06/03/2016 | | | Set/Reset Hearings: Motion Hearing set for 9/12/2016 at 9:30 AM in Courtroom 2 before Judge Tanya S. Chutkan. (zsm) (Entered: 06/03/2016) |
| 06/30/2016 | 171 | | NOTICE *of Withdrawal of Counsel of Nathan M. Rehn* by NATIONAL FIRE PROTECTION ASSOCIATION, INC. (Rehn, Nathan) (Entered: 06/30/2016) |

| | | | |
|---|---|---|---|
| 09/09/2016 | | | MINUTE ORDER: The motions hearing previously scheduled for 9:30 a.m. on 9/12/2016 has been rescheduled to begin at 9:00 a.m. in Courtroom 2. Signed by Judge Tanya S. Chutkan on 9/9/2016. (lctsc2) (Entered: 09/09/2016) |
| 09/09/2016 | | | Set/Reset Hearings: Motion Hearing set for 9/12/2016 at 9:00 AM in Courtroom 2 before Judge Tanya S. Chutkan. (zsm) (Entered: 09/09/2016) |
| 09/12/2016 | | | Minute Entry for proceedings held before Judge Tanya S. Chutkan: Motion Hearing held on 9/12/2016 re 118 MOTION for Summary Judgment and Permanent Injunction MOTION for Permanent Injunction filed by NATIONAL FIRE PROTECTION ASSOCIATION, INC., AMERICAN SOCIETY FOR TESTING AND MATERIALS, AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR–CONDITIONING ENGINEERS, INC., 121 MOTION for Summary Judgment filed by PUBLIC.RESOURCE.ORG, INC. Motions taken under advisement. (Court Reporter Bryan Wayne.) (zsm) (Entered: 09/12/2016) |
| 09/21/2016 | 172 | | ORDER denying 124 Motion to Strike Expert Report. Signed by Judge Tanya S. Chutkan on 9/21/2016. (lctsc2) (Entered: 09/21/2016) |
| 09/21/2016 | | | MINUTE ORDER granting 169 Plaintiffs' Motion to Take Judicial Notice. Signed by Judge Tanya S. Chutkan on 9/21/2016. (lctsc2) (Entered: 09/21/2016) |
| 10/13/2016 | 173 | | TRANSCRIPT OF 9/12/16 MOTIONS HEARING, before Judge Tanya S. Chutkan, held on September 12, 2016. Page Numbers: 1–142. Date of Issuance: 10/13/16. Court Reporter: Bryan A. Wayne. Transcripts may be ordered by submitting the Transcript Order Form<br><br>For the first 90 days after this filing date, the transcript may be viewed at the courthouse at a public terminal or purchased from the court reporter referenced above. After 90 days, t he transcript may be accessed via PACER. Other transcript formats, (multi–page, condensed, CD or ASCII) may be purchased from the court reporter.<br><br>**NOTICE RE REDACTION OF TRANSCRIPTS:** The parties have twenty–one days to file with the court and the court reporter any request to redact personal identifiers from this transcript. If no such requests are filed, the transcript will be made available to the public via PACER without redaction after 90 days. The policy, which includes the five personal identifiers specifically covered, is located on our website at www.dcd.uscourts.gov.<br><br>Redaction Request due 11/3/2016. Redacted Transcript Deadline set for 11/13/2016. Release of Transcript Restriction set for 1/11/2017.(Wayne, Bryan) (Entered: 10/13/2016) |
| 10/14/2016 | 174 | | NOTICE OF WITHDRAWAL OF APPEARANCE as to PUBLIC.RESOURCE.ORG, INC.. Attorney Kathleen Lu terminated. (Lu, Kathleen) (Entered: 10/14/2016) |
| 02/02/2017 | 175 | 50 | MEMORANDUM AND OPINION re 118 Plaintiffs' motion for summary judgment and 121 Defendant's cross–motion for summary judgment. Signed by Judge Tanya S. Chutkan on 2/2/2017. (lctsc2) (Entered: 02/02/2017) |

| | | | |
|---|---|---|---|
| 02/02/2017 | <u>176</u> | 49 | ORDER granting <u>118</u> Plaintiffs' motion for summary judgment and denying <u>121</u> Defendant's cross–motion for summary judgment. See Order for more details. Signed by Judge Tanya S. Chutkan on 2/2/2017. (lctsc2) (Entered: 02/02/2017) |
| 02/02/2017 | | | MINUTE ORDER: Parties are ORDERED to submit a JOINT status report by 2/17/2017 (1) updating the court as to Defendant's compliance with <u>176</u> the court's order to remove the nine standards from its website and to cease all unauthorized use of Plaintiffs' trademarks, and (2) providing a jointly proposed schedule for this case going forward to resolve Plaintiffs' claims as to the remaining standards. Signed by Judge Tanya S. Chutkan on 2/2/2017. (lctsc2) (Entered: 02/02/2017) |
| 02/03/2017 | | | Set/Reset Deadlines: Joint Status Report due by 2/17/2017. (tb) (Entered: 02/03/2017) |
| 02/15/2017 | <u>177</u> | | NOTICE OF APPEAL TO DC CIRCUIT COURT as to <u>175</u> Memorandum & Opinion, <u>176</u> Order on Motion for Summary Judgment, Order on Motion for Permanent Injunction, by PUBLIC.RESOURCE.ORG, INC.. Filing fee $ 505, receipt number 0090–4843999. Fee Status: Fee Paid. Parties have been notified. (Bridges, Andrew) (Entered: 02/15/2017) |
| 02/16/2017 | <u>178</u> | | Transmission of the Notice of Appeal, Order Appealed, and Docket Sheet to US Court of Appeals. The Court of Appeals fee was paid this date 2/15/17 re <u>177</u> Notice of Appeal to DC Circuit Court,. (td) (Entered: 02/16/2017) |
| 02/17/2017 | <u>179</u> | | Joint STATUS REPORT by AMERICAN SOCIETY FOR TESTING AND MATERIALS. (Rubel, Jordana) (Entered: 02/17/2017) |
| 02/28/2017 | | | USCA Case Number 17–7035 for <u>177</u> Notice of Appeal to DC Circuit Court, filed by PUBLIC.RESOURCE.ORG, INC.. (td) (Entered: 02/28/2017) |
| 03/01/2017 | <u>180</u> | | NOTICE *RE PRELIMINARY AND NON–BINDING STATEMENT OF ISSUES BY APPELLANT/DEFENDANT–COUNTERCLAIMANT PUBLIC.RESOURCE.ORG, INC.* by PUBLIC.RESOURCE.ORG, INC. (Bridges, Andrew) (Entered: 03/01/2017) |
| 03/01/2017 | <u>181</u> | | NOTICE *OF TRANSCRIPT ORDER BY DEFENDANT–COUNTERCLAIMANT PUBLIC.RESOURCE.ORG, INC.* by PUBLIC.RESOURCE.ORG, INC. (Bridges, Andrew) (Entered: 03/01/2017) |
| 04/03/2017 | <u>182</u> | 47 | ORDER amending <u>176</u> Order. Signed by Judge Tanya S. Chutkan on 4/3/2017. (lctsc2) (Entered: 04/03/2017) |
| 04/06/2017 | <u>183</u> | 44 | Amended NOTICE OF APPEAL re appeal <u>177</u> by PUBLIC.RESOURCE.ORG, INC.. (Bridges, Andrew) (Entered: 04/06/2017) |

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS d/b/a ASTM INTERNATIONAL; | Case No. 1:13-cv-01215-TSC-DAR |
| NATIONAL FIRE PROTECTION ASSOCIATION, INC.; and | **AMENDED NOTICE OF APPEAL BY DEFENDANT-COUNTERCLAIMANT PUBLIC.RESOURCE.ORG, INC.** |
| AMERICAN SOCIETY OF HEATING, REFRIGERATING, AND AIR CONDITIONING ENGINEERS, | |
| Plaintiffs/Counter-defendants, | Action Filed:   August 6, 2013 |
| v. | |
| PUBLIC.RESOURCE.ORG, INC., | |
| Defendant/Counterclaimant. | |

Pursuant to 28 U.S.C. § 1292(a)(1), Defendant and Counterclaimant Public.Resource.Org,

Inc. hereby gives *amended* notice of its appeal to the United States Court of Appeals for the

District of Columbia Circuit from the Order of February 2, 2017, Dkt. no. 176, to reflect and

include the Court's Amended Order issued April 3, 2017, Dkt. no. 182, permanently enjoining

Public.Resource.Org and granting Plaintiffs' Motion for Summary Judgment and for a Permanent

Injunction, pursuant to this Court's decision in the memorandum opinion of February 2, 2017,

Dkt. no. 175.

Dated:  April 6, 2017

Respectfully submitted,

*/s/ Andrew P. Bridges*

Andrew P. Bridges (admitted)
abridges@fenwick.com
Sebastian E. Kaplan (admitted *pro hac vice*)
skaplan@fenwick.com
Matthew B. Becker (admitted *pro hac vice*)
mbecker@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone:  (415) 875-2300
Facsimile:   (415) 281-1350

Mitchell L. Stoltz (D.C. Bar No. 978149)
mitch@eff.org
Corynne McSherry (admitted *pro hac vice*)
corynne@eff.org
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA 94109
Telephone: (415) 436-9333
Facsimile:  (415) 436-9993

David Halperin (D.C. Bar No. 426078)
davidhalperindc@gmail.com
1530 P Street NW
Washington, DC 20005
Telephone: (202) 905-3434

*Attorneys for Defendant-Counterclaimant
Public.Resource.Org, Inc.*

2

## CERTIFICATE OF SERVICE

I hereby certify that the foregoing was electronically filed with the Clerk of the Court for

the District of Columbia and served on all counsel of record via the CM/ECF system on

April 6, 2017.

*/s/ Andrew P. Bridges*
                Andrew P. Bridges

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS, *et al.*, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | Case No. 13-cv-1215 (TSC) |
| v. | ) | |
| | ) | |
| PUBLIC.RESOURCE.ORG, INC., | ) | |
| | ) | |
| Defendant. | ) | |

**AMENDED ORDER**

Upon consideration of the parties' joint stipulation to a modified order in their Joint

Status Report (ECF No. 179), the court hereby amends its February 2, 2017 Order (ECF No.

176) to include the following:

It is ORDERED that Defendant is permanently enjoined from all unauthorized use of

Plaintiffs' registered trademarks, provided that nothing in this injunction is intended to or does

apply to (a) Defendant's use of Plaintiffs' names or logos in those documents that have been

filed publicly in this action and that Defendant has posted to its website; (b) Defendant's posting

or other use of letters that Plaintiffs themselves have sent to Defendant, governmental agencies,

or third parties and that include Plaintiffs' names or logos; (c) Defendant's use of Plaintiffs'

names or the names of their standards in tables that Defendant has posted to its website to

indicate jurisdictions that have incorporated such standards by reference; or (d) Defendant's

reference to Plaintiffs' names or the names of their standards in Defendant's critical commentary

and political speech, subject to the limitation that this does not permit Public Resource to display

on its website Plaintiffs' registered trademarks in versions of the standards that Plaintiffs publish.

Moreover, this injunction does not apply to third-party standards posted by Public Resource that merely reference Plaintiffs or Plaintiffs' works without reproducing Plaintiffs' works in whole or substantial part.

Date:  April 3, 2017

*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

2

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS, *et al.*, | ) ) ) ) | |
| Plaintiffs, | ) ) | Case No. 13-cv-1215 (TSC) |
| v. | ) ) | |
| PUBLIC.RESOURCE.ORG, INC., | ) ) | |
| Defendant. | ) ) | |

**ORDER**

Upon consideration of the parties' motions, and for the reasons set forth in the court's Memorandum Opinion, Plaintiffs' motion is GRANTED and Defendant's motion is DENIED.

It is hereby ORDERED that Defendant is permanently enjoined from all unauthorized use, including through reproduction, display, distribution, or creation of derivative works, of the following nine standards:  ASTM D86-07, ASTM D975-07, ASTM D396-98, ASTM D1217-93(98), NFPA National Electrical Code, 2011 ed. and 2014 ed., ASHRAE Standard 90.1, 2004 ed., 2007 ed., and 2010 ed.  It is FURTHER ORDERED that Defendant is permanently enjoined from all unauthorized use of Plaintiffs' registered trademarks.

Defendant is FURTHER ORDERED to remove all versions of these nine standards from its website and any other website within its possession, custody, or control within five days.


Date:  February 2, 2017


*Tanya S. Chutkan*
TANYA S. CHUTKAN
United States District Judge

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| AMERICAN SOCIETY FOR TESTING AND MATERIALS, *et al.*, ) ) ) | |
| Plaintiffs, ) | |
| ) | Case No. 13-cv-1215 (TSC) |
| v. ) | |
| PUBLIC.RESOURCE.ORG, INC., ) | |
| Defendant. ) | |
| AMERICAN EDUCATIONAL RESEARCH ASSOCIATION, INC. *et al.*, ) ) ) | |
| Plaintiffs, ) | |
| v. ) | Case No. 14-cv-0857 (TSC) |
| PUBLIC.RESOURCE.ORG, INC., ) | |
| Defendant. ) ) | |

**MEMORANDUM OPINION**

Before the court are motions and cross-motions for summary judgment in two related cases. Because there is significant factual and legal overlap between the two cases, the court issues this consolidated opinion to be filed in both cases.

Plaintiffs American Society for Testing and Materials ("ASTM"), National Fire Protection Association, Inc. ("NFPA"), and American Society of Heating, Refrigerating, and Air-Conditioning Engineers ("ASHRAE") (collectively "ASTM Plaintiffs") brought suit against Defendant Public.Resource.org, Inc. ("Public Resource") under the Copyright Act (17 U.S.C. § 101 *et seq.*) and the Lanham Act (15 U.S.C. § 1051 *et seq.*), alleging copyright infringement and trademark infringement. Plaintiffs American Educational Research Association, Inc.

1

("AERA"), American Psychological Association, Inc. ("APA"), and National Council on

Measurement in Education, Inc. ("NCME") (collectively "AERA Plaintiffs") also brought

copyright infringement claims against Public Resource under the Copyright Act. Plaintiffs[1] in

both cases seek permanent injunctions barring Defendant from continued display of their works.

     Plaintiffs moved for summary judgment, and Defendant filed cross-motions for summary

judgment in both cases. The court held a combined oral argument on September 12, 2016 to

consider the motions. Upon consideration of the parties' filings, the numerous amicus briefs,

and the arguments presented at the motions hearing, and for the reasons stated herein, the ASTM

Plaintiffs' motion for summary judgment is GRANTED and Defendant's cross-motion is

DENIED. The AERA Plaintiffs' motion for summary judgment is GRANTED IN PART AND

DENIED IN PART, and Defendant's cross-motion is DENIED.

## I.    FACTUAL BACKGROUND

### A.    The Parties

#### 1.    ASTM Plaintiffs

     ASTM Plaintiffs are not-for-profit organizations that develop private sector codes and

standards in order to advance public safety, ensure compatibility across products and services,

facilitate training, and spur innovation. (*See* ASTM Pls. Statement of Material Facts ("PSMF")

¶¶ 9, 13, 14, 86, 87, 129, 130 (ASTM ECF No. 118-2)).[2] These standards include technical

works, product specifications, installation methods, methods for manufacturing or testing

materials, safety practices, and other best practices or guidelines. (*Id.* ¶ 1). ASTM has

---

[1] For simplicity, the court's use of "Plaintiffs" refers collectively to the ASTM Plaintiffs and
AERA Plaintiffs.

[2] All initial citations to the record in this Opinion will include the docket number as "ASTM
ECF" or "AERA ECF."

2

developed over 12,000 standards that are used in a wide range of fields, including consumer

products, iron and steel products, rubber, paints, plastics, textiles, medical services and devices,

electronics, construction, energy, water, and petroleum products, and are the combined efforts of

over 23,000 technical members, representing producers, users, consumers, government, and

academia.  (*Id.* ¶¶ 13, 28, 41).  NFPA has developed over 300 standards in the areas of fire,

electrical, and building safety, with the goal of reducing the risk of death, injury, and property

and economic loss due to fire, electrical, and related hazards.  (*Id.* ¶¶ 86, 87, 92).  NFPA's most

well-known standard is the National Electrical Code, first published in 1897 and most recently in

2014.  (*Id.* ¶¶ 93–94).  Finally, ASHRAE has published over 100 standards for a variety of

construction-related fields, including energy efficiency, indoor air quality, refrigeration, and

sustainability.  (*Id.* ¶ 130).

### 2.    AERA Plaintiffs

AERA Plaintiffs are not-for-profit organizations that collaboratively develop the

Standards for Educational and Psychological Testing, including the 1999 edition at issue in this

case ("the 1999 Standards").  (AERA PSMF ¶¶ 1, 5, 13 (AERA ECF No. 60-2)).  AERA is a

national scientific society whose mission is "to advance knowledge about education, to

encourage scholarly inquiry related to education, and to promote the use of research to improve

education."  (*Id.* ¶ 2).  APA is the world's largest association of psychologists, and its mission is

"to advance the creation, communication, and application of psychological knowledge."  (*Id.*

¶ 3).  Finally, NCME is a professional organization "for individuals involved in assessment,

evaluation, testing, and other aspects of educational measurement."  (*Id.* ¶ 4).

### 3.    Public Resource

Defendant Public Resource is a not-for-profit entity devoted to publicly disseminating

3

legal information.  (ASTM DSMF ¶¶ 1–2 (ASTM ECF No. 120-3); AERA DSMF ¶¶ 1–2

(AERA ECF No. 68-3)).  Its mission is "make the law and other government materials more

widely available so that people, businesses, and organizations can easily read and discuss [the]

laws and the operations of government."  (ASTM DSMF ¶ 2; AERA DSMF ¶ 2).  Public

Resource has posted government-authored materials on its website, including judicial opinions,

Internal Revenue Service records, patent filings, and safety regulations.  (ASTM DSMF ¶¶ 3–4;

AERA DSMF ¶¶ 3–4).  It does not charge fees to view or download the materials on its website.

(ASTM DSMF ¶ 5; AERA DSMF ¶ 5).

### B.    Incorporation by Reference of Industry Standards

In the United States, a complex public-private partnership has developed over the last

century in which private industry groups or associations, rather than government agencies,

typically develop standards, guidelines, and procedures that set the best practices in a particular

industry.[3]  Applicable standards are used by entities and individuals in order to self-regulate and

conform to the best practices of that industry.  Professor Peter Strauss has noted that

"manufacturing and markets are greatly aided, and consumers offered protection, by the

application of uniform industrial standards created independent of law, as means of assuring

quality, compatibility, and other highly desired market characteristics."  Peter L. Strauss, *Private*

*Standards Organizations and Public Law*, 22 Wm. & Mary Bill Rts. J. 497, 499 (2013).

---

[3] *See* U.S. Office of Management and Budget, Revised Circular No. A-119,
https://obamawhitehouse.archives.gov/sites/default/files/omb/inforeg/revised_circular_a-119_as_of_1_22.pdf ("OMB Revised Circular") at 1 (Jan. 27, 2016) ("The vibrancy and
effectiveness of the U.S. standards system in enabling innovation depends on continued private
sector leadership and engagement.  Our approach—reliance on private sector leadership,
supplemented by Federal government contributions to discrete standardization processes as
outlined in OMB Circular A-119—remains the primary strategy for government engagement in
standards development.").

4

Standards are typically developed by standards developing organizations ("SDOs"), like Plaintiffs, who work to develop "voluntary consensus standards," such as those here. Voluntary consensus standards are the ultimate product of many volunteers and association members from numerous sectors bringing together technical expertise. They are "developed using procedures whose breadth of reach and interactive characteristics resemble governmental rulemaking, with adoption requiring an elaborate process of development, reaching a monitored consensus among those responsible within the SDO." *Id.* at 501. ASTM Plaintiffs develop their standards using technical committees with representatives from industry, government, consumers, and technical experts. (ASTM PSMF ¶¶ 7, 28, 29, 109, 114, 135). These committees conduct open proceedings, consider comments and suggestions, and provide for appeals, and through subcommittees, draft new standards, which the full committees vote on. (*Id.* ¶¶ 31–37, 109, 136, 139). The AERA Plaintiffs developed the 1999 Standards through a Joint Committee which considered input from the public in a notice-and-comment process. (AERA PSMF ¶¶ 13–16).

Pursuant to 5 U.S.C. § 552, federal agencies may incorporate voluntary consensus standards—as well as, for example, state regulations, government-authored documents, and product service manuals—into federal regulations by reference. *See* Emily S. Bremer, *Incorporation by Reference in an Open-Government Age*, 36 Harv. J.L. & Pub. Pol'y 131, 145–47 (2013) (providing a general overview of the federal government's incorporation of materials by reference). The federal government's practice of incorporation by reference of voluntary consensus standards is intended to achieve several goals, including eliminating the cost to the federal government of developing its own standards, encouraging long-term growth for U.S. enterprises, promoting efficiency, competition, and trade, and furthering the reliance upon private sector expertise. *See* OMB Revised Circular, *supra*, at 14.

5

Section 552(a)(1) provides that "a person may not in any manner be required to resort to, or be adversely affected by, a matter required to be published in the Federal Register and not so published[, but] . . . matter *reasonably available to the class of persons affected thereby* is deemed published in the Federal Register when incorporated by reference therein with the approval of the Director of the Federal Register." 5 U.S.C. § 552(a)(1) (emphasis added). The Office of the Federal Register ("OFR") adopted regulations pursuant to § 552(a)(1) in 1982 and issued revised regulations in 2014. *See* Approval Procedures for Incorporation by Reference, 47 Fed. Reg. 34,107 (Aug. 6, 1982) (codified at 1 C.F.R. § 51.1 *et seq.*); 79 Fed. Reg. 66,267 (Nov. 7, 2014). These regulations specify that a "publication is eligible for incorporation by reference" if it is "published data, criteria, standards, specifications, techniques, illustrations, or similar material; and [d]oes not detract from the usefulness of the Federal Register publication system." 1 C.F.R. § 51.7(a)(2). To determine whether the material is "reasonably available" as required by the statute, OFR will consider "[t]he completeness and ease of handling of the publication" and "[w]hether it is bound, numbered, and organized, as applicable." *Id.* § 51.7(a)(3). All the standards at issue in this case have been incorporated by reference into federal law. (ASTM DSMF ¶ 22; 34 C.F.R. § 668.146 (incorporating AERA Plaintiffs' 1999 Standards).

Standards that are incorporated by reference are available in person at the OFR in Washington, DC and/or with the incorporating agency. *See* 1 C.F.R. § 51.3(b)(4). Federal regulations that incorporate standards by reference typically direct interested individuals or entities to location(s) where they may view the incorporated documents in person. For example, the Environmental Protection Agency's ("EPA") regulation, 40 C.F.R. § 60.17(a), which incorporates numerous standards at issue here, states that:

> Certain material is incorporated by reference into this part with the approval of the Director of the Federal Register under 5 U.S.C. § 552(a) and 1 CFR part 51. . . .

6

> All approved material is available for inspection at the EPA Docket Center, Public Reading Room, EPA WJC West, Room 3334, 1301 Constitution Ave. NW, Washington, DC, telephone number 202-566-1744, and is available from the sources listed below.  It is also available for inspection at the National Archives and Records Administration (NARA).  For information on the availability of this material at NARA, call (202) 741-6030 or go to http://www.archives.gov/federal_register/code_of_federal_regulations/ibr_locations.html.

The EPA regulation further specifies that, for example, the 206 ASTM standards incorporated by reference by the EPA (some of which are involved in this suit) are "available for purchase from ASTM International, 100 Barr Harbor Drive, P.O. Box CB700, West Conshohocken, Pennsylvania 19428-2959, (800) 262-1373, http://www.astm.org."  40 C.F.R. § 60.17(h).  The U.S. Department of Education incorporated the AERA Plaintiffs' 1999 Standards by reference at 34 C.F.R. § 668.146(b)(6), which states that the standards are:

> on file at the Department of Education, Federal Student Aid, room 113E2, 830 First Street, NE, Washington, DC 20002, phone (202) 377-4026, and at the National Archives and Records Administration (NARA).  For information on the availability of this material at NARA, call 1-866-272-6272, or to go: http://www.archives.gov/federal-register/code-of-federal-regulations/ibr-locations.html.  The document may also be obtained from the American Educational Research Association.

ASTM Plaintiffs sell PDF and hard copy versions of their standards, including those that have been incorporated by reference into law.  (ASTM PSMF ¶¶ 57, 99, 157).  The prices for the standards in this case range from $25 to $200.  (*Id.* ¶¶ 58, 99, 158).  The ASTM Plaintiffs also maintain "reading rooms" on their websites that allow interested parties to view Plaintiffs' standards that have been incorporated by reference.  (*Id.* ¶¶ 63–64, 100, 161).  The standards in these reading rooms are "read-only," meaning they appear as images that may not be printed or downloaded.  (*Id.*).  AERA Plaintiffs sell hardcopy versions of the 1999 Standards, but do not sell digital or PDF versions.  (AERA PSMF ¶¶ 30, 33).  The prices for the 1999 Standards have ranged from $25.95 to $49.95 per copy, and they were sold continuously from 2000 through 2014, except for a nearly two-year period.  (*Id.* ¶¶ 34–35).

7

### C.    Plaintiffs' Claims in This Action

#### 1.    ASTM et al. v. Public Resource

This case involves 257 of ASTM Plaintiffs' standards that have been incorporated by reference into federal law. (*See* ASTM Compl. Ex. A–C; ASTM DSMF ¶ 22). Defendant admits that it purchased hard copies of each of the standards at issue, scanned them into PDF files, added a cover sheet, and posted them online. (ASTM DSMF ¶¶ 173–74, 177–78; ASTM PSMF ¶¶ 182–87). Defendant re-typed some of ASTM Plaintiffs' standards and posted them online, with text in Hypertext Markup Language (HTML) format and graphics and figures in Mathematics Markup Language and Scalable Vector Graphics formats. (ASTM DSMF ¶¶ 83, 175). The copies posted on Defendant's website all bore ASTM Plaintiffs' trademarks. (ASTM PSMF ¶ 210). Defendant also uploaded the ASTM Plaintiffs' standards to the Internet Archive, a separate independent website. (*Id.* ¶ 185).

The ASTM Plaintiffs allege that their standards are original works protected from copyright infringement, and brought claims of copyright infringement, contributory copyright infringement, trademark infringement, unfair competition and false designation, and trademark infringement under common law. (ASTM Compl. ¶¶ 142–95). Defendant counter-sued, seeking a declaratory judgment that its conduct does not violate copyright law or trademark law. (ASTM Ans. ¶¶ 174–205). Both sides have filed motions for summary judgment.

#### 2.    AERA et al. v. Public Resource

This case involves the 1999 Standards, which AERA Plaintiffs have sold since 2000. (AERA PSMF ¶¶ 34–35). In May 2012, Public Resource purchased a paper copy of the 1999 Standards, disassembled it, scanned the pages, created a PDF file, attached a cover sheet, and, without authorization from the AERA Plaintiffs, posted the PDF file to Public Resource's

8

website and the Internet Archive. (AERA DSMF ¶ 28; AERA PSMF ¶¶ 69–80). Public Resource posted a read-only version of the 1999 Standards to its website, unlike many of the ASTM Plaintiffs' standards, which had undergone optical character recognition ("OCR") processing to be text-searchable. (*Id.* ¶ 73). OCR processing uses a machine to recognize letters and words in a PDF and translate them into letters or words that can be searched and used by text-to-speech software for individuals who are blind or visually impaired. (*Id.* ¶¶ 73–75).

Plaintiffs allege that the 1999 Standards are protected original works, and they brought suit claiming copyright infringement and contributory copyright infringement. (AERA Compl. ¶¶ 50–63). Defendant counter-sued seeking a declaratory judgment that its conduct does not violate copyright law or trademark law. (AERA Ans. ¶¶ 116–37). Both sides have moved for summary judgment.

## II.    LEGAL STANDARD

Summary judgment may be granted if "the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986) ("[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact.") (emphasis in original); *Holcomb v. Powell*, 433 F.3d 889, 895 (D.C. Cir. 2006). Summary judgment may be rendered on a "claim or defense . . . or [a] part of each claim or defense." Fed. R. Civ. P. 56(a).

"A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record." Fed. R. Civ. P. 56(c)(1)(A). "A fact is 'material' if a dispute over it might affect the outcome of a suit under governing law;

9

factual disputes that are 'irrelevant or unnecessary' do not affect the summary judgment determination. An issue is 'genuine' if 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Holcomb*, 433 F.3d at 895 (quoting *Liberty Lobby*, 477 U.S. at 248) (citation omitted). The party seeking summary judgment "bears the heavy burden of establishing that the merits of his case are so clear that expedited action is justified." *Taxpayers Watchdog, Inc. v. Stanley*, 819 F.2d 294, 297 (D.C. Cir. 1987).

In considering a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his favor." *Liberty Lobby*, 477 U.S. at 255; *see also Mastro v. Potomac Elec. Power Co.*, 447 F.3d 843, 850 (D.C. Cir. 2006) ("We view the evidence in the light most favorable to the nonmoving party and draw all inferences in its favor."). The nonmoving party's opposition, however, must consist of more than mere unsupported allegations or denials, and must be supported by affidavits, declarations, or other competent evidence setting forth specific facts showing that there is a genuine issue for trial. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986). The non-movant "is required to provide evidence that would permit a reasonable jury to find [in his favor]." *Laningham v. U.S. Navy*, 813 F.2d 1236, 1242 (D.C. Cir. 1987).

## III. ANALYSIS

### A. Copyright Infringement

Under the Copyright Act, copyright in a work vests initially in the author(s) of that work. 17 U.S.C. § 201(a). Ownership can be transferred in whole or in part, and the exclusive rights of copyright ownership may also be transferred. *Id.* § 201(d). An owner of a valid copyright has the "exclusive right" to reproduce, distribute, or display the copyrighted works as well as prepare derivative works based upon it. *Id.* § 106(1)–(3), (5). Anyone who violates the exclusive rights

of the copyright owner "is an infringer of the copyright or right of the author, as the case may

be." *Id.* § 501(a). The legal or beneficial owner of that exclusive right may then "institute an

action for any infringement." *Id.* § 501(b). In order to succeed on their copyright infringement

claims, the Plaintiffs must prove both "'(1) ownership of a valid copyright, and (2) copying of

constituent elements of the work that are original.'" *Stenograph, LLC v. Bossard Assoc., Inc.*,

144 F.3d 96, 99 (D.C. Cir. 1998) (quoting *Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S.

340, 361 (1991)).

### 1.   *Feist* **Prong 1:  Ownership of a Valid Copyright**

#### a.   Ownership

The court must first decide the threshold issue of whether Plaintiffs own the copyrights in

part or outright such that they have standing to challenge Defendant's alleged infringement. The

Copyright Act provides that possession of a certificate of registration from the U.S. Copyright

Office "made before or within five years after first publication of the work shall constitute prima

facie evidence," creating a rebuttable presumption of ownership of a valid copyright. 17 U.S.C.

§ 410(c); *see also MOB Music Publ'g. v. Zanzibar on the Waterfront, LLC*, 698 F. Supp. 2d 197,

202 (D.D.C. 2010). If the copyright was registered more than five years after the work was

published, then the "evidentiary weight to be accorded . . . shall be within the discretion of the

court." 17 U.S.C. § 410(c).

When a party offers as prima facie evidence a registration certificate for a compilation of

individual works that it authored, rather than the registration for a specific individual work, a

court may consider this to be similar prima facie evidence of ownership, creating the same

rebuttable presumption. *See Xoom, Inc. v. Imageline, Inc.*, 323 F.3d 279, 283-84 (4th Cir. 2003),

*abrogated by Reed Elsevier, Inc. v. Muchnick*, 559 U.S. 154 (2010); *Morris v. Business*

11

*Concepts, Inc.*, 259 F.3d 65, 68 (2d Cir. 2001), *abrogated on other grounds by Muchnick*, 559

U.S. 154 (2010). Moreover, the registration certificate is sufficient prima facie evidence for the

individual works within the compilation if the compilation is deemed to be a "single work."

Federal regulations provide that "all copyrightable elements that are otherwise recognizable as

self-contained works, that are included in a single unit of publication, and in which the copyright

claimant is the same" constitute a "single work," such that they are validly registered under a

single registration certificate  37 C.F.R. § 202.3(b)(4)(A); *Kay Berry, Inc. v. Taylor Gifts, Inc.*,

4221 F.3d 199, 205–06 (3d Cir. 2005); *Yurman Studio, Inc. v. Castaneda*, 591 F. Supp. 2d 471,

483 (S.D.N.Y. 2008).

Once a copyright holder has proffered this prima facie evidence, the alleged infringer

"challenging the validity of the copyright has the burden to prove the contrary." *Hamil Am., Inc.

v. GFI, Inc.*, 193 F.3d 92, 98 (2d Cir. 1999); *United Fabrics Int'l, Inc. v. C&J Wear, Inc.*, 630

F.3d 1255, 1257 (9th Cir. 2011) (infringer "has the burden of rebutting the facts set forth in the

copyright certificate"). The defendant-infringer might argue that the plaintiff-copyright holder

had some defect in the record-keeping submitted to establish ownership. However, this "skips a

step," as the defendant must first "set forth facts that rebut the presumption of validity to which

[the plaintiff's] copyright is entitled" before attacking the sufficiency of a plaintiff's evidence of

ownership. *United Fabrics*, 630 F.3d at 1257. The infringer must use "*other evidence* in the

record [to] cast[] doubt on" the validity of the ownership. *Fonar Corp. v. Domenick*, 105 F.3d

99, 104 (2d Cir. 1997) (emphasis in original). The court in *Fonar* noted that defendant-infringers

have overcome the presumption of validity with evidence that the work has been copied from the

public domain and evidence that the work was non-copyrightable. *Id.* (citing *Folio Impressions,

Inc. v. Byer Cal.*, 937 F.2d 759, 763–64 (2d Cir. 1991); *Carol Barnhart, Inc. v. Economy Cover*

12

*Corp.*, 773 F.2d 411, 414 (2d Cir. 1985)).  Parties challenging the validity of copyright

registrations must therefore do more than simply point out potential errors in the certificate.  *See*

2 Nimmer on Copyright § 7.20(b)(1) ("a misstatement . . . in the registration application, if

unaccompanied by fraud, should neither invalidate the copyright nor render the registration

certificate incapable of supporting an infringement action").

The ASTM Plaintiffs produced copyright certificates for each of the nine standards at

issue, and each of these certificates list the ASTM Plaintiffs as the authors of the works.[4]  The

AERA Plaintiffs also produced the copyright certificates for the 1999 Standards, listing the

AERA Plaintiffs as authors.[5]  Two of ASTM's standards—D86-07 and D975-07—were

registered more than five years after they were published.  The court accords these the same

evidentiary weight as if they had been registered within five years.  *See* 17 U.S.C. § 410(c) (court

has discretion over evidentiary weight).  Moreover, the court finds that the registration certificate

for the 1999 Book of Standards sufficiently establishes prima facie evidence of ASTM's

ownership of D396-98 and D1217-93(98).  Therefore, the ASTM Plaintiffs and AERA Plaintiffs

have established their ownership of the works at issue with prima facie evidence.

---

[4]  The nine copyright registrations are provided in the record here:

- ASTM:  Ex. 1 to O'Brien Decl. (ASTM D86-07) (ASTM ECF No. 118-7, p. 13); Ex. 2 to O'Brien Decl. (ASTM D975-07) (ASTM ECF No. 118-7, p. 16); Ex. 4 to O'Brien Decl. (1999 Annual Book of ASTM Standards) (ASTM ECF No. 118-7, p. 23); Ex. 3 to O'Brien Decl. (listing ASTM D396-98 and ASTM D1217-93(98) as standards included in the 1999 Annual Book of ASTM Standards) (ASTM ECF No. 118-7, pp. 20–21).

- NFPA:  Ex. A to Berry Decl. (National Electrical Code, 2011 ed.) (ASTM ECF No. 118-3, p. 6); Ex. B to Berry Decl. (2014 ed.) (ASTM ECF No. 118-3, p. 8).

- ASHRAE:  Ex. 3 to Reiniche Decl. (Standard 90.1, 2004 ed.) (ASTM ECF No. 118-10, page 16); Ex. 4 to Reiniche Decl. (2007 ed.) (ASTM ECF No. 118-10, page 19); Ex. 5 to Reiniche Decl. (2010 ed.) (ASTM ECF No. 118-10, page 22).

[5]  Ex. RRR to Levine Decl. (original copyright registration) (AERA ECF No. 60-83); Ex. SSS to Levine Decl. (2014 corrected registration) (AERA ECF No. 60-84).

The burden to offer evidence disproving ownership thus shifts in both cases to Defendant. *See Zanzibar*, 698 F. Supp. 2d at 202; *Roeslin v. District of Columbia*, 921 F. Supp. 793, 797 (D.D.C. 1995) (finding that because the copyright registration listed plaintiff as the author, the "burden is thus on the defendant to establish" that plaintiff was not the author). To rebut the presumption of validity, in both cases Defendant pointed to the fact that the certificates state that the standards were "works for hire"—i.e., that Plaintiffs acquired authorship and ownership rights because their employees or anyone who signed a work-for-hire agreement wrote the standards—and the certificates further state that Plaintiffs are the authors of the "entire text[s]," when Plaintiffs have said that the standards are drafted by hundreds or thousands of volunteer contributors. Defendant contends that the certificates must list all of these hundreds or thousands of authors in order to be accurate, and that the failure to do so is a material error which strips Plaintiffs of the presumption of ownership. However, Defendant offers scant support for this argument.

Moreover, Defendant failed to meet its initial burden, since it did not adduce any additional evidence *disproving* Plaintiffs' authorship. Instead, Defendant points to weaknesses in the additional evidence that Plaintiffs proffered to establish their ownership, including questioning whether every one of the hundreds of Plaintiffs' members who contributed to the standards at issue signed an agreement with appropriate language transferring or assigning copyright ownership to Plaintiffs. Because Plaintiffs may have standing to bring this infringement suit even as part owners of the copyrights, it is not clear why Defendant asserts that Plaintiffs must prove outright ownership of their copyrights. Beyond showing that Plaintiffs' recordkeeping could perhaps be more thorough, Defendant has not identified any evidence that either the ASTM Plaintiffs or AERA Plaintiffs do not own the copyrights of the standards, in

14

63

whole or in part.  The court therefore concludes that the ASTM Plaintiffs and AERA Plaintiffs

are the owners of the copyrights at issue and have standing to bring their claims.[6]

>    b.    <u>Valid Copyrights</u>

Defendant also argues that Plaintiffs do not own "valid" copyrights under *Feist* because

the standards either were never copyrightable or lost their copyright protection upon

incorporation by reference into federal regulations.  Defendant argues that the standards cannot

be copyrighted because: (1) they are methods or systems, which are not entitled to protection

under 17 U.S.C. § 102(b); (2) the standards are in the public domain as "the law"; and (3)  the

merger and *scènes à faire* doctrines preclude a finding of infringement.

>    *(i).    Methods or Systems under Copyright Act § 102(b)*

Section 102(b) of the Copyright Act specifies eight types of works that are not protected

by copyright:  "In no case does copyright protection for an original work of authorship extend to

any idea, procedure, process, system, method of operation, concept, principle, or discovery,

regardless of the form in which it is described, explained, illustrated, or embodied in such work."

17 U.S.C. § 102(b).  Though these eight types of works are not further defined in the statute, the

legislative history accompanying the Copyright Act of 1976 offers some starting guidance:

"Section 102(b) in no way enlarges or contracts the scope of copyright protection under the

present law.  Its purpose is to restate, in the context of the new single Federal system of

copyright, that the basic dichotomy between expression and idea remains unchanged."  H.R.

---

[6] Defendant did not dispute that "ASTM has copyright registrations that cover each of the standards at issue in this litigation" except as to one standard, ASTM D323-58(68).  (*See* Def. Statement of Disputed Facts ¶ 70 (ASTM ECF No. 121-3)).  Therefore, unless Defendant presents evidence disproving ownership, the court is likely to conclude, based on these copyright registrations, that the ASTM Plaintiffs are the owners of the remaining standards at issue in this litigation, with the exception of D323-58(68).  As to this standard, ASTM will need to present additional evidence establishing ownership.

Rep. No. 94-1476, at 57, *reprinted in* 1976 U.S.C.C.A.N. 5659, 5670 (Sept. 3, 1976); S. Rep.

No. 94-473 (Nov. 20, 1975); *see also* 1-2A Nimmer on Copyright § 2A.06(a)(1) (summarizing

legislative history).  The "basic dichotomy" refers to the well-established principle that ideas

cannot be copyrighted, but expression of those ideas can be.  *See* 1-2A Nimmer on Copyright

§ 2A.06(a)(2)(b) (a work "is to be denied protection only if that protection would be tantamount

to protecting an excluded category (e.g., idea or method of operation) without regard to the fact

that the excluded subject matter is expressed or embodied in expression").

This section of the Copyright Act codifies the Supreme Court's 1879 decision in *Baker v.

Selden*, 101 U.S. 99 (1897), which denied copyright protection for systems, methods, processes,

and ideas.  *Baker* evaluated a copyright claim by the author of a manual describing "a peculiar

system of book-keeping" against a defendant who published a similar guide to book-keeping

using "a similar plan so far as results are concerned[,] but mak[ing] a different arrangement of

the columns, and us[ing] different headings."  *Id.* at 100.  The Court defined the question as

"whether the exclusive property in a system of book-keeping can be claimed, under the law or

copyright, by means of a book in which that system is explained."  *Id.* at 101.  In answering this

question, the Court offered as an example that "[t]he copyright of a work on mathematical

science cannot give to the author an exclusive right to the methods of operation which he

propounds, or to the diagrams which he employs to explain them, so as to prevent an engineer

from using them whenever occasion requires."  *Id.* at 103.  This distinction between the actual

method or system described by a work, which cannot be copyrighted, and the written words

describing it, which can, is fundamental to understanding the Copyright Act's modern limitations

to copyright protection in § 102(b).

Defendant primarily argues that the Plaintiffs' standards are completely devoid of

16

creative expression and are merely recitations of processes or procedures that a person or entity would follow.  Part of this argument appears to rest only on the fact that the names of the ASTM Plaintiffs' standards, and their descriptions or advertisements, include the words "method" and "procedure."  *See, e.g.*, ASTM D86-07 Standard Test Method for Distillation of Petroleum Products at Atmospheric Pressure, Ex. 6 to Decl. of Thomas O'Brien ("O'Brien Decl.") (ASTM ECF No. 118-7 at 107)); ASTM D1217-93(98) Standard Test Method for Density and Relative Density (Specific Gravity) of Liquids by Bingham Pycnometer, Ex. 9 to O'Brien Decl. (ASTM ECF No. 118-7 at 136).  Additionally, the AERA Plaintiffs' Rule 30(b)(6) representative noted that the 1999 Standards "describe procedures, statistical procedures, research procedures . . . how to design a test, how to collect evidence of validity, [and] how to calculate the reliability of tests."  (Def. Br. at 32 (citing AERA DSMF ¶ 77)).  However, simply calling a work a "procedure" or a "method" does not revoke its copyright protection under the Copyright Act. This argument misunderstands or ignores the expression/idea dichotomy rooted in *Baker* and codified in § 102(b).

Defendant also emphasizes that because the Plaintiffs' standards are highly technical, complex, and precise, and because testimony shows that the ASTM Plaintiffs attempt to create the "best" standards, then the standards are "dictated by utility" or just "discovered facts," and lack any creative expressive content.  However, the court rejects the argument that voluntary consensus standards, such as those here, are analogous to a list of ingredients or basic instructions in a recipe, or a series of yoga poses, as in the cases cited by Defendant.  Not only is there a vast gulf between the simplicity of an ingredient list and the complexity of the standards,

17

but, more importantly, the standards plainly contain expressive content.[7]  As one example,

ASTM D1217-93 lists under the heading "Significance and Use":  "Although [the standard] is no

longer employed extensively for the purpose, this test method is useful whenever accurate

densities of pure hydrocarbons or petroleum fractions with boiling points between 90 and 110°C

are required."  (ASTM ECF No. 118-7 at 136).

The standards in these cases contain expression that is certainly technical but that still

bears markings of creativity.  As the Supreme Court instructed in *Feist*, "the requisite level of

creativity is extremely low; even a slight amount will suffice.  The vast majority of works make

the grade quite easily, as they possess some creative spark, 'no matter how crude, humble or

obvious' it might be."  499 U.S. at 345 (quoting 1 M. Nimmer & D. Nimmer, Copyright

§ 1.08(C)(1) (1990)).  Moreover, as Defendant conceded, there are many possible forms of

expression through which the technical material in the standards could be conveyed, and the

volunteer and association members who collectively author the standards "debate wording in the

standards."  (Def. Br. at 32 (ASTM ECF No. 121)).  Thus, however "humble" or "obvious"

Defendant finds the Plaintiffs' creative choices, the standards still bear at least the "extremely

low" amount of creativity required by the Supreme Court.  Moreover, the undisputed record

evidence also shows that other parties have written different standards on the same exact subject

matter as ASTM Plaintiffs' standards, undermining the argument that the standards are so

technical and precise there can be only one possible expression.  (ASTM PSMF ¶¶ 38, 133).

Importantly, *Baker* and § 102(b) bar Plaintiffs from attempting to copyright the system or

---

[7]  Defendant does not request that this court scour the over 1,000 pages of the nine of ASTM
Plaintiffs' standards provided to the court or the over 200 pages of the 1999 Standards, and the
court was not provided with copies of the remaining standards.  The court declines to engage in
such an exercise here.

18

method *itself*, not the written work explaining or describing that method. Here, the copyright

protections held by the Plaintiffs do not prevent any person or entity from using or applying the

procedures described in the standards, only from copying their written descriptions of those

standards. Defendant presented no evidence that the Plaintiffs have sought to block an entity or

person from *using* the procedures described in the standards. In fact, use of the procedures

described is the *entire purpose* of such voluntary consensus standards. The court therefore

concludes that § 102(b) of the Copyright Act does not preclude these standards from being

copyrighted.

<div align="center">

*(ii).  Loss of Copyright Upon Entering the Public Domain*

A.    <u>Federal Law Does Not Bar Copyrightability</u>

</div>

At the heart of Defendant's defense is the argument that Plaintiffs' standards lost their

copyright protections the instant they were incorporated by reference into federal regulations.

There are weighty policy arguments on both sides of this issue, including the need to preserve a

vital and complicated public-private partnership between the government and SDOs, and the

need for an informed citizenry to have a full understanding of how to comply with the nation's

legal requirements. However, this suit is not about access to the law in a broad sense, but instead

about the validity of copyrights for these standards under current federal law. Copyright

protection is a creature of statute, and as such is the result of careful policy considerations by

Congress. In the view of this court, Congress has already passed on the question of revoking

copyright protection for standards that have been incorporated by reference into regulations, and

any further consideration of the issue must be left to Congress for amendment.

Section 105 of the Copyright Act states that "[c]opyright protection under this title is not

available for any work of the United States Government."  17 U.S.C. § 105.  The Act defines a

<div align="center">19</div>

"work of the United States Government" as "a work prepared by an officer or employee of the

United States Government as part of that person's official duties." *Id.* § 101. These are the only

government-related works that outright lack copyright under the law. For other types of works,

such as those commissioned by the government or created under government contract by private

parties, Congress chose to make case-by-case decisions and leave the determination of whether

private copyright should exist to the federal agency that commissioned or contracted for the

work. The House Report accompanying the Copyright Act states:

> The bill deliberately avoids making any sort of outright, unqualified prohibition
> against copyright in works prepared under Government contract or grant. There
> may well be cases where it would be in the public interest to deny copyright in the
> writings generated by Government research contracts and the like; it can be
> assumed that, where a Government agency commissions a work for its own use
> merely as an alternative to having one of its own employees prepare the work, the
> right to secure a private copyright would be withheld. However, there are almost
> certainly many other cases where the denial of copyright protection would be
> unfair or would hamper the production and publication of important works.
> Where, under the particular circumstances, Congress or the agency involved finds
> that the need to have a work freely available outweighs the need of the private
> author to secure copyright, the problem can be dealt with by specific legislation,
> agency regulations, or contractual restrictions.

H.R. Rep. No. 94-1476, at 5672 (1976), *reprinted in* 1976 U.S.C.C.A.N. 5659, 5672.

Defendant argues that Sections 102(b) (no protection for systems or methods) and 105

(no protection for Government-authored works) should be read together to indicate that Congress

intended that there be no copyright protections for incorporated standards because, like judicial

opinions—which the Supreme Court nearly two hundred years ago determined could not be

copyrighted—the standards, once incorporated, are "legal facts" which cannot be copyrighted.

*See Wheaton v. Peters*, 33 U.S. 591, 668 (1834) (writing that the Court was "unanimously of the

opinion that no reporter has or can have any copyright in the written opinions delivered by this

Court"); *Banks v. Manchester*, 128 U.S. 244, 253 (1888) ("The whole work done by the judges

20

constitutes the authentic exposition and interpretation of the law, which, binding every citizen, is free for publication to all, whether it is a declaration of unwritten law, or an interpretation of a constitution or a statute.").  While these cases form the bedrock for the long-standing principle that works authored by government officials or employees cannot be copyrighted, the cases involved works by actual government officials—i.e., judges—acting in their official capacity, unlike here.  That was the principle codified in § 105 of the Copyright Act and restated in the U.S. Copyright Office's Compendium of Copyright Office Practices § 313.6(c)(2) (3d ed. 2014), which states:  "As a matter of longstanding public policy, the U.S. Copyright Office will not register a government edict that has been issued by any state, local, or territorial government, including legislative enactments, judicial decisions, administrative rulings, public ordinances, or similar types of official legal materials."

Congress was well aware of the potential copyright issue posed by materials incorporated by reference when it crafted Section 105 in 1976.  Ten years earlier, Congress had extended to federal agencies the authority to incorporate private works by reference into federal regulations. *See* Pub. L. No. 90-23, § 552, 81 Stat. 54 (1967) (codified at 5 U.S.C. § 552) (providing that "matter reasonably available to the class of persons affected thereby is deemed published in the Federal Register when incorporated by reference therein with the approval of the Director of the Federal Register").  However, in the Copyright Act of 1976, Congress made no mention of these incorporated works in § 105 (no copyright for "any work of the United States Government") or any other section.  As the House Report quoted above indicates, Congress already carefully weighed the competing policy goals of making incorporated works publicly available while also preserving the incentives and protections granted by copyright, and it weighed in favor of preserving the copyright system.  *See* H.R. Rep. No. 94-1476, at 60 (1976) (stating that under

21

§ 105 "use by the Government of a private work would not affect its copyright protection in any way"); *see also M.B. Schnapper v. Foley*, 667 F.2d 102, 109 (D.C. Cir. 1981) (analyzing Copyright Act and holding that "we are reluctant to cabin the discretion of government agencies to arrange ownership and publication rights with private contractors absent some reasonable showing of a congressional desire to do so").

However, recognizing the importance of public access to works incorporated by reference into federal regulations, Congress still requires that such works be "reasonably available." 5 U.S.C. § 552(a)(1). Under current federal regulations issued by the Office of the Federal Register in 1982, a privately authored work may be incorporated by reference into an agency's regulation if it is "reasonably available," including availability in hard copy at the OFR and/or the incorporating agency. 1 C.F.R. § 51.7(a)(3). Thirteen years later, Congress passed the National Technology Transfer and Advancement Act of 1995 ("NTTAA") which directed all federal agencies to use privately developed technical voluntary consensus standards. *See* Pub. L. No. 104-113, 110 Stat. 775 (1996). Thus, Congress initially authorized agencies to incorporate works by reference, then excluded these incorporated works from § 105 of the Copyright Act, and, nearly twenty years later, specifically directed agencies to incorporate private works by reference. From 1966 through the present, Congress has remained silent on the question of whether privately authored standards and other works would lose copyright protection upon incorporation by reference. If Congress intended to revoke the copyrights of such standards when it passed the NTTAA, or any time before or since, it surely would have done so expressly. *See Whitman v. Am. Trucking Ass'ns, Inc.*, 531 U.S. 457, 468 (2001) ("Congress . . . does not alter the fundamental details of a regulatory scheme in vague terms or ancillary provisions—it does not . . . hide elephants in mouseholes."); *United States v. Fausto*, 484 U.S. 439, 453 (1988)

22

("[It] can be strongly presumed that Congress will specifically address language on the statute books that it wishes to change."). Instead, Congress has chosen to maintain the scheme it created in 1966: that such standards must simply be made reasonably available. *See* 5 U.S.C. § 552(a)(1).

Moreover, Congress has similarly determined that online access to the nation's laws and regulations need not be provided for no cost. In establishing "a system of online access to the Congressional Record [and] the Federal Register," Congress authorized the Superintendent of Documents, under the direction of the Director of the Government Publishing Office, to "charge reasonable fees for use of the directory and the system of access." 44 U.S.C. §§ 4101–02. While citing this statute and noting that the Superintendent has chosen not to charge fees for online access, OFR in its 2013 proposed rulemaking stated that Congress had not made a policy determination that online access to the law must be provided free of charge. *See* Incorporation by Reference, 78 Fed. Reg. 60,784, 60,785 (Oct. 2, 2013). Similarly, OFR recently determined that "reasonably available" under § 552(a)(1) did not mean availability for no cost on the Internet. *See id.* (considering proposed amendments to OFR's regulations on incorporation by reference and specifically addressing and rejecting the argument that standards incorporated by reference should be posted online for free in order to be reasonably available).

Importantly, there is no evidence that the ASTM Plaintiffs' standards or the AERA Plaintiffs' standards are unavailable to the public. In fact, the undisputed record evidence shows that the standards are required to be available in physical form from OFR (*see* 1 C.F.R. § 51.3(b)(4)); are available for purchase from the AERA Plaintiffs in hard copy (AERA PSMF ¶ 34) and from the ASTM Plaintiffs in hard copy and PDFs (*see* ASTM PSMF ¶ 57, 99, 157); and are accessible in read-only format for free in ASTM Plaintiffs' online reading rooms (*see*

23

ASTM PSMF ¶ 64, 100, 161). While Defendant argues that the public requires *greater* access to the standards—in particular, free online access in formats other than read-only—that is a policy judgment best left to Congress. The arguments raised by the parties and by amici highlight important considerations regarding unrestricted access to the texts of laws, regulations, and incorporated materials, as well as the strong need to protect the economic incentives for the further creation of new standards through revenues from the sale of existing standards. This is the policy balancing that Congress is presumed to have already engaged in, and any further changes to the law in light of new technological developments and resulting changes in public expectations of access to information are best addressed by Congress, rather than this court.

B.    Due Process Concerns Do Not Bar Copyrightability

Defendant further argues that even if the Copyright Act does not bar copyright protection for incorporated standards, individuals have a due process right to access the text of "the law," including the standards at issue here. Four Circuit Courts have considered similar arguments regarding copyrighted works incorporated by reference into state and federal regulations. *See Bldg. Officials & Code Admins. v. Code Tech., Inc.*, 628 F.2d 730 (1st Cir. 1980) ("*BOCA*") (declining to rule on the question); *CCC Info. Servs., Inc. v. McLean Hunter Mkt. Reports, Inc.*, 44 F.3d 61, 74 (2d Cir. 1994) (upholding copyright in work incorporated by reference); *Cnty. of Suffolk, N.Y. v. First Am. Real Estate Solutions*, 261 F.3d 179 (2d Cir. 2001) (same); *Practice Mgmt. Info. Corp. v. Reports, Inc.*, 121 F.3d 516, 518 (9th Cir. 1997) (same); *Veeck v. S. Bldg. Code Cong. Int'l, Inc.*, 293 F.3d 791, 796 (5th Cir. 2002) (en banc) (holding that incorporation by reference revoked the copyright owner's copyright protection). The court will briefly describe each of these Circuit decisions.

The question of whether a privately-authored, copyrighted work might lose its copyright

24

protection after being referenced in a law was first discussed by the First Circuit in *BOCA*.  That

case involved a nonprofit, BOCA, which authored and copyrighted a model code called the

"Basic Building Code."  *See* 628 F.3d at 731-32.  Massachusetts adopted a building code based

in substantial part on the BOCA Basic Building Code, called the Commonwealth of

Massachusetts State Building Code.  *Id.* at 732.  BOCA sold a printed version of the

Massachusetts State Building Code for $22 a copy, and the state referred any persons interested

in obtaining a copy of the code for their own use to BOCA.  *Id.*  The defendant, Code Tech., Inc.,

published its own copy of the Massachusetts State Building Code and sold it for $35 per volume.

*Id.*  In the subsequent copyright infringement suit, the district court granted BOCA's request for

a preliminary injunction, and the First Circuit reversed, though it reserved judgment on the

merits of whether the building code was validly copyrighted.  Instead, it noted that "[t]he citizens

are the authors of the law, and therefore its owners, regardless of who actually drafts the

provisions, because the law derives its authority from the consent of the public, expressed

through the democratic process."  *Id.* at 734.

The Second Circuit considered similar issues in two cases.  First, in *CCC*, the court

considered whether copyright protection for a compilation called the Red Book, which listed

used car valuations, was revoked after it was referenced by states as one of several references for

car valuation.  *See* 44 F.3d at 74.  The court rejected the argument that referenced works enter

the public domain, stating:  "We are not prepared to hold that a state's reference to a copyrighted

work as a legal standard for valuation results in loss of the copyright.  While there are indeed

policy considerations that support [defendant's public domain] argument, they are opposed by

countervailing considerations."  *Id.*  The court then analogized to a state education system

assigning copyrighted books as a mandatory part of a school curriculum and noted that under the

25

public domain logic, these books might lose copyright protection. *Id.*

Second, in *County of Suffolk*, the Second Circuit considered the copyrightability of a county's tax maps. The court looked to *Banks*, in which the Supreme Court held that judicial opinions were not copyrightable, and determined that *Banks* established two premises: (1) that judges' opinions cannot be copyrighted because judges receive their salaries from the public treasury and do not have the economic incentives that copyrights are designed to protect; and (2) there are due process considerations because the "whole work done by the judges constitutes the authentic exposition and interpretation of the law, which, binding every citizen, is free for publication to all." 261 F.3d at 193–94 (citing *Banks v. Manchester*, 128 U.S. 244, 253 (1888)). Building on these premises, the Second Circuit articulated two factors that should guide courts' analysis in these situations: first, "whether the entity or individual who created the work needs an economic incentive to create or has a proprietary interest in creating the work"; and second, "whether the public needs notice of this particular work to have notice of the law." *Id.* at 194 (citing *Practice Management*, 121 F.3d at 518–19; *BOCA*, 628 F.2d at 734–35). With regard to this second factor, the court primarily considered the severity of criminal or civil sanctions associated with failure to adhere to the maps at issue. Finding no serious penalties, it focused on the fact that citizens had "fair warning" of the tax maps from their reference in the tax statute, and there was "no allegation that any individual required to pay the applicable property tax ha[d] any difficulty in obtaining access to either the law or the relevant tax map." *Id.* at 195. Therefore, the maps were entitled to copyright protection.

Like the Second Circuit, the Ninth Circuit in *Practice Management* also decided to preserve the copyright protections in the American Medical Association's ("AMA") publication of medical codes and descriptions which had been incorporated by reference by the U.S. Health

26

Care Financing Administration ("HCFA"). Under the HCFA's regulation, parties seeking health insurance reimbursement for Medicare were required to use the codes created and copyrighted by the AMA. *See* 121 F.3d at 518. The Ninth Circuit similarly looked to *Banks* and focused on its premise that there is a due process interest in free access to the law. Like the Second Circuit, the court considered this due process interest and ultimately rejected revoking the AMA's copyright because "[t]here [was] no evidence that anyone wishing to use the [copyrighted codes] ha[d] any difficulty obtaining access to it." *Id.* at 519.

Finally, counter to the opinions of other circuits, the Fifth Circuit sitting *en banc* in *Veeck* focused more heavily on the first *Banks* premise regarding economic incentives and held that copyright protection is revoked when a model code is adopted as law by a municipality, stating that "as law, the model codes enter the public domain and are not subject to the copyright holder's exclusive prerogatives." 293 F.3d at 793. However, the court carefully distinguished its decision from the facts in the aforementioned cases. It wrote:

> [T]he limits of this holding must be explained. Several national standards-writing organizations joined [defendant] as amici out of fear that their copyrights may be vitiated simply by the common practice of governmental entities' incorporating their standards in laws and regulations. This case does not involve references to extrinsic standards. Instead, it concerns the wholesale adoption of a model code promoted by its author, [defendant], precisely for use as legislation. Caselaw that derives from official incorporation of extrinsic standards is distinguishable in reasoning and result. . . . If a statute refers to the Red Book or to specific school books, the law requires citizens to consult or use a copyrighted work in the process of fulfilling their obligations. The copyrighted works do not 'become law' merely because a statute refers to them. . . . Equally important, the referenced works or standards in *CCC* and *Practice Management* were created by private groups for reasons other than incorporation into law. To the extent incentives are relevant to the existence of copyright protection, the authors in these cases deserve incentives. . . . In the case of a model code, on the other hand, the text of the model serves no other purpose than to become law.

*Id.* at 803–05. The cases before the court, involving some of the same amici referenced in *Veeck*, do not involve model codes adopted verbatim in their entirety into legislation. Instead, the

27

standards incorporated by reference provide guidelines and procedures that individuals or entities must use or reference in the fulfillment of their legal obligations under federal regulations.

Applying the first premise of *Banks* to the facts here, Defendant argues that Plaintiffs do not require economic incentives to create their standards because they actively lobby and advocate for their standards to be incorporated by reference into regulations, including investing funds on lobbying to that effect. Therefore, Defendant argues, the court should find that Plaintiffs create standards for no purpose other than adoption into law, as the *Veeck* court determined regarding the model code in that case. Here however, the facts indicate that Plaintiffs create standards for a wide range of industries, that the majority of their standards are not incorporated into regulations, and that even those that have been incorporated by reference have undergone updates and revisions to reflect modern use, despite the regulations incorporating past versions. Plaintiffs and supporting amici highlight that without copyright protection for all of their standards, they will face significant difficulty raising the necessary revenue to continue producing high-quality voluntary consensus standards. In its Notice of Proposed Rulemaking, OFR relied on this same argument to ultimately reject a proposal to require free online access to standards in its "reasonably available" determination. 78 Fed. Reg. at 60,785 ("If we required that all materials IBR'd into the CFR be available for free, that requirement would compromise the ability of regulators to rely on voluntary consensus standards, possibly requiring them to create their own standards, which is contrary to the NTTAA and the OMB Circular A-119.").

As for the second premise of *Banks*, this court finds that, as in the cases before the Second and Ninth Circuits, there is no evidence here that anyone has been denied access to the standards by the ASTM Plaintiffs or AERA Plaintiffs. Instead, Defendant simply argues that the

28

public should be granted more expansive access.

Therefore, considering the *Banks* holdings and given the existing statutory, regulatory, and judicial framework, this court finds that Plaintiffs' standards have not entered the public domain upon their incorporation by reference into federal regulations and do not lose their copyright protection. This conclusion does not dismiss or diminish the valid public policy concern that citizens benefit from greater access to statutes, regulations, and all materials they must reference in fulfilling their legal obligations. The ability to know, understand, and communicate the law as a broad concept is of paramount importance to the continued success of our democracy. However, changes to the statutory or regulatory framework that reconsider the balancing of interests underlying modern copyright law and incorporation by reference must be made by Congress, not this court.

### *(iii). Merger Doctrine*

Defendant asks the court to apply the "merger doctrine" to find that the standards cannot be copyrighted because the expressions in the standards have merged with the law to become facts. Under modern copyright law, there is a well-known dichotomy between "expression," which can generally be copyrighted, and "ideas," which cannot. 4-13 Nimmer on Copyright § 13.03. The merger doctrine has developed to consider those specific situations in which "the idea 'merges' with the expression, such that a given idea is inseparably tied to a particular expression." *Id.* at § 13.03(3). This can occur when there "are so few ways of expressing an idea [that] not even the expression is protected by copyright." *Id.* (quoting *BUC Int'l Corp. v. Int'l Yacht Council Ltd.*, 489 F.3d 1129, 1143 (11th Cir. 2007)).

The parties disagree as to the proper merger doctrine analysis. Defendant argues that upon their incorporation by reference, the standards become "merged" with the "fact" that is the

law.  Plaintiffs argue that to determine if an idea and expression have merged, the court should focus on whether there were any other ways of articulating a particular idea when the work was first published, not when it was later incorporated by reference.  In essence, the parties disagree as to whether the merger doctrine is a question of copyrightability—meaning the Plaintiffs' standards might lose copyright protection upon incorporation by reference—or an affirmative defense to copyright infringement—i.e., the allegedly infringing work did not violate copyright because there was no other way to express the content of the work.  Plaintiffs argue that the merger doctrine addresses only the question of copyrightability, and so the court's analysis should focus on whether, at the time the standards were authored, there were no other ways to articulate and arrange such standards.  Defendant contends that the standards could not be expressed any other way after incorporation into regulations, and thus its display of the standards was not infringement.

The court declines to resolve this merger doctrine issue, since under either approach, the standards maintain copyright protection.  At the time they were authored, there were certainly myriad ways to write and organize the text of the standards, and, for the reasons discussed above, the standards did not lose their copyright protections upon incorporation by reference into federal regulations.  Therefore, the merger doctrine neither precludes a finding of copyrightability nor serves as a defense for Defendant.

### (iv).  Scènes à Faire Doctrine

Finally, Defendant points to the *scènes à faire* doctrine, which similarly may be approached as a question of copyrightability or an affirmative defense.  The doctrine typically applies to "incidents, characters, or settings which are as a practical matter indispensable, or at least standard, in the treatment of a given topic."  Nimmer § 13.03(4) (quoting *Atari, Inc. v.*

30

*North Am. Philips Consumer Elecs. Corp.*, 672 F.2d 607, 616 (7th Cir. 1982), *cert. denied*, 459

U.S. 880 (1982)).  Nimmer offers examples such as the use of a bar room scene in a film about a

broken-hearted lover because, as the name of the doctrine suggests, these are "scenes which must

be done." *Id.*  Defendant argues here that Plaintiffs' standards are entirely "uncopyrightable"

because they are "shaped by external factors," such as the desire to satisfy regulations and laws

and to write what Plaintiffs believe to be the most accurate and clear standards.  (Tr. of Motions

Hearing at 62:15–19 (ASTM ECF No. 173); Def. Br. at 34).  However, this doctrine is a poor fit

for Defendant's arguments.  In the court's view, there is a great deal of difference between every

detail of the phrasing, explanation, and organization across thousands of pages of standards,

which Defendant argues is *entirely* dictated by Plaintiffs' broad desires for accuracy and clarity,

and the inclusion of a generic bar room scene in a romantic drama where the audience expects it.

Defendant offers no cases to support its argument that this doctrine bars copyrightability of the

standards at issue here, and this court knows of none.  The court concludes that the *scènes à faire*

doctrine does not act as a bar to the copyrightability of Plaintiffs' standards and does not serve as

a defense for Defendant's display of the standards

        In sum, the court concludes that Plaintiffs own valid copyrights over the standards at

issue, and that the copyrights were not stripped upon the incorporation by reference into federal

regulations.

### 2.    *Feist* Prong 2: Copying an Original Work

#### a.    Overview

        Having established that both the ASTM Plaintiffs and AERA Plaintiffs own valid

copyrights in the standards at issue, the second question for the court under *Feist* is whether

Public Resource, by scanning and posting online the standards at issue "cop[ied] anything that

31

was 'original' to" the Plaintiffs. *Feist*, 499 U.S. at 361. Copying means exercising any of the

exclusive rights that 17 U.S.C. § 106 vests in the owners of a copyright. *See Call of the Wild*

*Movie, LLC v. Does*, 770 F. Supp. 2d 332, 351 (D.D.C. 2011). These rights include the rights of

reproduction, distribution, display, and creation of derivative works. *See* 17 U.S.C. § 106(1)–(3),

(5). There is no factual dispute that Public Resource reproduced and posted online for display or

distribution the standards at issue in this case. Having rejected the application of the merger

doctrine or *scènes à faire* doctrine as affirmative defenses, Defendant's only argument on this

second prong is therefore that its copying and posting of the standards was "fair use."

### b.    Affirmative Defense of Fair Use

Under the Copyright Act, fair use of a copyrighted work "is not an infringement of

copyright." 17 U.S.C. § 107. Fair use is a defense to a claim of copyright infringement in order

to "fulfill copyright's very purpose, 'to promote the Progress of Science and useful Arts.'"

*Campbell v. Acuff-Rose Music, Inc.*, 510 U.S. 569, 575 (1994) (quoting U.S. Const. art. I, § 8, cl.

8). The Copyright Act provides that:

> In determining whether the use made of a work in any particular case is a fair use,
> the factors to be considered shall include—
>> (1) the purpose and character of the use, including whether such use is of a
>> commercial nature or is for nonprofit educational purposes;
>> (2) the nature of the copyrighted work;
>> (3) the amount and substantiality of the portion used in relation to the
>> copyrighted work as a whole; and
>> (4) the effect of the use upon the potential market for or value of the
>> copyrighted work.

17 U.S.C. § 107. The statute further lists examples of uses that are "fair use," including

"criticism, comment, news reporting, teaching (including multiple copies for classroom use),

scholarship, or research." *Id.* The fair use doctrine calls for a "case-by-case analysis," and the

four statutory factors are meant to provide "general guidance," weighed together "in light of the

32

purposes of copyright." *Campbell*, 510 U.S. at 578–79.

### *(i).    Purpose and Character of Defendant's Use of the Standards*

With regard to the first factor, the statute itself offers guidance on the types of purposes that might be considered fair use:  criticism, commentary, news reporting, teaching, or research. *Id.* § 107.  Moreover, the Supreme Court has held that courts should focus on whether the new work "supersede[s] the objects of the creation . . . or instead adds something new, with a further purpose or different character, altering the first with new expression, meaning, or message; [the question], in other words, [is] whether and to what extent the new work is transformative." *Campbell*, 510 U.S. at 578–79 (internal quotations omitted).  Given the constitutional goal of copyright—to promote the development of science and the arts—"the more transformative the new work, the less will be the significance of other factors, like commercialism, that may weigh against a finding of fair use." *Id.* at 579.

It is undisputed that Public Resource scanned the ASTM Plaintiffs' standards at issue from their physical hardcopies and converted them to searchable PDFs using OCR processing (ASTM Pls. SUMF ¶ 182) and reproduced some of the standards by re-typing them into HTML format.  (ASTM PSMF ¶ 182; ASTM DSMF ¶ 83).  Public Resource scanned the AERA Plaintiffs' 1999 Standards from the physical hard copy and converted them to a PDF file, which it then uploaded to its website for display and distribution.  (AERA PSMF ¶¶ 69, 71–73; AERA DSMF ¶ 28).  Defendant argues this is transformative in three ways:  by providing free access to "the law"; by enabling others to use software to analyze the standards; and by enabling those with visual impairments to use text-to-speech software.  The evidence does not support any of these arguments.

Defendant first argues that it has transformed Plaintiffs' standards by making identical

<center>33</center>

copies of them and distributing them online for no cost.  In Defendant's view, this is transformative because it provides individuals with greater access to "the law."  While Defendant argues that its conduct is analogous to those who make copies of copyrighted works in order to comply with legal requirements, Defendant was not actually acting to comply with a particular law—unlike, for example, an individual who makes a photocopy of the standards located at OFR for use on her building project.  Instead, Defendant has placed identical copies of Plaintiffs' standards into the online marketplace with no intention to use them itself, but instead to simply offer them for free in competition with Plaintiffs' standards.  While Defendant did not earn revenue directly from the display of the standards, its activity still bears "commercial" elements given that it actively engaged in distributing identical standards online in the same consumer market.  While this commerciality is not by itself dispositive, it does weigh firmly against fair use.  *See Campbell*, 510 U.S. at 594.

Defendant points to *Swatch Group Management Services Ltd. v. Bloomberg L.P.*, 756 F.3d 73, 81 (2d Cir. 2014) in support of its proposition that when a copyrighted document is of great public importance then posting it online may be transformative.  However, *Swatch Group* involved the recording of a private conference call about the company's earnings report involving executives and 132 analysts that Bloomberg then distributed to subscribers of its Bloomberg Professional service.  *Id.* at 78–79.  Given that Swatch Group instructed call participants not to record or broadcast the call, any direct knowledge of what the executives said would be limited to those analysts who participated.  *Id.*  The facts of *Swatch Group* do not align with those here, where the evidence demonstrates that Plaintiffs' standards are available to anyone for viewing online in ASTM Plaintiffs' reading rooms, at a public library, at the OFR or incorporating agency, or for purchase on Plaintiffs' websites.  This court is unwilling to apply

34

any principles from *Swatch Group* or similar cases to this case, in which the standards are widely available.

Next, Public Resource argues that distributing the duplicate copies online is transformative because, with regard to the ASTM Plaintiffs' standards, Public Resource first altered their formatting through application of OCR or conversion to HTML, which enables software analysis or the use of text-to-speech software, and for AERA Plaintiffs' standards, it scanned the hard copy and distributed a PDF version. The court has little difficulty concluding that these actions are not transformative. *See* 4-13 Nimmer on Copyright § 13.05(1)(b); *Nihon Keizai Shimbun, Inc. v. Comline Bus. Data, Inc.*, 166 F.3d 65, 72 (2d Cir. 1999) (holding that a translation is not a transformative, expressive work); *Soc'y of the Transfiguration Monastery, Inc. v. Gregory*, 685 F. Supp. 2d 217, 227 (D. Mass. 2010), *affirmed*, 689 F.3d 29, 59-65 (1st Cir. 2012) ("A simple repackaging of a work in a new format, whether on the Internet or on a CD-ROM or on a flash drive, is not transformative when the result is simply a mirror image reflected on a new mirror."); *see also Authors Guild v. Google, Inc.*, 804 F.3d 202, 207, 217 (2d Cir. 2015) (reasoning Google's scanning and posting of snippets of copyrighted books online was fair use because it made "available information *about* Plaintiffs' books without providing the public with a substantial substitute for matter protected by the Plaintiffs' copyright interests in the original works or derivatives of them" and added "important value to the basic transformative search function, which tells only whether and how often the searched term appears in the book") (emphasis added); *Authors Guild, Inc. v. HathiTrust*, 755 F.3d 87, 90 (2d Cir. 2014) (text searching modification was transformative but where full work was not displayed).

Here, Defendant does not actually perform any analysis on the standards, nor does it offer

35

the service of providing them in an accessible way to those visual impairments.  Instead,

Defendant has identified a series of events that must occur, involving intervening third parties

and the use of one or more additional software programs, in order for there to be a potentially

"transformative" use for individuals who are blind or have visual impairments.  Defendant in

both cases proffered the expert report of James Fruchterman, who opined on accessibility of

written materials for those who are blind.  In Fruchterman's AERA report, he wrote that to make

a hard copy accessible for those with visual impairments, he would scan the pages, process them

with OCR to convert the read-only images to searchable text, create a Microsoft Word file, and

then have it proofread because OCR can create numerous errors.  (Expert Rep. of James R.

Fruchterman at 8 (AERA ECF No. 70-50)).  Once such a version is then uploaded online, an

individual who is blind or visually impaired would then need to use additional screen reader

software, which "is a program that runs on a personal computer or a smartphone that reads the

information on the screen aloud (using a computer-synthesized voice) to a blind person."  (*Id.* at

3–4).  While "most blind people themselves do not have the ability to convert books[,] [s]ome

blind people have their own home scanners, and if they purchased a used copy online, would be

able to scan the 1999 Standards page by page on a home scanner, which would take at least two

hours of labor, and then perform optical character recognition on the title."  (*Id.* at 8).  In his

ASTM report, Fruchterman wrote that he was able to use a screen reader program to read the text

of the ASTM Plaintiffs' standards aloud on Defendant's website, but not in ASTM Plaintiffs'

reading rooms.  (Ex. 96 to Becker Decl., Expert Rep. of James R. Fruchterman at 5–7 (ECF No.

122-6)).  Fruchterman noted that some of the PDFs on Defendant's website were read-only

images, such as those on ASTM Plaintiffs' reading rooms, which had to be copied and pasted

into a Microsoft Word document in order for a screen reader program to operate.  (*Id.* at 16–17).

36

He also noted that individuals who are blind may "independently perform optical character recognition on image-based PDFs themselves and access the text that way, and many advanced computer users that are blind would be aware that this is possible." (*Id.* at 17). He did not opine on whether OCR could be performed on the PDFs of standards that ASTM Plaintiffs sell or whether he attempted to investigate that as part of his research.

While it appears Defendant may enable blind individuals, like all other individuals, to access the standards at no cost, they still may have to take additional steps like OCR processing or converting to a different file type, as well as using additional screen reader programs in order to access the standards. There is no evidence that this would not be possible with Plaintiffs' PDFs or by scanning Plaintiffs' hard copy standards. In Defendant's view, taking the first step or two towards making the standards entirely accessible to those with visual impairments is enough to have transformed the standards. This attempts to stretch logic, and certainly the doctrine of fair use, too far. Defendant has not offered a sufficiently new purpose to render the use transformative, and this weighs against a finding of fair use.

### (ii). Nature of the Copyrighted Standards

The Supreme Court in *Campbell* instructs that courts should analyze the nature of the copyrighted work with "recognition that some works are closer to the core of intended copyright protection than others, with the consequence that fair use is more difficult to establish when the former works are copied." 510 U.S. at 586. Many cases create a spectrum between creative, fictional expression and factual expression, with the former being "more" protected. *See* 4-13 Nimmer § 13.05(A)(2). Defendant argues that Plaintiffs' standards are "factual," both because they are highly technical and because they are "the law." However, the Constitution explicitly states that copyright exists to "advance the progress of science and the useful arts." U.S. Const.

37

art. I, § 8, cl. 8.  That Plaintiffs' works involve technical scientific concepts and guidelines does not push it away from the core of intended copyright protection, but actually brings it closer. Plaintiffs' standards are vital to the advancement of scientific progress in the U.S. and exactly the type of expressive work that warrants full protection under the Constitution and the Copyright Act.

### *(iii).  Amount and Substantiality of the Portions Defendant Used*

The third factor, "the amount and substantiality of the portion used in relation to the copyrighted work as a whole," 17 U.S.C. § 107(3), weighs overwhelmingly in Plaintiffs' favor and against a finding of fair use.  It is undisputed that Defendant copied and distributed identical versions of the Plaintiffs' standards in their entirety.  To support its actions as fair use under this third factor, Public Resource argues that it was necessary to do so because the full text of the standards were incorporated into "the law."  However true it may be that individuals wishing to read the text of standards incorporated by reference would want to read them in their entirety, this argument is unpersuasive in the fair use analysis.  Any market competitor wishing to copy a rival's work and distribute it itself could argue that it "needs" to copy the entire work, otherwise its distribution would be less successful.  Unsurprisingly, Defendant cannot point to a single case that supports its view, and the court finds that this factor also weighs strongly against a finding of fair use.

### *(iv).  Effect of Defendant's Use Upon Potential Market or Value*

The fourth factor, "the effect of the use upon the potential market for or value of the copyrighted work," 17 U.S.C. § 107(4), "poses the issue of whether unrestricted and widespread conduct of the sort engaged in by the defendant would . . . result in a substantially adverse impact on the potential market for, or value of, the plaintiff's present work," 4-13 Nimmer on

38

Copyright § 13.05(A)(4); *Campbell*, 510 U.S. at 589 (quoting Nimmer). Moreover, the analysis "must take into account not only of harm to the original but also of harm to the market for derivative works." *Campbell*, 510 U.S. at 589 (quoting *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539, 568 (1985)). When Defendant engages in "mere duplication for commercial purposes," as here, a harm to the potential market for the copyrighted works may be inferred. *See id.* at 590–91. Such an inference is intuitive based on the facts here where consumers in the online marketplace are currently presented with the option to purchase a PDF or hard copy version of Plaintiffs' standards directly from them, or may download a PDF of an identical standard for no cost. The only logical conclusion is that this choice negatively impacts the potential market for Plaintiffs' standards.

In *Campbell,* the Supreme Court noted that "[s]ince fair use is an affirmative defense, its proponent would have difficulty carrying the burden of demonstrating fair use without favorable evidence about relevant markets." 510 U.S. at 590. Here, Defendant did not offer expert evidence on the economic impact on the markets, instead pointing to testimony by Plaintiffs' executives that they did not track or know of negative impacts thus far on their revenue from Defendant's conduct. This is not enough to overcome the logical presumption that such activity, particularly if it became more widespread by others in the marketplace, would impact Plaintiffs' revenues. It is not Plaintiffs' burden to establish that they *have* been harmed in the market, but Defendant's burden to affirmatively establish that such conduct could not even "potentially" harm the Plaintiffs' market. Defendant has not done so.

### *(v).   Overall Assessment*

Whatever merit there may be in Defendant's goal of furthering access to documents incorporated into regulations, there is nothing in the Copyright Act or in court precedent to

39

suggest that distribution of identical copies of copyrighted works for the direct purpose of undermining Plaintiffs' ability to raise revenue can ever be a fair use.  The court thus concludes that the fair use doctrine does not serve as a valid defense for Defendant's conduct.

Therefore, the court finds that the ASTM Plaintiffs' motion for summary judgment as to their copyright infringement claim is GRANTED, and the AERA Plaintiffs' motion for summary judgment as to their copyright infringement claim is also GRANTED.  Defendant's cross-motions on copyright infringement are both DENIED.

## B.    Contributory Copyright Infringement

AERA Plaintiffs additionally move for summary judgment on their contributory copyright infringement claim.[8]  Establishing proof of contributory infringement requires a party to demonstrate that the actor was "intentionally inducing or encouraging direct infringement." *MGM Studios, Inc. v. Grokster, Ltd.*, 545 U.S. 913, 930 (2005).  Plaintiffs[9] must show (1) direct infringement by third parties; (2) that Defendant knew that third parties were directly infringing; and (3) that Defendant substantially participated in that direct infringement.  *Rundquist v. Vapiano SE*, 798 F. Supp. 2d 102, 126 (D.D.C. 2011).  "Merely supplying the means to accomplish an infringing activity cannot give rise to the imposition of liability for contributory copyright infringement."  *Newborn v. Yahoo!, Inc.*, 391 F. Supp. 2d 181, 186 (D.D.C. 2005) (internal quotation omitted).

---

[8]  The ASTM Plaintiffs initially brought a separate claim for contributory copyright infringement, but did not include that claim in their motion for summary judgment.  Counsel for ASTM Plaintiffs stated at oral argument that they believed the remedy for their infringement claim covered any potential remedy for their contributory copyright claim.  (Tr. of Motions Hearing at 122:1–7).

[9]  Because ASTM Plaintiffs did not move for summary judgment on their contributory copyright claim, for this section the court will use "Plaintiffs" to refer to AERA Plaintiffs.

40

To establish direct infringement by third parties, Plaintiffs must demonstrate "(1) which specific original works form the subject of the copyright claim; (2) that the plaintiff owns the copyrights in those works; (3) that the copyrights have been registered in accordance with the statute; and (4) by what acts [and] during what time the defendant infringed the copyright." *Id.* (quoting *Home & Nature, Inc. v. Sherman Specialty Co.*, 322 F. Supp. 2d 260, 266 (E.D.N.Y. 2004)).  As discussed above in section III(A), these first three elements have been satisfied.  On the fourth element, Plaintiffs must show that a third party infringed its copyrights by violating their exclusive rights under 17 U.S.C. § 106, including reproduction, preparation of derivative works, distribution, or public display.  *See Home & Nature*, 322 F. Supp. 2d at 267.  However, Plaintiffs only present evidence that the 1999 Standards were "accessed at least 4,164 times" on Public Resource's website and that they were "accessed on the Internet Archive . . . website 1,290 times."  (AERA PSMF ¶¶ 85–86).  Without more, there is no basis for the court to determine that accessing a website is equivalent to copying or violating any of the exclusive rights under § 106.  Plaintiffs also assert that "some" individuals "obtained" the standards, but their only evidence of this is a redacted e-mail in which an individual states "[O]ne of my students showed up for class this semester and told me that he/she didn't purchase a copy of the Standards (I require them as a text for one of my courses) because 'they are available for free on line' and they showed me the following site."  (Exl. LLL to Decl. of Lauress Wise (AERA ECF No. 60-75)).  Even if such a statement were ultimately determined to be admissible for the truth of the matter that the student did not purchase the Standards, it still does not establish that the student downloaded or otherwise copied the 1999 Standards from Defendant's website.[10]

---

[10] The court recognizes that acquiring evidence of downloads may be difficult.  Carl Malamud, Public Resource's CEO, testified at deposition that "I don't know about downloads.  It's technically impossible to determine that."  (Ex. A to Hudis Decl. at 347:6–8 (AERA ECF No.

41

In their Reply Brief, Plaintiffs also point to the possibility that simply browsing a website causes a copy of the material on the website to be automatically copied to the computer's random access memory or RAM. *See CoStar Realty Info., Inc. v. Field*, 737 F. Supp. 2d 496, 507 (D. Md. 2010) (analyzing copyright claim involving cache copies of websites in computer's RAM); *Ticketmaster, LLC v. RMG Techs., Inc.*, 507 F. Supp. 2d 1096, 1104–05 (C.D. Cal. 2007) (same). While this may be correct, the fact remains that Plaintiffs have put forth no actual evidence that even one of the 4,164 accesses resulted in such a copying to a computer's RAM, and without such evidence, Plaintiffs cannot meet their burden on their contributory copyright claim at the summary judgment stage.

The second two factors require Plaintiffs to establish that Defendant knew that third parties were engaged in direct infringement and that it substantially participated in such infringement. Plaintiffs may demonstrate knowledge by showing that Defendant was notified of the third party direct infringement or that it "willfully blind[ed] itself to such infringing uses." *Newborn*, 391 F. Supp. 2d at 186. On this factor, Plaintiffs again fall short, relying on the fact that they asked Defendant to remove the 1999 Standards from its website and Defendant refused to do so, as well as evidence that Defendant did not track or prevent downloads of the 1999 Standards from its website. Without more, this is insufficient to establish that Defendant knew that third parties were infringing the Plaintiffs' copyrights.

Similarly, Plaintiffs have not presented sufficient evidence on the substantial participation factor. While it is undisputed that Defendant posted the 1999 Standards on its website to enable greater access for those wishing to read them, because Plaintiffs have not

---

60-4)). However, this does not relieve Plaintiffs of the burden of establishing some evidence demonstrating direct infringement by third parties.

42

established any actual third party direct infringement, there is insufficient evidence that

Defendant substantially participated in that infringement.

Therefore, the court DENIES Plaintiffs' motion for summary judgment as to its

contributory copyright claim, and also DENIES Defendant's motion for summary judgment on

this claim, as there exists questions of fact as to any third party infringement, Defendant's

knowledge, and Defendant's participation.

### C.    Trademark Infringement Claims

ASTM Plaintiffs additionally moved for summary judgment on their trademark

infringement, unfair competition and false designation of origin, and common law trademark

infringement claims, and Defendant cross-moved for summary judgment on these claims as

well.[11]  Trademark law is governed by the Lanham Act, 15 U.S.C. § 1051 *et seq.,* which provides

that:

> (1) Any person who shall, without the consent of the registrant . . . (a) use in
> commerce any reproduction, counterfeit, copy, or colorable imitation of a
> registered mark in connection with the sale, offering for sale, distribution, or
> advertising of any goods or services on or in connection with which such use is
> likely to cause confusion, or to cause mistake, or to deceive . . . shall be liable in a
> civil action by the registrant for the remedies hereinafter provided.

15 U.S.C. § 1114(1).  In order to prevail on a trademark infringement claim under the Lanham

Act, Plaintiffs[12] "must show (1) that [they] own[] a valid trademark, (2) that [their] trademark is

distinctive or has acquired a secondary meaning, and (3) that there is a substantial likelihood of

confusion between the plaintiff[s'] mark and the alleged infringer's mark."  *Globalaw Ltd. v.*

*Carmon & Carmon Law Office*, 452 F. Supp. 2d 1, 26 (D.D.C. 2006); *AARP v. Sycle*, 991 F.

---

[11]  The AERA Plaintiffs did not bring a trademark claim, and so this section applies only to
ASTM Plaintiffs.

[12]  As in the preceding section, because only ASTM Plaintiffs moved for summary judgment on
this claim, the court will refer to them here as Plaintiffs.

43

Supp. 2d 224, 229 (D.D.C. 2013) (same).  Common law claims are analyzed under the same

standard.  *See AARP*, 991 F. Supp. 2d at 229 (citing *Breaking the Chain Found., Inc. v. Capitol*

*Educ. Support, Inc.*, 589 F.Supp.2d 25, 29 (D.D.C. 2008)).  In order for conduct to be considered

infringing, there must be a "use in commerce."  15 U.S.C. §§ 1114(1), 1125(a)(1).

Defendant cites *Dastar Corp. v. Twentieth Century Fox Film Corp.*, to discourage the

court from considering Plaintiffs' trademark claims on the principle that courts should not

"misuse or over-exten[d] [] trademark and related protections into areas traditionally occupied by

patent or copyright."  539 U.S. 23, 34 (2003).  *Dastar* held that a plaintiff could not bring a false

designation of origin trademark claim against a defendant who was distributing content that had

become part of the public domain because the Lanham Act only offers protection "to the

producer of the tangible goods that are offered for sale, and not to the author of any idea,

concept, or communication embodied in those goods."  *Id.* at 37.  Unlike in *Dastar*, Plaintiffs

here have an independent basis for claiming that Defendant infringed their trademarks, separate

from their copyright infringement claims:  Defendant distributed standards online bearing

Plaintiffs' registered trademarks and logos, and Plaintiffs argue that this unauthorized use of their

marks will confuse consumers and falsely signal that Plaintiffs are the origin of the standards

distributed on Defendant's website rather than Defendant.  While the remedy sought for

Plaintiffs' copyright claim—an injunction barring Defendant from displaying Plaintiffs'

standards online—may be broad enough to subsume a remedy for their trademark claims, the

claims are based on independent arguments, and are therefore the type that *Dastar* found to be

appropriate for consideration under the Lanham Act.

The court must therefore consider whether Plaintiffs own a valid, protectable trademark,

whether Defendant engaged in an unauthorized use in commerce, whether there is a likelihood of

44

consumer confusion, and whether Defendant's fair use defense permits its use of the trademarks.

### 1.    Valid, Protectable Trademark

Under the Lanham Act, any registration of a trademark "shall be prima facie evidence of the validity of the registered mark and of the registration of the mark, of the owner's ownership of the mark, and of the owner's exclusive right to use the registered mark in commerce."  15 U.S.C. § 1057(b).  The record indicates that Plaintiffs own valid trademarks of the trademarks asserted in this case, and they have federal trademark registrations for each of the asserted marks.[13]  Thus, Plaintiffs have established a prima facie showing of ownership.  Defendant offers no evidence to demonstrate that Plaintiffs do not own the trademarks, and therefore the court concludes that Plaintiffs are the owners of these marks.

The trademarks must also be "valid."  To establish validity, Plaintiffs must prove that the designation is inherently distinctive or that it has become distinctive by acquiring secondary meaning.  *See Two Pesos, Inc. v. Taco Cabana, Inc.*, 505 U.S. 763, 769 (1992); *Globalaw*, 452 F. Supp. 2d at 26.  However, Plaintiffs' trademark registrations create a rebuttable presumption of "inherent distinctiveness or secondary meaning."  Restatement (Third) of Unfair Competition § 13 cmt. a (1995).  Additionally, the Lanham Act provides that if the trademark has been "in continuous use for five years subsequent to registration" then the marks become "incontestable," 15 U.S.C. § 1065, meaning the registration "shall be conclusive evidence of the validity of the registered mark," including as to whether it is distinctive or has a secondary meaning, 15 U.S.C. § 1115(b); *see also* Restatement (Third) of Unfair Competition § 13 cmt. a (1995).  Plaintiffs

---

[13]  (PSMF ¶¶ 77 (trademark registration for "ASTM"), 78 (trademark registration for "ASTM International" and logo), 79 (trademark registration for ASTM logo), 123 (trademark registration for "National Fire Protection Association" and "NFPA"), 124 (trademark registration for NFPA logo), 126 (trademark registration for NEC logo), 149 (trademark registration for ASHRAE logo), 151 (trademark registration for additional ASHRAE logo)).

45

provided evidence that some of their trademarks have become incontestable and that they all are distinctive. (*See* PSMF ¶¶ 77, 78, 124, 125, 126, 150). Defendant offered no evidence to dispute the validity of the trademarks. Thus, Plaintiffs have sufficiently established their ownership of valid trademarks.

### 2.    Defendant's Unauthorized Use in Commerce

Plaintiffs must also demonstrate that Defendant used their trademarks "in commerce." 15 U.S.C. §§ 1114(1), 1125(a)(1). Under the Lanham Act, "'[c]ommerce' means all commerce which may be lawfully regulated by Congress." 15 U.S.C. § 1127. Therefore, to satisfy this requirement, Plaintiffs need not demonstrate actual use or intended use in interstate commerce. *See United We Stand Am., Inc. v. United We Stand, Am. N.Y., Inc.*, 128 F.3d 86, 92 (2d Cir. 1997) (the commerce requirement "reflects Congress's intent to legislate to the limits of its authority under the Commerce Clause, rather than to limit the Lanham Act to profit-seeking uses of a trademark"). Distribution on the Internet can satisfy the "use in commerce" requirement. *See Intermatic, Inc. v. Toeppen*, 947 F. Supp. 1227, 1239 (N.D. Ill. 1996). Thus, Defendant's online posting of the standards bearing Plaintiffs' trademarks satisfies this requirement.

This use in commerce must further be "without the consent of the registrant." 15 U.S.C. § 1114(1). It is undisputed that Plaintiffs did not authorize Defendant's use of Plaintiffs' trademarks in commerce. Defendant instead argues that its use was permitted under the "first sale doctrine," which holds that a trademark owner cannot control what happens to its products after the first sale. However, the court finds this doctrine a poor fit here, where it is undisputed that Defendant did not redistribute the physical copies of Plaintiffs' standards that it purchased but rather created reproductions through scanning and re-typing, with resultant errors and differences. *See Australian Gold, Inc. v. Hatfield*, 436 F.3d 1228, 1241 (10th Cir. 2006) (noting

46

that the first sale doctrine is appropriate only when the actor "does no more than stock, display, and resell a producer's product under the producer's trademark"); *Capitol Records, LLC v. DeRigi Inc.*, 934 F. Supp. 2d 640, 655 (S.D.N.Y. 2013) (in the copyright context, the first sale doctrine was "impossible" to apply because that defense is limited to when an actor distributes the original material item, not when she distributes reproductions).

Moreover, Defendant's quality control standards in reproducing Plaintiffs' standards were outside of Plaintiffs' control and below that sufficient to deem the standards it distributed "genuine" products, meaning the first sale doctrine cannot protect Defendant's conduct. *See Polymer Tech. Corp. v. Mimran*, 37 F.3d 74, 78 (2d Cir. 1994); *Shell Oil Co. v. Commercial Petroleum, Inc.*, 928 F.2d 104, 107 (4th Cir. 1991); *El Greco Leather Prods. Co. v. Shoe World*, 806 F.2d 392, 395 (2d Cir. 1986); *see also* 4 McCarthy on Trademarks and Unfair Competition § 25.42 (4th ed.). Although Defendant argues that there are no material differences between Plaintiffs' standards and Defendant's reproductions, Plaintiffs need not show that Defendant's reproduced standards were defective, only that they were unable to exercise quality control. *See Zino Davidoff SA v. CVS Corp.*, 571 F.3d 238, 243 (2d Cir. 2009). The claim survives because "the interference with the trademark holder's legitimate steps to control quality unreasonably subjects the trademark holder to the risk of injury to the reputation of its mark." *Id.* Plaintiffs have established that Defendant's quality control standards, including "double-keying" the standards, a process involving two separate individuals typing the same material and comparing the results to determine the existence of any errors, resulted in missing or inverted pages and typographical errors in numerical values or formulas. (ASTM PSMF ¶¶ 190, 214–15). Because the standards are therefore not "genuine," the first sale doctrine does not apply, and Plaintiffs have established that Defendant used its trademarks in commerce without authorization.

47

### 3.    Likelihood of Confusion

Next, the court must assess whether there is a substantial likelihood of consumer confusion. This hinges on whether "an appreciable number of ordinarily prudent customers are likely to be misled, or simply confused, as to the source" of the copied standards that Public Resource posted online. *Globalaw*, 452 F. Supp. 2d at 47.

Plaintiffs argue that consumers will be confused both in thinking that Plaintiffs authorized Defendant's posting of the standards, and that Plaintiffs produced the PDF and HTML versions of the standards that Defendant posted. *See Am Ass'n for the Advancement of Science v. Hearst Corp.*, 498 F. Supp. 244, 258 (D.D.C. 1980) (noting that both are appropriate bases for a confusion argument). Courts in this Circuit consider approximately seven factors in assessing the likelihood of confusion, though none is individually determinative. *Globalaw*, 452 F. Supp. 2d at 48. They include: (1) the strength of the Plaintiffs' marks; (2) the degree of similarity between the marks; (3) the proximity of the products; (4) evidence of actual confusion; (5) Defendant's purpose or reciprocal good faith in adopting its own mark; (6) the quality of Defendant's product; and (7) the sophistication of the buyers. *Id.* Several courts in other Circuits have determined that when a defendant uses an identical mark on a similar product, consideration of all the factors is not necessary. *See Int'l Cosmetics Exch., Inc. v. Gapardis Health & Beauty, Inc.*, 303 F.3d 1242, 1248-49 (11th Cir. 2002); *Wynn Oil Co. v. Thomas*, 839 F.2d 1183, 1190-91 (6th Cir. 1988).

Defendant does not dispute that Plaintiffs' marks are "strong," that Defendant used marks and logos that are identical to Plaintiffs' marks and logos when it posted the Plaintiffs' standards online, and that the standards it applied the marks and logos to were identical or nearly identical to Plaintiffs'. (PSMF ¶¶ 210–11; Def. Br. at 65). Moreover, it is undisputed that the standards

48

distributed by Plaintiffs and by Defendant were in close proximity, since Defendant offered the standards in the same market as Plaintiff—i.e., the Internet—as a free alternative to purchasing the standards from Plaintiffs directly. *See* Restatement (Third) of Unfair Competition § 21 cmt. j (1995) ("[T]he use of similar designations on goods that are used together, or that perform the same function, or that are of the same general class, is more likely to cause confusion than is a use in connection with goods used for different purposes, or in different contexts, or by different purchasers."). It is also undisputed that Defendant intended for individuals to consider that the standards were identical. (PSMF ¶ 213).

Defendant argues that despite these undisputed facts, consumers would not be confused because it posts disclaimers that it claims "adequately informed consumers" so that "no reasonable consumer would mistake [its cover page] as part of the original document." (Def. Reply at 28 (referring to the PDF disclaimer at ASTM ECF No. 118-12, Ex. 16)). Defendant also argues that the PDF versions it posted "look like scans of physical documents," and that the "preamble for the .html standards informs reasonable consumers that Public Resource has provided the transcription." (*Id.* (referring to the HTML disclaimer at ASTM ECF No. 118-13, Ex. 26)).[14] Here, Defendant's disclaimer on the PDF reads in full:

> In order to promote public education and public safety, equal justice for all, a better informed citizenry, the rule of law, world trade and world peace, this legal document is hereby made available on a noncommercial basis, as it is the right of all humans to know and speak the laws that govern them.

(ASTM ECF No. 118-12, Ex. 16). The disclaimer on the HTML versions contains similar

---

[14] Defendant cites to *Prestonettes, Inc. v. Coty*, 264 U.S. 359, 369 (1924), in support of its argument that a disclaimer is sufficient to inform consumers that it has repackaged or changed the original. The facts of that case do not support Defendant's position, as the disclaimer in that case stated clearly that the distributor was not connected with the producer and that the producer's product was merely a constituent part of the distributor's new product. *Coty*, 264 U.S. at 367.

49

language.  (ASTM ECF No. 118-13, Ex. 26).  These disclaimers do not mention Defendant's

creation of the reproductions, Plaintiffs' lack of association or authorization, or that they are even

reproductions or transcriptions, and can hardly be called disclaimers at all.  Moreover,

Defendant's assertion that the PDFs "look like scans" offers no assistance to a consumer looking

at the standard, as they would have no way to determine whether the Plaintiffs or Defendant

created the scan.  While Defendant has since adopted a more thorough disclaimer that includes

information about Public Resource's retyping of the HTML versions and the possibility of errors

(DSMF ¶ 169), it did not begin using that disclaimer until 2015, after the start of this litigation.

(Decl. of Carl Malamud ¶ 31 (ASTM ECF No. 122-8)).

The parties have presented no evidence to establish the existence or non-existence of

actual consumer confusion.  While such evidence is not required, without it summary judgment

on consumer confusion, and trademark infringement more generally, is a difficult call.  However,

the facts here present nearly as black-and-white a case as possible.  A consumer in the market for

one of Plaintiffs' voluntary consensus standards may encounter them on Plaintiffs' websites for

purchase, or on Defendant's website for free download.  Because Defendant has intentionally

created a copy that is meant to appear identical, including use of Plaintiffs' trademarks, then that

consumer may download that standard for free from Defendant without knowing that it is not

created by the Plaintiffs and may contain missing pages or typographical errors leading to

inaccurate values for measurements.  In short, Plaintiffs have presented enough evidence for the

court to conclude that there is no genuine dispute on the factual issue of whether consumer

confusion is likely.

### 4.    Defendant's Nominative Fair Use Defense

While Plaintiffs have successfully established Defendant's infringing use of their

50

trademarks, Defendant argues that its use of Plaintiffs' trademarks is "nominative fair use."
Under this defense, Defendant must demonstrate that its use of Plaintiffs' trademarks was
necessary to describe their standards; that it only used as much of the marks as was reasonably
necessary to identify the standards; and that it has not done anything to suggest sponsorship or
endorsement by the Plaintiffs or to inaccurately describe the relationship between the parties'
products. *See Rosetta Stone Ltd. v. Google, Inc.*, 676 F.3d 144, 154 (4th Cir. 2012). Nominative
fair use by a defendant makes it "clear to consumers that the plaintiff, not the defendant, is the
source of the trademarked product or service." *Century 21 Real Estate Corp. v. Lendingtree,
Inc.*, 425 F.3d 211, 220 (3d Cir. 2005). Thus, if Defendant's use is nominative fair use, it would
not create "confusion about the source of [the] defendant's product." *Tiffany (NJ) Inc. v. eBay
Inc.*, 600 F.3d 93, 102 (2d Cir. 2010) (alteration in original). On this point, the parties argue past
each other. Defendant believes no consumer would believe that Defendant, rather than Plaintiffs,
was the source of the standards, and so its use is a fair use. Plaintiffs argue that Defendant's use
cannot be fair precisely *because* consumers would believe that Plaintiffs were the source of the
reproduced standards, which they are not. However, because the court has already determined
that consumer confusion as to the source of the trademarked standards is likely, the nominative
fair use defense is inapplicable and the court need not assess each of the *Rosetta Stone* factors
listed above.

The court therefore finds that Defendant engaged in trademark infringement by its use of
Plaintiffs' registered trademarks, and Plaintiffs' motion for summary judgment on their
trademark claims is GRANTED and Defendant's cross-motion is DENIED.

## IV.    REMEDIES

Both ASTM Plaintiffs and AERA Plaintiffs seek a permanent injunction barring

51

Defendant from distributing, displaying, or creating derivative works from their copyrighted

standards and, in the case of ASTM Plaintiffs, their trademarks, which this court has authority to

grant under 17 U.S.C. § 502(a) (Copyright Act) and 15 U.S.C. § 1116 (Lanham Act).  Plaintiffs

must establish (1) irreparable injury; (2) that remedies available at law, such as monetary

damages, are inadequate to compensate for their injury; (3) that a remedy in equity is warranted

after considering the balance of hardships; and (4) that the public interest would not be disserved

by a permanent injunction.  *See eBay Inc. v. MercExchange, LLC*, 547 U.S. 388, 391 (2006).

### A.    Irreparable Injury

The ASTM Plaintiffs assert that they will face three separate irreparable injuries if

Defendant is permitted to continue distribution of Plaintiffs' standards, including substantial

declines in revenue that may cause their business models to change, the loss of the exclusive

rights under the Copyright Act to exclude others from distributing, reproducing, or displaying

their protected works, and the loss of control of the goodwill associated with their trademarks.

AERA Plaintiffs similarly assert that they will face three separate irreparable injuries if

Defendant is permitted to continue distribution of Plaintiffs' standards, including loss of business

opportunities, the loss of the exclusive rights under the Copyright Act to exclude others from

distributing, reproducing, or displaying their protected works, and the adverse effect on

Plaintiffs' efforts to create further standards.

It is well established that the threat of continuing copyright infringement justifies

granting a permanent injunction.  *See Walt Disney Co. v. Powell*, 897 F.2d 565, 567 (D.C. Cir.

1990) ("When a [ ] plaintiff has established a threat of continuing infringement, he is entitled to

an injunction."); *Hanley-Wood LLC v. Hanley Wood LLC*, 783 F. Supp. 2d 147, 151 (D.D.C.

2011); *Breaking the Chain Found. v. Capital Educ. Support, Inc.*, 589 F. Supp. 2d 25, 30

52

(D.D.C. 2008).  While a court should not automatically issue an injunction after it finds there

was past copyright or trademark infringement, here Plaintiffs' alleged irreparable injury is not

the past infringement but the threat of future infringement.  Defendant has not provided any

assurances that it would cease posting of Plaintiffs' standards—indeed, it is undisputed that

during the course of this litigation, Public Resource posted online versions of the ASTM

Plaintiffs' other standards not involved in this litigation.  (PSMF ¶ 235).  Moreover, Defendant's

counsel at oral argument admitted that Defendant would post the AERA Plaintiffs' 2014

Standards if they were incorporated by reference into federal regulations in the future.  (Tr. of

Motions Hearing at 75:24–76:2).  The court thus determines that the continued threat of

infringement is sufficient to weigh in favor of an injunction.

## B.    Adequacy of Monetary Damages

Plaintiffs argue that because damages here are difficult to quantify and Defendant may be

unable to pay damages, then legal remedies are inadequate.  *See Fox Television Stations, Inc. v.*

*FilmOn X LLC*, 966 F. Supp. 2d. 30, 50 (D.D.C. 2013).  The evidence shows that while the

Plaintiffs' standards were accessed thousands of times on Defendant's website, Defendant does

not track information that would be helpful in calculating damages, such as how many of those

accesses actually led to downloads, and whether those downloads were in lieu of purchases.

Moreover, Defendant did not dispute that it has "extremely limited financial resources available

to pay any damages award" and that in 2014 it "generated under $100,000 in operating income

and had $248,000 in total net assets."  (ASTM PSMF ¶¶ 272–73).  Given that the Copyright Act

provides for statutory damages ranging from $750 to $30,000 for each of the standards at issue in

the overall case, or even up to $150,000 per infringement if Plaintiffs were to later prove that

infringement was committed willfully, Defendant's potential inability to pay is surely a factor

weighing towards equitable relief. *See* 17 U.S.C. § 504(c)(1)–(2).

### C.  <u>Balance of Hardships & Public Interest</u>

The court must weigh the likely harms faced by Plaintiffs described above with any harms faced by Defendant if an injunction is imposed.  Here, Defendant's CEO Carl Malamud was asked in his ASTM deposition what financial impact an injunction barring posting of the standards would have on Public Resource, and he responded "probably none."  (Malamud Dep. at 219:22–220:4 (Ex. 3 to Rubel Decl. (ASTM ECF No. 118-12))).  The only harm Mr. Malamud identified was that "one hates to have wasted that [] effort" that went into posting the standards online.  (*Id.*).  Without evidence of any additional harms, this factor weighs strongly in favor of an injunction.

Additionally, the public must not be disserved by the issuance of an injunction.  Here, the public interest is served by the policy interests that underlie the Copyright Act itself, namely the protection of financial incentives for the continued creation of valuable works, and the continued value in maintaining the public-private system in place in the U.S. to ensure continued development of technical standards.

Taken together, the court finds that injunctive relief is appropriate and that Defendant should be permanently barred from violating any of Plaintiffs' exclusive copyrights, including distributing, displaying, reproducing, or creating derivative works in the nine standards on which ASTM Plaintiffs moved for summary judgment and AERA Plaintiffs' 1999 Standards, as well as barred from any use of ASTM Plaintiffs' trademarks in connection with the posting of these standards online or elsewhere.

### V.  CONCLUSION

For the reasons set forth above, ASTM Plaintiffs' Motion is GRANTED, AERA

54

Plaintiffs' Motion is GRANTED IN PART and DENIED IN PART, and Defendant's Cross-

Motions are DENIED.


Date:  February 2, 2017


*Tanya S. Chutkan*
_____
TANYA S. CHUTKAN
United States District Judge

55